IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, )<br>         Plaintiff, ) | | Civil Case No. 3:17cv00790 (JAM) |
| v. ) | | |
| SS&C TECHNOLOGIES, INC., )<br>         Defendant. ) | | JUNE 21, 2017 |

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AFFIDAVITS</u>**

The Defendant SS&C Technologies, Inc. ("Defendant"), by and through undersigned counsel, submits this Memorandum of Law in support of its Motion to Compel the Plaintiff to submit affidavits from the general partners, limited liability companies, and individual members to support its claim of federal diversity jurisdiction. The Statement previously filed by the Plaintiff fails to adequately set forth facts necessary to establish domicile for purposes of invoking the Court's diversity jurisdiction, and further, is not supported by appropriate affidavit testimony, as required by Courts in this District.

The Court's Order to Show Cause Re: Basis for Federal Diversity Jurisdiction dated May 18, 2017 (Doc. No. 9), stated that the Plaintiff's "complaint alleges that the Court has diversity jurisdiction over this case in part on the ground that plaintiff Armour Capital Management LP is a limited partnership with two general partners that are limited liability companies with members from Florida." *Id.* "[T]he citizenship of a limited partnership must be determined by reference to all of its partners and not just its general partners . . . ." *Id.,* citing to *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-196 (1990). Thus, where a partner is a limited liability company, the Court must look to the

state of citizenship of each of its members.  *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC,* 692 F. 3d 42, 49 (2d Cir. 2012).   The Court "requested [the Plaintiff] to file a statement . . . identifying all of its partners and their respective states of citizenship." *Id.*

On May 19, 2017, the Plaintiff submitted a "Statement Regarding Basis for Federal Diversity Jurisdiction" (Doc. No. 14), purporting to comply with the Court's Order.  That statement, however, does not comply with the practice contemplated by the Courts in this District, because it was not accompanied by an affidavit as to the citizenship of either the Plaintiff or the limited partnerships and their individual members.  With respect to the individual members the Statement purported to identify their residence, but did not identify their domicile.

In this case the Court's jurisdiction is not readily apparent from the Plaintiff's Complaint or Statements.    From the plain language of the pleadings, the evidence of diversity jurisdiction is insufficient.  Neither the Complaint nor the Statement identified the domicile of the individual members.  The Plaintiff's Complaint alleges that the individual members of the limited liability companies are residents of Florida (paragraph 2), but "an individual's citizenship for diversity purposes is determined by his or her domicile, not residence. *Colony Ins. Co. v. Halprin*, No. 3:10-cv-1059 (D.Conn. 2010), 2010 WL 4116783, at *1.  "While an individual may have several residences, he or she can have only one domicile."  *Id.*, at *2. Thus, an individual's citizenship may not be inferred from his place of residence.  *Caro v. Fidelity Brokerage Services, LLC*, 3:12-cv-1066 (D. Conn. July 26, 2013), 2013 WL 3929708, at * 5.

2

> 'In general, the domicile of an individual is his true, fixed and permanent home and place of habitation' – i.e. 'the place to which, whenever he is absent, he has the intention of returning.' . . . it is well settled that although an individual may have several residences, he or she can have only one domicile at any one time. . . . 'The very meaning of domicil[e] is the technically preeminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined.'

*Ming Li, supra*, 2014 WL 3579469, at *4 (internal citations omitted).

The Plaintiff's "Statement" indicates that Plaintiff is composed of eleven partners in various states. However, the Plaintiff has failed to specify even the city or town of the claimed residence of the individual partners or members, let alone their domiciles. Without more detail the Defendant cannot test through a review of publicly available documents the accuracy of the facts asserted in the Statement that purport to support the Court's jurisdiction. Without adequate detail the Court cannot make a finding of domicile, and therefore cannot make a finding that subject matter jurisdiction exists.

