IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, <br><br> Plaintiff, <br><br> v. <br><br> SS&C TECHNOLOGIES INC., <br><br> Defendant. | Case No. 17-cv-00790-JAM <br><br><br> June 29, 2017 |

**OPPOSITION TO MOTION TO COMPEL AFFIDAVITS (CM/ECF 23)**

Plaintiff, ARMOUR Capital Management LP ("ACM"), responds in opposition to Defendant, SS&C Technologies Inc.'s ("SS&C"), Motion to Compel Affidavits and Supporting Memorandum of Law (CM/ECF 23) ("Motion to Compel") and states:

## INTRODUCTION

SS&C demands that the Court order ACM to prepare and submit "appropriate affidavit testimony" to prove its partners' citizenship and, in turn, "to support its claim of federal diversity jurisdiction." Absent "appropriate affidavit[s]," SS&C demands that the Court dismiss this case.

SS&C's demands fail. First, the Court already has addressed federal diversity jurisdiction. Second, ACM already has adequately alleged jurisdiction, and SS&C's demands contravene Second Circuit case law. Finally, SS&C cites no binding authority requiring affidavits here.

## MEMORANDUM OF LAW

**1.    The Court Already Has Addressed Federal Diversity Jurisdiction.**

On May 18, 2017, the Court entered the following order regarding the adequacy of ACM's federal diversity-jurisdiction allegations (the "Order"), the issue in SS&C's Motion to Compel:

> ORDER TO SHOW CAUSE RE BASIS FOR FEDERAL DIVERSITY JURISDICTION. The complaint alleges that the Court has diversity jurisdiction over this case in part on the ground that plaintiff ARMOUR Capital Management LP is a limited partnership with two general partners that are limited liability companies with members from Florida. The complaint does not disclose whether there are any other partners of plaintiff ARMOUR Capital Management other than the two general partners. Because the citizenship of a limited partnership must be determined by reference to all of its partners and not just its general partners, the complaint does not allege sufficient facts for the Court to be certain of the basis for federal diversity jurisdiction in this case. See Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990). Accordingly, plaintiff is requested to file a statement by May 23, 2017, identifying all of its partners and their respective states of citizenship.

(CM/ECF 9.) The Court did not require ACM to submit affidavits about its partners' citizenship.

The next day May 19, 2017, ACM filed its Statement Regarding Basis for Federal Diversity Jurisdiction (CM/ECF 14) (the "Statement"). The Statement identified the "respective states of citizenship" of all of ACM's partners, as the Court required. (CM/ECF 14 at 1-3.)

Since that time, the Court has not entered any further orders regarding jurisdiction, including any order requiring ACM to support the Statement with affidavits.

**2.** **ACM's Allegations Are Adequate, and There Is No Basis for Affidavits Here.**

Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1); *see Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("diversity of citizenship 'should be distinctly and positively averred in the pleadings'"). ACM's Statement satisfies this requirement.

SS&C argues that ACM's allegations are inadequate because "the Statement purported to identify [the individual members'] residence, but . . . not . . . their domicile." (CM/ECF 23 at 2.) This is false. The Statement identified the "citizen[ship]" of ACM's partners, including individual members, as the Order required and SS&C recognizes is adequate. (*See* CM/ECF 23 at 1-3.)

Had SS&C *facially* challenged ACM's allegations through a motion to dismiss, the Court would construe the allegations as true and in ACM's favor, and the challenge would fail. *Johnson*

2

*v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013).  And importantly, ACM would bear *no* evidentiary burden.  *Carter v. Healthport Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).

SS&C alternatively could have *factually* challenged federal diversity-jurisdiction, which would shift the burden to ACM to respond with its own additional facts, such as affidavits.  *See Carter*, 822 F.3d at 56-57.  But to do so, the Second Circuit *first* requires SS&C to provide the Court with evidence outside the pleadings that contradicts ACM's jurisdictional allegations.  *Id.*

Here, SS&C has not provided the Court any such evidence, and so ACM cannot be required to submit the affidavits SS&C demands.  This makes sense because otherwise any defendant, without evidentiary basis, could force a plaintiff to *prove* jurisdiction at the pleadings stage—a requirement far in excess of the "short and plain statement" contemplated by Rule 8.[1]

**3.      There is No Binding Rule or Other Authority in this District Requiring Affidavits.**

Finally, SS&C claims that the Statement "does not comply with the practice contemplated by the Courts in this District, because it was not accompanied by an affidavit."  (CM/ECF 23 at 4.)  But just because *some* courts in this District previously have required such affidavits, it does not follow that *all* courts *must*.  Here, the Court's Order did not require affidavits.  No local or federal rule or other binding authority requires affidavits under the circumstances.  On the contrary, the Federal Rules provide that "a pleading need not be verified or accompanied by an affidavit," Fed. R. Civ. P. 11(a), and as stated, binding Second Circuit case law requires SS&C to first meet its own evidentiary threshold regarding federal-diversity jurisdiction before ACM must do so.

## CONCLUSION

Thus, ACM respectfully requests that the Court deny SS&C's Motion to Compel.

---

[1] To be sure, SS&C's Motion to Compel is not a discovery motion.  Discovery had not commenced (because the parties' Federal Rule of Civil Procedure 26(f) conference had not occurred) by the time SS&C filed its motion, and SS&C has yet to serve any discovery requests on ACM.

Case No. 17-cv-00790-JAM

Dated: June 29, 2017          Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Christopher M. Cerrito*
    Christopher M. Cerrito (ct17183)
    chris.cerrito@hklaw.com
    One Stamford Plaza
    263 Tressler Boulevard, Suite 1400
    Stamford, CT 06901
    Telephone: (203) 905-4500
    Facsimile: (203) 724-3944

and

By: */s/ Joseph Mamounas*
    Joseph Mamounas (phv09010)
    joseph.mamounas@hklaw.com
    Allison Kernisky (phv09011)
    allison.kernisky@hklaw.com
    701 Brickell Avenue, Suite 3300
    Miami, FL 33131
    Telephone: (305) 374-8500
    Facsimile: (305) 789-7799

*Counsel for ARMOUR Capital Management LP*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2017, a true and correct copy of this document was served by electronic and U.S. mail on all counsel of record.

By: */s/ Joseph Mamounas*
    Joseph Mamounas (phv09010)