IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SS&C TECHNOLOGIES, INC., ) <br> Defendant. ) | Civil Case No. 3:17cv00790 (JAM) <br><br><br><br><br><br> JULY 7, 2017 |

**REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL AFFIDAVITS**

Defendant SS&C Technologies, Inc. submits this Reply to Plaintiff Armour Capital Management LP's Opposition to Motion to Compel Affidavits (Doc. 32). The Court must, of course, determine that it has diversity jurisdiction based upon a sufficient set of underlying facts establishing the domicile of the Plaintiff, its limited partners, and the individual members of limited partnerships, limited liability companies, and trusts.

The Plaintiff is plainly wrong in asserting (Brief, p. 2) that it need do nothing more than set forth in its Complaint and Statement Regarding Jurisdiction "a short and plain statement of the grounds for the court's jurisdiction", and that it bears no evidentiary burden. If that were the case the Court would not have ordered the Plaintiff to submit a statement setting forth the underlying factual basis for the claim of diversity jurisdiction. The Plaintiff's Statement that the entities and individual members are citizens of a particular state is nothing more than a proposed conclusion of law, as the Statement contains no facts, such as the street address, or even the town, from which the Court may determine domiciles. Accordingly, the Plaintiff's citation to *Carter v. Healthport Techs., LLC*, 822 F. 3d 47, 56 (2d Cir. 2016) is inapposite, because the Court has already determined that the Complaint is facially inadequate. A Rule 12(b)(1)

motion to dismiss, then, was unnecessary.  Moreover, a Rule 12(b)(1) dismissal is without prejudice and the issue of jurisdiction may be raised at any time, with the burden always on the Plaintiff to establish the Court's jurisdiction.  *Weldon v. MTAG Services, LLC*, No. 3:16-cv-783(JCH), 2017 WL 776648, *7 (D. Conn. February 28, 2017).

The Plaintiff's refusal to provide affidavits suggests that one or more entities or individual members will not be able to establish domicile – and citizenship – so as to satisfy the requirement of complete diversity of citizenship.  This suggestion of lack of diversity is supported by the fact that the Plaintiff failed to disclose information in support of its claim of diversity jurisdiction in its initial disclosure provided on June 26, 2017 (copy attached as Exhibit A).

The Plaintiff acknowledges the established practice in this District of requiring affidavits, but argues without any basis that the practice should not apply to it.  The Court exercised its sound discretion in ordering the Plaintiff to submit a statement supporting the claim of diversity jurisdiction.  It follows that any such statement, including affidavits, must contain sufficient facts to support the claim of jurisdiction. The need for affidavits is not a matter of form over substance.  Providing affidavits may permit the parties to avoid protracted discovery on the issue of jurisdiction.  The Plaintiff is anxious to begin merits discovery, but the issue of jurisdiction is better resolved sooner rather than later.  If the Court declines to order the Plaintiff to provide affidavits, then the Defendant will be compelled to seek to conduct jurisdictional discovery before any merits discovery begins.  See *Protegrity Corp. v. Prime Factors, Inc.*, No. 3:13-cv-01384(JAM), 2014 U.S. Dist. LEXIS 108851 (D. Conn. Aug. 7, 2014)(staying merits discovery pending decision on jurisdiction).

For all the foregoing reasons, as well as those set forth in our earlier Motion to Compel Affidavits, the Defendant submits that the Court should Order the Plaintiff to submit affidavits purporting to establish the domicile of the Plaintiff, its eleven partners, the individual members of each limited partnership, each trust, and each trustee in support of its claim that the Court has diversity jurisdiction over this matter. The affidavits should include, at a minimum, the street address, city and state of each entity or individual.

Respectfully submitted,

THE DEFENDANT,

SS&C TECHNOLOGIES, INC.

By  /s/ *Jeffrey J. Mirman*
Jeffrey J. Mirman (ct05433)
Alexa T. Millinger (ct29800)
HINCKLEY ALLEN & SNYDER, LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
jmirman@hinckleyallen.com
Telephone: (860) 331-2762
Facsimile: (860) 278-3802

Kevin J. O'Connor (phv09058)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
koconnor@hinckleyallen.com
Telephone: (617) 378-4394
Facsimile: (617) 345-9020

Its Attorneys

3

## CERTIFICATION

I hereby certify that on July 7, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be send by email to all parties by operation of the Court's electronic filing system or by mail to any counsel or self-represented party unable to accept electronic filing, as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ *Jeffrey J. Mirman*
                                   Jeffrey J. Mirman (ct05433)