# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP,<br><br>Plaintiff,<br><br>v.<br><br>SS&C TECHNOLOGIES INC.,<br><br>Defendant. | Case No. 17-cv-00790-JAM<br><br><br><br>June 26, 2017 |

## ARMOUR CAPITAL MANAGEMENT LP'S INITIAL DISCLOSURES

Plaintiff, ARMOUR Capital Management LP ("ACM"), serves these Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**A.     Individuals Likely to Have Discoverable Information.**

Listed below are the names and, if known, the addresses and telephone numbers of persons who ACM believes at this time may have information that ACM may use to support its claims:

| Name | Subject of Information Known by Witness | Address and Telephone Number |
|---|---|---|
| Jim Mountain and Mark Gruber. | SS&C's marketing efforts to ACM regarding CAMRA;[1] Master Services Agreement between ACM and SS&C; SS&C's inability to implement CAMRA; remedies sought by ACM to address such inability; payments by ACM to SS&C; damages incurred by ACM for SS&C's conduct. | ARMOUR Capital Management LP c/o Holland & Knight LLP 701 Brickell Avenue Suite 3300 Miami, FL 33131 (305) 789-7491 |

---

[1] All capitalized terms have the same meaning as in ACM's May 15, 2017 Complaint and Demand for Jury Trial (the "Complaint").

1

Case No. 17-cv-00790-JAM

| Name | Subject of Information Known by Witness | Address and Telephone Number |
|---|---|---|
| Jonna Terry, Shane Rand, Alicia Hill, Richard Edwards, Amber Smith, Kristin Davies, Cory Graley, and Trevor Spicer. | Problems using CAMRA; SS&C's inability to implement CAMRA; time spent by ACM assisting SS&C with CAMRA; ACM's continued use of its existing system due to SS&C's inability to implement CAMRA; turnover of SS&C support staff; SS&C's Client Services Team and its failed implementation of CAMRA. | Same as above. |
| Current and former employees of SS&C, including but not limited to Normand Boulanger, Timothy Reilly, Adriana Johnson, Dennis Moore, Daniel Pallone, David Russell, Iwona Olszewska, Tony Gonzalez, David Reid, Jeffrey Castiglioni, Andrew Voutsinas, Scott Rice, Stanley Szczepanik, Donald Johnson, Fathima Mahamoon, Michael Doyle, Joshua Brown, Jason Holmes, Ross Pieper, Keith Taylor, Sasha DeMarino, Steve DeFrancesco, Manoj Chacko, Michelle Crochetiere, Michael Blake, Daniel Massih, Joanne Ferretti, and David LaMonica. | Allegations in Complaint. | 80 Lamberton Road Windsor, CT 06095 Phone: (860) 298-4832 |
| All persons identified in Defendant's Rule 26(a)(1) Disclosures. | May have knowledge concerning issues in the litigation. | Unknown |

2

Case No. 17-cv-00790-JAM

| Name | Subject of Information Known by Witness | Address and Telephone Number |
|---|---|---|
| BNY Mellon | Requests from SS&C for information or data relating to CAMRA for ACM. | 11486 Corporate Blvd. Orlando, FL 32817 (407) 208-4123 |
| Citi Prime Finance | Requests from SS&C for information or data relating to CAMRA for ACM. | 390 Greenwich St., 3rd Floor New York, NY 10013 (212) 723-5517 |
| SS&C customers other than ACM who used CAMRA. | Complaints, failures, accidents, incidents, problems damages, or similar occurrences with CAMRA; pending or threatened lawsuits or other claims involving CAMRA. | Unknown |

**B.     Documents, Electronically Stored Information, and Tangible Things.**

ACM has produced with these Initial Disclosures documents numbered ACM-0000001 through ACM-0025227, which are records within ACM's possession, custody or control and which may be used to support its claims in this action. Other documents may have discoverable information relating to this case. ACM reserves the right to supplement or amend this response.

**C.     Computation of Damages.**

ACM has paid more than $1.78 million to SS&C for products and services that it has never been able to use. ACM has also incurred other losses, including but not limited to at least about $500,000, based on 4,000 hours of employee time spent trying to assist SS&C with the implementation of CAMRA and other damages flowing from ACM's inability to use CAMRA. Accordingly, ACM is entitled to no less than $2.28 million, together with pre- and post-judgment interest, punitive damages, and attorney's fees and costs.

**D.     Insurance Agreements.**

There are no applicable insurance policies.

3

Case No. 17-cv-00790-JAM

\* \* \*

ACM provides these initial disclosures based on information that is currently available to it after reasonable inquiry. ACM reserves the right to amend or supplement its disclosures to conform to information and documents which it may obtain through discovery and investigation, in accordance with the Federal Rules of Civil Procedure and U.S. District Court District of Connecticut Local Rules.

Dated: June 26, 2017   **HOLLAND & KNIGHT LLP**

By: */s/ Christopher M. Cerrito*
   Christopher M. Cerrito (ct17183)
   chris.cerrito@hklaw.com
   One Stamford Plaza
   263 Tressler Boulevard, Suite 1400
   Stamford, CT 06901
   Telephone: (203) 905-4500
   Facsimile: (203) 724-3944

and

By: */s/ Allison Kernisky*
   Joseph Mamounas (phv09010)
   joseph.mamounas@hklaw.com
   Allison Kernisky (phv09011)
   allison.kernisky@hklaw.com
   701 Brickell Avenue, Suite 3300
   Miami, FL 33131
   Telephone: (305) 374-8500
   Facsimile: (305) 789-7799

*Counsel for ARMOUR Capital Management LP*

Case No. 17-cv-00790-JAM

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2017, a true and correct copy of this document was served by electronic and U.S. mail on all counsel of record.

By: */s/ Allison Kernisky*
Allison Kernisky (phv09011)

5