# Exhibit A

Request Nos. 19 and 20 from ARMOUR Capital Management LP's ("ACM") First Request for Production to SS&C Technologies, Inc. ("SS&C"), served June 26, 2017, and SS&C's Responses and Objections, served July 26, 2017:

> 19. All Documents, including Communications, reflecting or relating to the uncompleted implementation of CAMRA for any Person other than ACM.
>
> **OBJECTIONS AND RESPONSE:**
>
> SS&C objects to Request No. 19 on the grounds that the Request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calculated to harass, and not proportionate to the needs of this case. SS&C also objects to the extent the Request calls for confidential, proprietary or trade secret documents or information, and/or documents or information protected by the attorney client-privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege.
>
> 20. All Documents, including Communications, reflecting or relating to any complaints, failures, accidents, incidents, problems, damages, or similar occurrences with CAMRA that did not involve ACM.
>
> **OBJECTIONS AND RESPONSE:**
>
> SS&C objects to Request No. 20 on the grounds that the Request is vague, unclear, overly broad, not reasonably calculated to lead to the discovery of admissible evidence, calculated to harass, and not proportionate to the needs of this case. SS&C also objects to the extent the Request calls for confidential, proprietary or trade secret documents or information, and/or documents or information protected by the attorney client-privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege.

Interrogatory Nos. 3-6 from ACM's First Set of Interrogatories, served June 26, 2017, and SS&C's Responses and Objections, served July 26, 2017:

> 3. Identify the Contact Information for all Persons, including any mortgage REITs, that ever have used or currently are using CAMRA. For each Person You identify, state (a) the length of time from the execution of Your contract with such Person until CAMRA was fully implemented and (b) whether CAMRA was hosted by such Person, hosted by You, operated by You as an outsourced service, or provided by some other mechanism.
>
> **OBJECTIONS AND RESPONSE:**
>
> In addition to the General Objections, SS&C objects to Interrogatory No. 3 on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calculated to harass, seeks information that is not relevant to any claim or defense asserted in this matter, seeks confidential and proprietary information and trade secrets, and is not proportionate to the needs of this case. SS&C also objects to Interrogatory No. 3 because the phrase "ever have used or currently are using CAMRA" is vague and unclear.
>
> Subject to and without waiving the foregoing objections, SS&C states that Plaintiff has used CAMRA, and SS&C uses CAMRA. SS&C also refers Plaintiff to the list of Persons with knowledge of relevant facts and the categories of facts described in SS&C's Initial Disclosures, as well as information contained the documents produced in this action by Plaintiff, and the documents SS&C produces in response to Plaintiff's document requests.

3

4. Identify the Contact Information for all Persons other than ACM for which CAMRA was attempted to be, but ultimately was not, fully implemented. For each Person You identify, state (a) the length of time from the execution of Your contract with such Person until work to fully implement CAMRA ended, (b) whether CAMRA was (or was intended to be) hosted by such Person, hosted by You, operated by You as an outsourced service, or provided by some other mechanism, and (c) the reasons that CAMRA was not fully implemented.

**OBJECTIONS AND RESPONSE:**

**In addition to the General Objections, SS&C objects to Interrogatory No. 4 on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calculated to harass, seeks information that is not relevant to any claim or defense asserted in this matter, seeks confidential and proprietary information and trade secrets, and is not proportionate to the needs of this case.**

5. Identify the Contact Information for all Persons other than ACM for which You have any knowledge or belief about any complaints, failures, accidents, incidents, problems, damages, or similar occurrences with CAMRA, including all Persons who have discontinued their use of CAMRA. For each Person You identify, state the date of and describe each such complaint, failure, accident, incident, problem, damage, discontinuance or similar occurrence with CAMRA.

**OBJECTIONS AND RESPONSE:**

**In addition to the General Objections, SS&C objects to Interrogatory No. 5 on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calculated to harass, seeks information that is not relevant to any claim or defense asserted in this matter, seeks confidential and proprietary information and trade secrets, and is not proportionate to the needs of this case. SS&C further objects to interrogatory No. 5 because the terms "complaints," "failures," "accidents," "incidents," "problems," "damages," and "similar occurrences" are unduly vague and unclear.**

4

6. Identify the Contact Information for all Persons other than ACM who use or used CAMRA on an outsourced basis in which SS&C personnel operate and maintain, or provide substantial direct support for the operation and maintenance of CAMRA. Identify when each Person began using CAMRA on an outsourced basis, whether such Person had previously attempted to implement or use CAMRA on some other basis of operation, and when such attempt began.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, SS&C objects to Interrogatory No. 6 on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calculated to harass, seeks information that is not relevant to any claim or defense asserted in this matter, seeks confidential and proprietary information and trade secrets, and is not proportionate to the needs of this case.