# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Joseph Mamounas
305-789-7491
joseph.mamounas@hklaw.com


November 15, 2017

*Via CM/ECF*

Honorable Jeffrey A. Meyer
Richard C. Lee United States Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

      Re:    *ARMOUR Capital Mgmt. LP v. SS&C Techs. Inc.*, Case No. 17-cv-00790-JAM.

Dear Judge Meyer:

      Per the Court's instructions during yesterday's oral argument, we respectfully submit the enclosed supplemental authority on behalf of ACM, in opposition to SS&C's MTD.[1]

      Connecticut law provides that the time of a services contract's completion—and not injury—may determine when breach occurs such that a party may bring an action. *See Calabrese v. Finno Dev.*, No. CV990151991S, 2001 WL 590029, at *2 (Conn. Super. Ct. May 14, 2001) ("In this case plaintiffs could have first maintained an action when the contract was completed, i.e., when the construction on the entire house was completed and the title was transferred to the plaintiffs."); *Skidmore, Owings & Merrill v. Conn. Gen. Life Ins. Co.*, 197 A.2d 83, 93-94 (Conn. Super. Ct. 1963) ("'When, however, the injurious consequences arise from a course of treatment, the statute does not begin to run until the treatment is terminated.'") (citation omitted).

      At least one court has applied this principle to a one-year limitations period in a software contract to find that breach claims were not time barred. *SER Solutions, Inc. v. Masco Corp.*, 103 F. App'x 483, 485-86 (4th Cir. July 1, 2004) (where "parties established a schedule under which the target date for completion of installation would be August 1, 2001," which was not met, it was not until May 14, 2002, when client "sent a formal letter of termination," that it "first possessed a claim . . . for breach of contract," and thus December 2002 claim was timely). And, relatedly, another court, also in addressing a one-year contractual limitations period, found December 2005 claims timely, although software was "to be installed" by June 2003, because in the context of "a contract . . . for continuing performance over a period of time, each breach may begin the running of the statute anew such that accrual occurs continuously." *Ross Network, Inc. v. RSM McGladrey, Inc.*, No. 19475-05, 2006 WL 1160007, at *2-3 (N.Y. Sup. Ct. May 1, 2006).

---

[1] All capitalized terms have the same meaning as in ACM's Opposition to Motion to Dismiss (ECF No. 49).

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Hon. Jeffrey A. Meyer
November 15, 2017
Page 2

      The Amended Complaint alleges that the Master Agreement between ACM and SS&C remained in "full force and effect" through May 1, 2017, and ACM continued paying SS&C during that time. (*See, e.g.*, Am. Compl. ¶¶50-54.) Likewise, SS&C claimed at yesterday's argument that it provided ACM "substantial continuous commitment" to ACM through that time. Applying the above principles here—and *in addition* to the parties' "refreshment" of their relationship in Work Requests 2 and 3—this means that ACM could not have known (or be said to reasonably should have known, especially on motion to dismiss) of a breach of the Master Agreement until ACM terminated on May 1, 2017, or at a minimum, SS&C committed breaches within one year of this action's filing on May 15, 2017, such that in either case, this action is timely.

      For the foregoing reasons, and for all the reasons cited in its Opposition, ACM respectfully requests that the Court deny SS&C's MTD (or, at a minimum, grant ACM leave to amend any such claims that the Court is inclined to dismiss).

                                      Respectfully submitted,

                                      HOLLAND & KNIGHT LLP

                                    /s/Joseph Mamounas

CC:    All counsel of record.