# Exhibit E

HINCKLEY
ALLEN

20 Church Street
Hartford, CT 06103-1221

p: 860-725-6200  f: 860-278-3802
hinckleyallen.com

**Kevin J. O'Connor**
*koconnor@hinckleyallen.com*
(617) 345-9000

February 23, 2018

Armour Residential REIT, Inc.
3001 Ocean Drive, Suite 201
Vero Beach, FL 32963-1992

**Re:  Third Party Subpoena in the Matter**
   **Armour Capital Management LP v. SS&C Technologies, Inc.**
   **C.A. No. 3:17-CV-00790 (JAM)**

Dear Sir/Madam:

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 45, on March 9 at 10:00 a.m., at the Embassy Suites by Hilton West Palm Beach Central, West Palm Beach, FL, or an alternate date or time to be agreed-upon, you will be required to designate a corporate representative to appear for a deposition to testify on behalf of the company in accordance with the enclosed subpoena and topics listed at Exhibit A, and produce documents in accordance with Exhibit B.

Should you have any questions with regard to this matter, please do not hesitate to contact me. Thank you.

Sincerely,

HINCKLEY, ALLEN & SNYDER, LLP

*Kevin J. O'Connor*

KJO/cz
Enclosures

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | |
|---|---|
| Armour Capital Management, LP | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:17-CV-00790 |
| SS&C Technologies, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Armour Residential REIT, Inc., 3001 Ocean Drive, Suite 201, Vero Beach, FL 32963-1992

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A, attached.

| Place:   Embassy Suites by Hilton West Palm Beach Central<br>       1601 Belvedere Rd.<br>       West Palm Beach, FL (or location to be agreed upon) | Date and Time:<br>       03/09/2018 10:00 am |
|---|---|

The deposition will be recorded by this method:    stenographer and videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

       See Exhibit B, attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/23/2018

            *CLERK OF COURT*

                                     OR

                                            /s/ Kevin J. O'Connor

| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
|---|---|

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
SS&C Technologies, Inc.                                           , who issues or requests this subpoena, are:

Kevin J. O'Connor, Hinckley Allen & Snyder, 28 State Street, Boston, MA, (617)378-4394, koconnor@hinckleyallen.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:17-CV-00790

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For purposes of this subpoena, the following definitions and instructions shall apply:

A.      The connectives "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

B.      The words "any" and "all" shall include "each and every."

C.      The term "Armour" means and includes Armour Capital Management, LP and any and all predecessors, successors, divisions, or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, and all other persons acting or purporting to act, who have acted or who have purported to have acted on behalf of any of the foregoing.

D.      The term "You" or "Your" means Armour Residential REIT, Inc. and any and all predecessors, successors, divisions, or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, and all other persons acting or purporting to act, who have acted or who have purported to have acted on behalf of any of the foregoing.

E.      The term "Javelin" means Javelin Mortgage Investment Corp., and any and all predecessors, successors, divisions, or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, and all other persons acting or purporting to act, who have acted or who have purported to have acted on behalf of any of the foregoing.

1

F.     The term "SS&C" means and includes SS&C Technologies, Inc. and any and all predecessors, successors, divisions, or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, and all other persons acting or purporting to act, who have acted or who have purported to have acted on behalf of any of the foregoing.

G.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

H.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

I.     The terms "document" and "documents" shall have the meanings set forth in the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 26 and 34 and shall include writings and recordings of any kind, formal or informal, and items of any sort containing information, data, or data compilations, including electronic data, electronically stored information and electronic mail, sound records and images and shall include both paper and electronic versions of the records regardless of their format or means of storage.

J.     The terms "including" and "includes" means "without limitation" and "by way of example only."

K.     The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

L.     Any word written in the singular shall be construed as plural or vice versa so as to construe a discovery request as broadly as possible.

2

M.  Pursuant to Fed. R. Civ. P. 45(c), You shall produce the requested documents as they are kept in the usual course of business or shall organize and label them to correspond within the categories in this request.

