# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Allison Kernisky
305-349-2175
allison.kernisky@hklaw.com

March 2, 2018

*Via CM/ECF*

Honorable Jeffrey A. Meyer
U.S. District Judge, District of Connecticut
Richard C. Lee United States Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

Re: *ARMOUR Capital Mgmt. LP v. SS&C Techs. Inc.*, No. 17-cv-00790-JAM.

Dear Judge Meyer:

ACM respectfully responds in brief rejoinder to SS&C's March 1, 2016 letter brief.[1]

At the September 2017 hearing, the Court predicted additional discovery might come to light that would substantiate ACM's need for documents on problems and delays with the implementations for other SS&C clients. *See* Sept. 29, 2017 Hearing Tr. at 30 ("And if it turns out that there is a reason to think that there is some other company out there, that there were similar kinds of complaints or concerns, then you'll have a fuller record to make.").

This is exactly what has happened. SS&C told ACM there were no other uncompleted implementations. But the truth is there was one, Bimini, which SS&C's Tim Reilly referred to, with ACM, Fortress, and Resource, as the "4 problem REIT implementations." ACM seeks discovery on the implementations for those "licensed REIT clients" because *SS&C* grouped them together. This discovery falls squarely within the Court's September 29, 2017 order.

ACM's need for this discovery is all the more urgent given SS&C's improper withholding of Bimini[2] documents. Only SS&C's internal documents can tell the true story of what was delaying implementations for Bimini, Resource, and Fortress (as well as ACM) and the impact of those events on ACM. SS&C's resource allocation issues were one cause; discovery may reveal others. This discovery is relevant to SS&C's notice and defects, too.

---

[1] Capitalized terms have the same meaning as in ACM's March 1, 2017 letter brief (ECF No. 68).

[2] Ignoring the irrelevance of relationships between ACM and Bimini executives, ACM must correct one of SS&C's wrong assertions: ACM never shared mutual ownership with Bimini.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Hon. Jeffrey A. Meyer
March 2, 2018
Page 2

Other symptoms of SS&C's delayed and failed implementations also are probative of these issues. Leadership changes within Professional Services—SS&C's implementation team—and the relationship between it and Sales are critical. Three different people ran Professional Services within roughly a 12-month period from late 2015 to late 2016, as ACM's implementation continued to fail. This is hardly a coincidence. Nor is the fact the first of these individuals, Ms. Olszewska, believed Sales was compromising her team's work and making it difficult, a viewpoint held by other executives at SS&C.

SS&C's subpoenas to ARMOUR Residential REIT Inc. and Deloitte should be quashed because SS&C still has not proffered a valid predicate. Lastly, SS&C has not yet produced the "Implementation Playbook." If the Court orders additional production, ACM will likely question SS&C's witnesses, including Ms. Olszewska and Mr. Pallone, about at least some of it. These contingencies prevent ACM from estimating with finality how long questioning those two witnesses will last, although ACM presently believes two hours each will suffice.

Respectfully submitted,

HOLLAND & KNIGHT LLP

Allison Kernisky

CC:   All counsel of record.