

20 Church Street
Hartford, CT 06103-1221

p: 860-725-6200  f: 860-278-3802
hinckleyallen.com

March 2, 2018

**VIA CM/ECF ELECTRONIC FILING**

Honorable Jeffrey Alker Meyer
Richard C. Lee United States Courthouse
141 Church Street
New Haven, Connecticut 06510

   Re: <u>Civil Docket No. 17cv790</u>
      <u>*Armour Capital Management, LP v. SS&C Technologies, Inc.*</u>

Dear Judge Meyer:

  Please accept the following as Defendant SS&C Technologies, Inc.'s ("SS&C") reply brief to Plaintiff Armour Capital Management, LP's ("ACM") letter brief ("ACM's Brief") filed March 1, 2018. (Dkt. No. 65.)

  ACM's purported predicate for their superfluous discovery requests rests on a characterization of the case that is wholly incongruous with the facts. ACM cherry-picked portions of sentences from SS&C's more than 150,000 pages of documents and emails, not to mention its witnesses' deposition testimony in an attempt to support a wide array of strained theories as to why ACM's implementation was delayed. As ACM failed to plead its putative theories, or amend its Complaint, it is clear that ACM is on a fishing expedition with no end in sight. The record is clear that eight months into discovery, ACM has yet to uncover any evidence—admissible or otherwise—to support any of its thinly vailed allegations. The purpose of discovery is not to allow the plaintiff the opportunity to determine if their claims have any legitimacy. SS&C's responses to ACM's specific arguments are outlined below.

- ***ACM is not entitled to additional discovery as SS&C does not have any "systematic problems."\***

  ACM twists SS&C's emails to paint a patently inaccurate picture of SS&C's implementation team. ACM claims that it is entitled to additional discovery because recent discovery obtained has shown that SS&C's approach to implementing CAMRA for REIT clients was "helter-skelter." (ACM's Brief, p. 2). ACM strings together pieces of testimony and emails – most of which is out-of-context – from SS&C executives to suggest that normal staffing and collaboration issues and daily frustrations that any large business suffers from are somehow linked to a failure of ACM's implementation. Again, SS&C has produced more than 150,000 pages of documents and emails.

  The reality is that SS&C has been providing CAMRA implementations for thirty years, and CAMRA is the most popular product among mortgage REITs. The allegation that SS&C has "systemic problems" is

Honorable Jeffrey A. Meyer
March 2, 2018
Page 2

untethered from the evidence. ACM deposed SS&C's employees on these very issues and their testimony in no way supported that allegation. ACM should not be entitled to intrusive and burdensome discovery on SS&C's other clients based on a false narrative. Finally, ACM supported its argument by improperly quoting from documents that SS&C designated confidential. ACM's demand for additional discovery should be denied for this reason alone.

- *ACM is not entitled to unfettered discovery into Bimini*

ACM claims that SS&C "knew that it was required to produce Bimini documents under the September 29, 2017 order but withheld them on a misleading premise." (ACM's Brief, p. 3). This is completely false. First, as SS&C stated in its brief, Bimini was not, and is not, dissatisfied with CAMRA. Regardless, SS&C already produced documents related to Bimini. ACM is not entitled to unfettered access into SS&C's relationship with Bimini. Hunter Haas' affidavit, while it arguably meets the threshold established by this Court on September 29, 2017, raises serious credibility issues based on Haas and Bimini's relationship with ACM and its executives. Further, ACM's persistence into Bimini's implementation is a sideshow to divert attention from ACM's lack of support for their claims. Bimini is a current, paying customer of SS&C and, to the best of SS&C's knowledge, is satisfied with its services. But regardless, SS&C has repeatedly argued and its witnesses have testified to a key principle that bears repeating: every implementation is highly fact-specific and distinct based on a *wide* variety of factors. Notwithstanding, SS&C will produce select documents related to resource allocation issues with respect to Bimini as requested by ACM, subject to narrowed search terms.

- *ACM is not entitled to discovery regarding Fortress or Resource*

ACM has not and cannot show any relevance between SS&C's implementations for other clients and ACM's implementation. ACM's demand for SS&C to review an additional 400,000 documents is grossly disproportionate to the needs of the case. ACM broadly and vaguely argues that documents related to Resource and Fortress are probative of "the reasons ACM's implementation failed and SS&C's breach of its contract with ACM." (ACM brief, p. 3). That sentence is nothing more than an illusory description of ACM's entire Complaint. ACM is not seeking additional discovery to support any legal argument they plan to make, but rather to find *something* that supports their original allegations.

