# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Allison Kernisky
305-349-2175
allison.kernisky@hklaw.com

April 26, 2018

*Via CM/ECF*

Honorable Jeffrey A. Meyer
U.S. District Judge, District of Connecticut
Richard C. Lee United States Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

      Re:    *ARMOUR Capital Mgmt. LP v. SS&C Techs. Inc.*, No. 17-cv-00790-JAM.

Dear Judge Meyer:

      In accordance with ECF No. 93, ARMOUR Capital Management LP ("ACM") respectfully submits this letter brief in support of its subpoena for documents and testimony (the "Subpoena")[1] to Hylton Socher, the Chief Technology Officer of Fortress Investment Group ("Fortress").

      SS&C Technologies Inc.'s ("SS&C") anticipated request to quash the Subpoena should be denied for at least three reasons.

      **1.**    **Relevance**.  The Subpoena seeks relevant information from Fortress.

      Fortress shares several important similarities with ACM, including: (1) Fortress also is a mortgage REIT, (2) SS&C engaged in parallel sales efforts with respect to Fortress at the same time as ACM, i.e., in mid to late 2014, (3) those sales efforts involved the CAMRA product, (4) the sales efforts also involved the same SS&C salesman, Jeff Fecteau, (5) Fortress also bought a CAMRA license from SS&C and contracted with SS&C for implementation services, and (6) after the sales process concluded, SS&C also deemed Fortress a "problem REIT implementation[]."

      ACM first served a subpoena on Fortress in January 2018. SS&C did not object. In April 2018, ACM served Fortress with the Subpoena, which is more limited and expressly *excludes* the documents at issue in the Court's April 3, 2018 order (ECF No. 90). (Subpoena at 4.) Instead, the Subpoena seeks from Fortress records about SS&C's sales efforts and contracts and a deposition of Mr. Socher. This information is relevant to ACM's claims because it will show what SS&C knew or should have known in relation to its contemporaneous misrepresentations to ACM.

---

[1] A copy of the Subpoena is attached as Exhibit A.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Hon. Jeffrey A. Meyer
April 26, 2018
Page 2

**2. No Burden**. The Subpoena does not present an unreasonable burden to Fortress. The Subpoena seeks only a narrowed set of records from Fortress: primarily, any documents or communications during the sales process and its contracts with SS&C. Fortress and SS&C have put forward no facts even to suggest that producing these documents would be burdensome. In fact, Fortress previously agreed to produce the contracts to ACM and to work with ACM to locate responsive documents using targeted search terms.[2] Fortress never produced any documents, and ACM subsequently narrowed the scope of the requests to pre-contractual sales communications and the contracts. This is not burdensome, nor is the deposition of Mr. Socher, who according to SS&C was most involved at Fortress in the sales process and contracting for CAMRA.

**3. Prior Order**. The Court's April 3 order does not affect the Subpoena because it has been tailored to exclude the documents at issue in that order. In any event, the Court denied SS&C's production of those documents—which related to SS&C's floundering efforts to implement CAMRA for Fortress—on the basis of SS&C's burden, not relevance.

For these reasons, ACM respectfully requests that the Court enter an order denying SS&C's anticipated request to quash the Subpoena.

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Allison Kernisky

Allison Kernisky

CC:   All counsel of record.

---

[2] ACM's initial subpoena to Fortress requested all contracts between it and SS&C and documents and communications on "delays, problems, complaints, failures, accidents, incidents, damages, or similar occurrences Fortress had with the implementation of CAMRA." (*See* Jan. 19, 2018 subpoena, attached at Ex. B.)