# Exhibit A

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | |
|---|---|
| ARMOUR Capital Management LP | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   17-00790-JAM |
| SS&C Technologies Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Hylton Socher, C/O Fortress Investment Group
              1345 Avenue of the Americas, New York, NY 10105
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Holland & Knight LLP | Date and Time: |
|---|---|
| 31 West 52nd Street,12th Floor | |
| New York, NY 10019 | 04/30/2018 2:00 pm |

The deposition will be recorded by this method:    Videotape

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached "Exhibit A."

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4-23-18

          CLERK OF COURT
                                                                    OR

_____                    _____
          *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
ARMOUR Capital Management LP                                      , who issues or requests this subpoena, are:

Joseph Mamounas (joseph.mamounas@hklaw.com), Allison Kernisky (allison.kernisky@hklaw.com)
701 Brickell Avenue, Suite 3300, Miami, FL 33131 (305) 374-8500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  17-00790-JAM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## INSTRUCTIONS

1.      Words and phrases spelled in capital letters in this subpoena shall have the specific meanings and definitions given to them in the "Definitions" section below.

2.      When answering these requests, You must furnish all Documents available to You, including Documents in Your possession, custody or control or in the possession, custody or control of related entities, current or former attorneys, experts, accountants, banks, insurers, agents, investigators, employees, representatives, or any other Persons acting on Your behalf.

3.      If You believe that any of the following requests calls for Documents subject to a claim of privilege, answer or produce what is not objected to, state that part of each request raising an objection and set forth the basis for Your claim of privilege, including a statement identifying the nature of the information withheld; for each Document as to which You claim privilege, state the date and subject matter of the Document, the name(s) of the Person(s) who prepared the Document, and the name(s) of the Person(s) for whom the Document was intended.

4.      If any requested Document was once in Your possession, custody, or control but has been destroyed or lost, set forth in writing the contents of the Document, the date the Document was destroyed or lost, and the name of the Person who authorized or directed the destruction of the Document or was last in possession of the Document.

5.      If You cannot produce any of the Documents in full, produce to the extent possible and specify in writing the reasons for Your inability to produce the remainder of the Document.

6.      **The requests for production below DO NOT include documents relating to efforts to implement CAMRA for Fortress after any agreements between Fortress and SS&C with respect to CAMRA.**

## INSTRUCTIONS AS TO ELECTRONICALLY STORED INFORMATION

Electronically stored information ("ESI") is to be produced in 300 x 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or .TIF) files, with color Documents in Joint Photographic Experts Group (.JPEG or .JPG) files. TIFF and JPEG files shall be produced in single-page format along with Concordance image load files (.OPT). All Documents are to be provided with multi-page extracted or OCR text (.TXT) files indicating page breaks. Extracted text and/or OCR text shall not be embedded in the .DAT file but rather shall be provided as separate, Document-level text files, the names of which shall contain the beginning bates number of the Document. If a Document is provided in native format with a placeholder TIFF (e.g., a MS-Excel or .CSV file), the text file shall contain the extracted text of the native file. Provide any metadata values associated with the produced electronic information in the form of a metadata load text file (.DAT file) and using Concordance standard delimiters. Unless such materials contain privileged information, MS-Excel and .CSV spreadsheets shall be produced in native format. The metadata load file (.DAT) shall contain a link to the produced MS Excel spreadsheets via data values called "Native Link" and a "TextPath" field containing the path (including the file name) to the extracted text or OCR file for each Document. The Native Link values shall contain the full directory path and file name of the MS Excel spreadsheet as contained in the produced media. Produce native MS Excel and .CSV files accompanied by a placeholder .TIFF sheet containing the name of the bates number for each produced file. To the extent such materials contain information subject to a claim of privilege, they shall be produced in the form of redacted .TIFF images. Sequential bates numbers and any confidentiality designation shall be electronically branded on each TIFF image of ESI. Each file name shall be unique and match the bates number of the page. The file name shall not contain any blank spaces and shall be zero padded.

## **DEFINITIONS**

1.     "Document" means documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.     "All/Each," shall both be construed as all and each.

4.     "And/Or" shall be construed disjunctively or conjunctively to bring within the scope of the discovery request all responses that might otherwise be construed as outside its scope.

5.     "Including" means including but not limited to.

6.     The terms "reflecting," or "relating to," mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting, concerning, relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, or contradicts.

7.     The term "Person" or "Persons" shall mean any natural person, individual, corporation, real estate investment trust ("REIT"), partnership, joint venture, firm, voluntary or unincorporated association, other business association, entity or enterprise, proprietorship, trust, estate, governmental agency, board, authority, commission, bureau, department or such other governmental or quasi-governmental entity, group of natural persons, or other entity and includes any other natural person(s) acting on behalf of a natural person in any capacity whatsoever.

8.     "Fortress," "You," and "Your" mean Fortress Investment Group, its employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every Person acting on its behalf or at its direction, including Hylton Socher.

3

9.     "SS&C" means SS&C Technologies Inc., and its employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every Person acting on SS&C's behalf or at its direction.

10.    "CAMRA" means, collectively, the products and services offered by SS&C to Fortress, including CAMRA, and any other software and related services, and all versions of such software and all related services, including maintenance, support, hosting, and outsourcing.

## REQUESTS FOR PRODUCTION

1.     All Documents, including Communications, reflecting or relating to any inquiry, issue, concern, question, configuration, specification, or requirement regarding CAMRA made prior to any agreements between Fortress and SS&C with respect to CAMRA.

2.     All Documents, including Communications, reflecting or relating to any representations or statements regarding CAMRA made by SS&C prior to any agreements between Fortress and SS&C with respect to CAMRA.

3.     All Documents reflecting any agreements between Fortress and SS&C with respect to CAMRA, including all attachments, exhibits, work requests, and amendments.

4.     All Documents reflecting or relating to Communications between You and SS&C, including its counsel, regarding this action.