

20 Church Street
Hartford, CT 06103-1221

p: 860-725-6200  f: 860-278-3802
hinckleyallen.com

April 26, 2018

**VIA CM/ECF ELECTRONIC FILING**

Honorable Jeffrey Alker Meyer
Richard C. Lee United States Courthouse
141 Church Street
New Haven, Connecticut 06510

   Re: <u>**Civil Docket No. 17cv790**</u>
      <u>*Armour Capital Management, LP v. SS&C Technologies, Inc.*</u>

Dear Judge Meyer:

  Pursuant to the Court's April 25, 2018 Order (Dkt. No. 93), SS&C respectfully submits this letter brief which addresses the discovery dispute to be heard by the Court on Friday, April 27, 2018 at 10 a.m. between Plaintiff Armour Capital Management, LP ("ACM") and Defendant SS&C Technologies, Inc. ("SS&C").

**I.**  <u>**Background on the Discovery Dispute**</u>

  On February 22, 2018, after serving two sets of written discovery requests that resulted in SS&C's production of over 60,000 documents, ACM issued a set of "follow-on discovery requests" seeking additional documents it claims were encompassed within its initial set of discovery requests. These follow-on requests included several requests for documents related to Fortress, along with Bimini and Resource – two other mortgage REIT clients of SS&C's. With respect to Fortress, ACM sought requests for weekly status reports, documents relating to resource allocation issues of lack of client commitment involving implementation for Fortress, and documents relating to the relationship between Professional Services and Sales in 2014 to the extent they implicate Fortress.

  SS&C objected to the request for documents regarding Fortress and Resource as overbroad and irrelevant to ACM's claims. (*See* SS&C's Letter Brief re: discovery issues at Doc. No 85). On April 3, 2018, after hearing oral argument on this issue among other related discovery disputes, the Court sustained SS&C's objection. The Court held that SS&C was not required to produce documents related to Fortress or Resource. *See* Dkt. No. 90 ("The Court sustained SS&C's objection regarding the production of documents relating to Fortress and Resource.").

Meanwhile, on January 19, 2018, ACM also served a subpoena on Fortress asking for substantially similar documents. The subpoena sought two categories of documents: "All agreements between Fortress and SS&C, including all attachments, exhibits, work requests, and amendments" and "[a]ll Documents, including Communications, reflecting or relating to delays, problems, complaints, failures, accidents, incidents, damages, or similar occurrences Fortress had with the implementation of CAMRA." The subpoena set a production date of February 5, 2018. On February 2, 2018, Fortress objected to ACM's subpoena "on the grounds that it is overbroad and unduly burdensome, ***particularly because you have failed to seek the production of these documents from SS&C, whether through a motion to compel or otherwise.***" *See* Exhibit A, at 5 (emphasis added). Consistent with SS&C's position regarding burden, Fortress initially ran multiple searches for responsive documents, which yielded a vast number of hits. *Id.* at 6. Fortress, like SS&C, concluded that "reviewing this number of messages would impose undue burden and expense on Fortress," as Fortress is "charged by Global Relay [an email and document recovery company] for each search we [Fortress] ask them to conduct." *Id.* at 6. All communication between Fortress and ACM ceased until early April, when ACM's counsel reached back out to Fortress, despite there being no extant subpoena. *Id.* at 4. In light of this Court's April 3, 2018 Order, Fortress refused to produce documents as they are irrelevant to the dispute (particularly in light of the Court's Order on SS&C's Motion to Dismiss), and production would be unduly burdensome. *Id.* at 3. In disregard of the letter and spirit of the Court's Order denying further discovery regarding Fortress, ACM now seeks to end run the Court's Order by attempting to force Fortress produce documents ACM cannot properly obtain from SS&C.

Ignoring both the colloquy during the April 3, 2018 hearing and the Court's subsequent Order concerning Fortress, on April 23, 2018, ACM served a new subpoena on Fortress ("Fortress Subpoena") (attached hereto as Exhibit B). In disregard for the Court's prior ruling, ACM's Fortress Subpoena seeks both documents ***and*** deposition testimony from Hylton Socher, Fortress' Chief Technology Officer. The stated compliance date is April 30, 2018 – one week after issuance of the subpoena. ACM's stated deadline ignores of the Federal Rules, which typically allow 14 days for a response. ACM also deliberately chose the control date of April 30, 2018 despite knowing that both Fortress and SS&C objected to that date. *See* Exhibit C. In fact, Fortress predicated its willingness to accept ACM's newly issued subpoena on a control date that was acceptable to both SS&C and Fortress. *Id.* Fortress' counsel refused, therefore, to accept service based on ACM's rejection of a two-week control date. Regardless, in violation of the Court's April 3, 2018 order, the Fortress Subpoena seeks the following categories of documents: (1) documents relating to any inquiry, issues, concern, etc. regarding CAMRA; (2) documents reflecting representations or statements regarding CAMRA; (3) documents reflecting any agreement between Fortress and SS&C with respect to CAMRA; and (4) documents reflecting communications between Fortress and SS&C, including its counsel, regarding this action.

