# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Allison Kernisky
305-349-2175
allison.kernisky@hklaw.com

April 26, 2018

*Via CM/ECF*

Honorable Jeffrey A. Meyer
U.S. District Judge, District of Connecticut
Richard C. Lee United States Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

Re:   *ARMOUR Capital Mgmt. LP v. SS&C Techs. Inc.*, No. 17-cv-00790-JAM.

Dear Judge Meyer:

ACM respectfully submits this brief rejoinder to SS&C's letter brief (ECF No. 95).[1]

### 1.   **The Court's April 3 Order Is Mutually Exclusive to the Subpoena.**

The Court's April 3, 2018 order (ECF No. 90) (the "Order") is limited to the documents that ACM sought from SS&C at the time. These documents were either post-contractual (e.g., Fortress's implementation) or internal to SS&C (e.g., the relationship between SS&C's Sales and Professional Services department). No other documents—or discovery from or about Fortress generally—were presented to the Court in the briefing or oral argument leading to the Order.

The Subpoena requests pre-contractual sales information exchanged between SS&C and Fortress and the contracts.[2] These records are separate and distinct from the documents underlying the Order (which the Subpoena expressly excludes (Subpoena at 5)). And ACM's deposition of Mr. Socher was also not a subject of the Order. Thus, the Order is not dispositive of the Subpoena, and the Subpoena is not an "end run" of the Order. Rather, the two are mutually exclusive.

---

[1] Capitalized terms have the same meaning as in ACM's April 26, 2018 letter brief (ECF No. 94).

[2] SS&C describes the Subpoena as seeking documents, among others, "relating to any inquiry, issues, concern, etc. regarding CAMRA" or "reflecting representations or statements regarding CAMRA" but leaves out the limitation on these requests, i.e., "made by SS&C prior to any agreements between Fortress and SS&C." *See* Subpoena Reqs. 1 and 2 (ECF No. 94-1 at 4.)

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Hon. Jeffrey A. Meyer
April 26, 2018
Page 2

### 2. ACM's Requests are Relevant to it Claims.

SS&C's sales effort for Fortress had at least six important similarities with SS&C's parallel sales effort for ACM. Thus, the discovery ACM seeks may show what SS&C knew about, for example, the reasons different CAMRA deployment options were or were not appropriate, or the effort required to implement CAMRA. The discovery may also show that Fortress raised concerns about SS&C's estimates for the time required to implement or its professed ability to connect to Fortress's custodians. All of these issues directly impact what SS&C knew or should have known in making representations about the same subjects to ACM at virtually the same time.

Further, ACM has a legitimate need for the requested documents from Fortress and Mr. Socher's testimony. SS&C has no policies or procedures for its sales efforts, and its documentation practices for sales apparently are relatively thin. Indeed, despite SS&C's sales pitch to ACM lasting more than seven months, less than 2% of SS&C's document production consists of pre-contractual documents. (This also likely is indicative of Fortress's burden in complying with the Subpoena.) Fortress's documents and testimony about the parallel sale of the same product by the same salesman are necessary to supplement what SS&C's own records may not reflect.

### 3. The Subpoena is Narrowly-Tailored.

Neither SS&C nor Fortress has put forth any plausible argument to show that the requests in the Subpoena are burdensome. On the contrary, these requests are even more circumscribed than those in ACM's January 2018 subpoena. And the only burden offered by Fortress in relation to that earlier subpoena was $500, the cost of paying Fortress's vendor, Global Relay, to run a search for responsive documents. This amount is hardly burdensome to Fortress.

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Allison Kernisky

Allison Kernisky

CC: All counsel of record.