Courts in this District have routinely required the plaintiff in such circumstances to submit an affidavit setting forth the identities and state(s) of citizenship of each member" member of the limited liability companies. *Walsh v. Lumivisions Architectural Elements Inc.*, No. 3:15cv1210(RNC), 2016 WL 111407, *2 (D. Conn. Jan. 11, 2016) (Order by Magistrate Judge Martinez); *Westchester Fire Insurance Company v. Enviroguard, LLC*, No. 3:13-CV-1620(CSH), 2013 WL 6002759, *4 (D. Conn. Nov. 12, 2013); and *Mazzeo v. American States Insurance Co.*, No. 3:14-cv-00361(CSH), 2014 WL 1154530, *3 (D. Conn. Mar. 21, 2014).[1]  Accordingly, counsel for the Defendant contacted Plaintiff's

---

[1] Other cases requiring the party seeking to invoke the court's diversity jurisdiction to submit affidavits have included, *inter alia*, *Marks Group, supra*; *Colony Ins. Co., supra*; *Shanshan Shao v. Beta Pharma, Inc.*, No. 3:14-cv-01177 (D. Conn. March 27, 2017), 2017 WL 113814; *Ferrara v. Munro*, No. 3:16-cv-950

3

counsel on June 2, 2017, and identified these cases that required an affidavit, and asked that the Plaintiff submit an appropriate affidavit or affidavits. Counsel for the Plaintiff has declined to do so.

Unlike personal jurisdiction, subject matter jurisdiction may not be waived. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F. 3d 697, 700 (2d Cir. 2000). The issue may be raised by the Court, *sua sponte*, or by the parties, and the Court must then determine whether subject matter jurisdiction indeed exists. *Manway Constr. Co. v. Housing Auth of Hartford,* 711 F. 2d 501 (2d Cir. 1983). Therefore, the Court should determine "'at the earliest opportunity'" whether subject matter jurisdiction in fact exists. *Marks Group, LLC v. Strathmore Ins. Co.*, No. 3:10-cv-1898(CSH) (D. Conn. 2011), 2011 WL 6100285, at *1, quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F. 3d 105, 107-08 (2d Cir. 1997).  Providing affidavits will go a long way toward determining whether diversity jurisdiction indeed exists, or may indicate either that jurisdiction does not exist or that jurisdictional discovery is needed.  The plaintiff should be required, at a minimum, to "make a prima facie showing of jurisdiction through its own affidavits and supporting materials" before the Court conducts a "full-blown evidentiary hearing." *Marine Midland Bank, N.A. v. Miller,* 664 F. 2d 899, 904 (2d Cir. 1981),

As the party claiming diversity jurisdiction, the Plaintiff "has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000)(citations omitted). Accordingly, inasmuch as the practice in this District is to require a plaintiff to submit a affidavits to support its allegations of federal

---

(D. Conn. Nov. 22, 2016), 2016 WL 6892073;*Ming Li v. Colonial BT, LLC,* No. 3:14-cv-999 (D. Conn. July 21, 2014), 2014 WL 3579469; *Caro, supra.*

diversity jurisdiction where limited partnerships and limited liability companies are involved, the Defendant submits that the Court should order the Plaintiff to file appropriate affidavits from each partner, limited liability company, and individual member setting forth sufficient facts from which the Court may determine domicile and citizenship. Should Plaintiff fail to file such affidavits, or should any affidavits filed fail to support a finding of domicile, Defendant submits the Court should dismiss the case for failure to establish diversity jurisdiction.

        Respectfully submitted,

        THE DEFENDANT,

        SS&C TECHNOLOGIES, INC.

By     /s/ *Jeffrey J. Mirman*
      Jeffrey J. Mirman (ct05433)
      Alexa T. Millinger (ct29800)
      HINCKLEY ALLEN & SNYDER, LLP
      20 Church Street, 18th Floor
      Hartford, CT   06103
      jmirman@hinckleyallen.com
      Telephone: (860) 331-2762
      Facsimile: (860) 278-3802
      Its Attorneys

**CERTIFICATION**

I hereby certify that on this June 21, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be send by email to all parties by operation of the Court's electronic filing system or by mail to any counsel or self-represented party unable to accept electronic filing, as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                  /s/ *Jeffrey J. Mirman*
                                           Jeffrey J. Mirman (ct05433)