N.  If You withhold any requested document as privileged, set forth the privilege claimed and the facts upon which you rely to support the claim of privilege. For each document for which privilege is claimed, include at least the following information:

> (i) a brief description of the nature and subject matter of the document, including the title and type of document (e.g., letter, memorandum, drawing, report, meeting minutes, etc.)
>
> (ii) the date appearing on the document or information and if no date appears thereon the schedule shall so state and shall give the date, or approximate date, on which the document was prepared;
>
> (iii) the identity of the document's author(s), including the designation of "Esq." after any attorney;
>
> (iv) the identity of the person(s) to whom the document is addressed, including all person(s) who received copies, including the designation of "Esq." after any attorney;
>
> (v) the identity of the person(s) to whom the document was in fact sent, including the designation of "Esq." after any attorney; and;
>
> (vi) the Request to which the document or withheld information is otherwise responsive.

O.  When a request seeks documents not in Your actual possession, custody, or control, but You have information and/or belief that the information or documents are available elsewhere, identify the person(s) having such knowledge or possessing such documents.

P.  Unless otherwise indicated, this Subpoena requires production of all responsive documents created or sent at any time from **January 1, 2013 to present and testimony concerning documents and events created, occurring or used during the same time period**.

3

## TOPICS OF TESTIMONY

1. The terms of all agreements and contracts between You and Javelin or Armour.

2. All documents and internal and external communications concerning Armour's financial reporting and related systems for You or Javelin, including Armour's accounting methodology, accounting controls, asset accounting, asset accounting technology and solutions, back-office or middle office operations or personnel, asset valuations, and financial reporting for You or Javelin.

3. All documents and internal and external communications concerning the adequacy of, problems or issues identified with, or the actual or potential improvement of, Armour's financial reporting systems or controls for You or Javelin, including Armour's accounting methodology, accounting controls, asset accounting, asset accounting technology and solutions, back-office or middle office operations or personnel, asset valuations, and financial reporting for You or Javelin.

4. All documents and internal and external communications concerning any evaluation of Armour's internal controls concerning its financial reporting systems, processes or personnel for You or Javelin, including for purposes of the Sarbanes-Oxley Act or otherwise.

5. Any and all identified internal financial control weaknesses on the part of Armour, You, or Javelin from January 1, 2013 to the present, including all documents and communications related thereto.

6. All documents and internal and external communications concerning all amounts paid from You to Armour from January 1, 2013 to the present, and the basis for all such payments.

4

7.     All documents and internal and external communications concerning Armour's relationship with SS&C, including but not limited to Armour's potential or actual decision to contract with SS&C, remain engaged with SS&C, or terminate any contract with SS&C.

8.     All documents and internal and external communications concerning CAMRA.

9.     All documents and internal and external communications concerning Armour's actual or prospective merger with, or acquisition of, Javelin and any related accounting elections, issues, or concerns.

10.    All written or oral communications, documents, presentations, draft and final minutes, or other documents, involving, prepared by or presented to the Audit Committee of Your Board of Directors or that of Javelin, concerning SS&C, CAMRA, or any actual or potential issues or concerns regarding financial controls, internal or external financial reporting, the adequacy or effectiveness of Armour's middle-or back-office operations, or the adequacy or effectiveness of its asset-accounting software or solutions for You or Javelin.

11.    All documents and internal and external communications concerning this litigation.

5

## EXHIBIT B

## DEFINITIONS AND INSTRUCTIONS

For purposes of this subpoena, the following definitions and instructions shall apply:

A.     The connectives "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

B.     The words "any" and "all" shall include "each and every."

C.     The term "Armour" means and includes Armour Capital Management, LP and any and all predecessors, successors, divisions, or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, and all other persons acting or purporting to act, who have acted or who have purported to have acted on behalf of any of the foregoing.

D.     The term "You" or "Your" means Armour Residential REIT, Inc. and any and all predecessors, successors, divisions, or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, and all other persons acting or purporting to act, who have acted or who have purported to have acted on behalf of any of the foregoing.

E.     The term "Javelin" means Javelin Mortgage Investment Corp., and any and all predecessors, successors, divisions, or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, and all other persons acting or purporting to act, who have acted or who have purported to have acted on behalf of any of the foregoing.

1

F.      The term "SS&C" means and includes SS&C Technologies, Inc. and any and all predecessors, successors, divisions, or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, and all other persons acting or purporting to act, who have acted or who have purported to have acted on behalf of any of the foregoing.