Similarly, ACM claims that the documents it requests are probative of "the truth of SS&C's pre-contract misrepresentations that hosting was appropriate and SS&C had the qualifications and experience to implement CAMRA for ACM, and the truth of SS&C's post-contract misrepresentations on these matters." (ACM's brief, p. 3). Notwithstanding the fact that that sentence merely parrots ACM's misrepresentation claims, none of the bulleted requests ACM outlines on page 3 of its brief relates to those issues. In its Amended Complaint, ACM describes the alleged misrepresentations as relating to SS&C's qualifications, appropriateness of hosting, and the time within which SS&C could implement CAMRA. *See* (Dkt. No. 35, ¶ 68.) SS&C's leadership changes, resource allocation, profitability, or the relationship between Professional

Honorable Jeffrey A. Meyer
March 2, 2018
Page 3

Services and Sales, which is what ACM seeks, were not the subjects of any of the stated pre or post-contractual misrepresentations. ACM has not and cannot show any connection between these requests and its allegations that would require the immense discovery burden it seeks to impose on SS&C.

- *Armour Residential REIT, Inc. and Deloitte, LLP have relevant information and SS&C is entitled to this discovery.*

Ironically, given the obvious, baseless fishing expedition ACM seeks, it argues that SS&C's discovery into Armour REIT and Deloitte is unwarranted. To the contrary, SS&C's request for testimony and documents from these entities is predicated on various ACM's own documents produced during fact discovery that show ACM sought to purchase CAMRA because it was having issues with its then-current asset-accounting methodology. SS&C seeks very limited discovery from Deloitte into those problems ACM experienced, as it may support SS&C's defense that ACM's own staff was inadequately trained and, thus contributed to the failed implementation. More significantly, and as discussed in SS&C's brief, Armour REIT was the entity that paid for the CAMRA services. ACM represented that it could not upgrade to a higher level of automation services from SS&C due to cost constraints. Therefore, discovery from Armour REIT is relevant to test the veracity of those statements. Accordingly, there is clear basis to believe that limited discovery from these entities will lead to the discovery of admissible evidence.

- *ACM has not shown good cause for additional deposition time beyond the federally mandated maximum of 7 hours.*

ACM seeks deposition testimony from SS&C's witnesses beyond the maximum seven hours mandated by the Federal Rules. ACM characterizes this as a "non-controversial request," but this flippant statement strains basic credulity as ACM essentially concedes that good cause does not exist. SS&C has spent *hundreds* of hours and hundreds of thousands of dollars reviewing documents, speaking with SS&C employees, and the like all to respond to ACM's discovery requests. SS&C's witnesses, who have been instrumental in the discovery process and given substantial amounts of their own time assisting with discovery responses, should not be required to go beyond the requirements of the Federal Rules.  Further, ACM claims that SS&C's "many lengthy speaking objections" cut into their deposition time. Objections are clearly accounted for in the seven-hour limitation, and that such objections may have resulted in argument between the parties does not reach the "good cause" standard required for additional time under Fed. R. Civ. P. 30(d)(2). Further, the objections asserted were hardly "many" or "lengthy." While the transcripts themselves are designated confidential, SS&C is happy to disclose them for *in camera* review. As ACM has failed to provide any merits-justification for additional time, their request should be denied.

For the reasons set forth above, SS&C objects to producing additional documents beyond what it has expressly agreed to. Further, SS&C is entitled to conduct discovery into Deloitte and Armour REIT, and ACM is not entitled to more than seven hours with witnesses it has already deposed.

Honorable Jeffrey A. Meyer
March 2, 2018
Page 4

                                          Very Truly Yours,

                                          */s/ Kevin J. O'Connor*

                                          Kevin J. O'Connor

cc:     All counsel of record

Case 3:17-cv-00790-JAM   Document 72   Filed 03/02/18   Page 4 of 4

▶ ALBANY ▶ BOSTON ▶ CONCORD ▶ HARTFORD ▶ NEW YORK ▶ PROVIDENCE

HINCKLEY, ALLEN & SNYDER LLP, ATTORNEYS AT LAW

57517347 v1