Honorable Jeffrey A. Meyer
April 26, 2018
Page 3

ACM heeded Fortress' advice that ACM should seek a motion to compel SS&C to produce Fortress documents --and ACM lost that motion. The Court already heard argument regarding any purported relevance, and the burden associated with gathering and producing, the Fortress documents, and rejected ACM's arguments. Now, ACM is defiantly attempting to circumvent the Court's April 3, 2018 order. SS&C respectfully requests that Court reject ACM's repetitive arguments, and enter a protective order precluding ACM from soliciting Fortress documents or testimony.

II.   **SS&C's Position**

   A.   **The Fortress Subpoena is Barred By This Court's April 3, 2018 Order**

This Court's April 3, 2018 hearing and corresponding Order make two things clear: (1) ACM is barred from taking the discovery it seeks from Fortress, as this Court has already determined that the burden and expense of reviewing a voluminous document production—whether produced by SS&C or Fortress—is disproportionate to needs of the case, and (2) that SS&C's relationship with Fortress is not material to ACM's remaining claims.

In violation of Rule 37, ACM seeks to circumvent the Court's April 3, 2018 Order through ACM's latest subpoena. ACM previously requested at least three categories of documents explicitly regarding Fortress: (1) weekly status reports for Fortress; (2) documents relating to resource allocation issues of lack of client commitment involving implementation for Fortress; (3) and documents relating to the relationship between Professional Services and Sales in 2014 to the extent they implicate Fortress. The Court sustained SS&C's objection, holding that ACM was not entitled to these very documents. By adding the limitation that ACM is only requesting documents prior to SS&C and Fortress' contractual relationship, ACM ignores the letter and spirit of this Court's order. The Court's Order makes clear that documents relating to Fortress are not relevant to this litigation and that the costs and burdens of gathering, reviewing and producing those documents are unwarranted given the scope of the claims that survived ACM's motion to dismiss and the amount in controversy.

Beyond that, this Court never limited its Order solely to post-contractual documents between SS&C and Fortress. Indeed, one of the categories of documents the Court ruled upon was ACM's request for "documents relating to the relationship between Professional Services and Sales in 2014" to the extent they implicate Fortress. The Fortress Subpoena now seeks documents that directly implicate the pre-contractual sales and marketing process, as well as the contract between SS&C and Fortress. *See Manka v. Walt Disney Co.,* 149 Conn. App. 1, 4 (2014) (upholding a motion to quash a subpoena where the court had quashed a first subpoena issued to ESPN, and the plaintiff then served a second subpoena that the defendant claimed requested the

same documents as the first. This court held it was barred by the previous order on motion to quash).

This Court has already held that ACM is not entitled to discovery into the relationship between Fortress and SS&C. ACM should not be permitted to use the Fortress Subpoena to circumvent that ruling.

### B. The Court Already Ruled That Production of Fortress Documents is Unduly Burdensome and Not Proportional to the Needs of the Case

ACM's Fortress Subpoena—that is a thinly vailed second request for Fortress documents—fails for all of the reasons articulated by the Court during the April 3, 2018 hearing.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses." In order to be discoverable, however, the information sought must appear to be "proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" Fed. R. Civ. P. 26(b)(1).

To date, ACM has not—and cannot—provide any appropriate justification for its continuing grasp for Fortress' documents and a related deposition. In its briefing and oral argument to the Court during the previous discovery dispute on these issues, ACM could not offer a coherent, case-specific basis to support of its demands. ACM has offered no new grounds in its "meet and confer" with SS&C's counsel prior to the scheduling of this filing. ACM has advised SS&C's counsel that ACM will merely argue again that ACM is entitled to the Fortress documents because they are "probative of notice (e.g., circumstances rendering SS&C's pre-contractual misrepresentations to ACM negligently made), causation (e.g., between either or both of SS&C's breaches or misrepresentations and ACM's damages), and reasons and defects resulting in the failure to SS&C's implementation for ACM." (Doc. No. 84, p. 2).

ACM cannot articulate any probative value of Fortress' documents beyond the tellingly vague assertions quoted above. The uncontroverted facts prove that (1) Fortress signed its licensing contract with SS&C just 11 days after ACM signed its contract with SS&C, and (2) the two implementations were essentially simultaneous. Thus, no circumstances exist regarding the Fortress implementation that would render any of SS&C's representations to ACM "negligently made," since SS&C did not have the benefit of the experience of Fortress' implementation when it made any pre-contractual representations to ACM. ACM cannot articulate any basis why Fortress' implementation would have any relevance to ACM's implementation of CAMRA. ACM

Honorable Jeffrey A. Meyer
April 26, 2018
Page 5

cannot point to any specific implementation issue that it believes was common to both the Fortress and ACM implementations that would constitute a breach of SS&C's contractual obligations. There is no theory that this request is based upon. The Fortress Subpoena is a classic "fishing expedition" intended to find some in an attempt to substantiate ACM's claims.

We look forward to conferring with the Court to resolve this matter. Thank you for your time.

                                            Very Truly Yours,

                                            */s/ Kevin O'Connor*
                                            Kevin O'Connor

cc:    All counsel of record