G.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

H.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

I.      The terms "document" and "documents" shall have the meanings set forth in the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 26 and 34 and shall include writings and recordings of any kind, formal or informal, and items of any sort containing information, data, or data compilations, including electronic data, electronically stored information and electronic mail, sound records and images and shall include both paper and electronic versions of the records regardless of their format or means of storage.

J.      The terms "including" and "includes" means "without limitation" and "by way of example only."

K.      The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

L.      Any word written in the singular shall be construed as plural or vice versa so as to construe a discovery request as broadly as possible.

M.     Pursuant to Fed. R. Civ. P. 45(c), You shall produce the requested documents as
they are kept in the usual course of business or shall organize and label them to correspond
within the categories in this request.

N.     If You withhold any requested document as privileged, set forth the privilege
claimed and the facts upon which you rely to support the claim of privilege. For each document
for which privilege is claimed, include at least the following information:

> (i) a brief description of the nature and subject matter of the
> document, including the title and type of document (e.g., letter,
> memorandum, drawing, report, meeting minutes, etc.)
>
> (ii) the date appearing on the document or information and if no date
> appears thereon the schedule shall so state and shall give the date,
> or approximate date, on which the document was prepared;
>
> (iii)the identity of the document's author(s), including the designation
> of "Esq." after any attorney;
>
> (iv)the identity of the person(s) to whom the document is addressed,
> including all person(s) who received copies, including the
> designation of "Esq." after any attorney;
>
> (v) the identity of the person(s) to whom the document was in fact
> sent, including the designation of "Esq." after any attorney; and;
>
> (vi)the Request to which the document or withheld information is
> otherwise responsive.

O.     When a request seeks documents not in Your actual possession, custody, or
control, but You have information and/or belief that the information or documents are available
elsewhere, identify the person(s) having such knowledge or possessing such documents.

P.     Unless otherwise indicated, this Subpoena requires production of all responsive
documents created or sent at any time from **January 1, 2013 to present**.

## REQUESTS FOR PRODUCTION

1.      All documents concerning the terms of all agreements and contracts between You and Javelin or Armour.

2.      All documents concerning the performance, adequacy, or any deficiencies or needs for improvement of Armour's financial reporting and related systems, or middle- or back-office support or operations, for You or Javelin, including Armour's accounting methodology, accounting controls, asset accounting, asset valuations, asset accounting technology and solutions, and financial reporting for You or Javelin.

3.      All documents concerning any evaluation of Armour's internal controls concerning its financial reporting systems or processes for You or Javelin, including for purposes of the Sarbanes-Oxley Act or otherwise.

4.      All documents concerning any actual or potential internal financial control weaknesses on the part of Armour, You, or Javelin.

5.      All documents concerning all amounts paid from You to Armour from January 1, 2013 to the present, and the basis for all such payments.

6.      All documents concerning Armour's compensation of any Armour employees.

7.      All documents concerning Armour's relationship with SS&C, including but not limited to Armour's potential or actual decision to contract with SS&C, remain engaged with SS&C, or terminate any contract with SS&C.

8.      All documents concerning CAMRA.

9.      All documents concerning any accounting issues, elections or decisions concerning Armour's actual or prospective merger with, or acquisition of, Javelin.

10. All packets of documents, presentations, draft and final minutes, or other documents, prepared by or presented to the Audit Committee of Your Board of Directors or that of Javelin in connection with any meeting of Your Audit Committee or that of Javelin, and any related communications, concerning SS&C, CAMRA, or any actual or potential issues or concerns regarding financial controls, internal or external financial reporting, the adequacy or effectiveness of Armour's middle- or back-office operations, or the adequacy or effectiveness of its asset-accounting software or solutions for You or Javelin.

11. All packets of documents, presentations, draft and final minutes, or other documents, prepared by or presented to Your Board of Directors or that of Javelin concerning SS&C, CAMRA, or any actual or potential issues or concerns regarding financial controls, internal or external financial reporting, the adequacy or effectiveness of Armour's middle- or back-office operations, or the adequacy or effectiveness of its asset-accounting software or solutions for You or Javelin, and any related communications.

5