**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

ARMOUR CAPITAL MANAGEMENT LP,

                      Plaintiff

      v.

SS&C TECHNOLOGIES, INC.

                      Defendant

CIVIL CASE NO. 3:17-CV-00790 (JAM)

MAY 11, 2018

## DEFENDANT/COUNTERCLAIMANT SS&C TECHNOLOGIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIMS
### *(Jury Trial Demanded On All Counts and Counterclaims So Triable)*

Defendant/Counterclaimant SS&C Technologies, Inc. ("SS&C"), by and through counsel, hereby responds to the numbered paragraphs of the First Amended Complaint (the "FAC") dated July 13, 2017 filed by Armour Capital Management LP ("Plaintiff" or "ACM"), and asserts Counterclaims.

As the unnumbered introductory paragraphs in the FAC purport to characterize the legal nature of the claims asserted, no response is required.  To the extent that a response is required, SS&C denies the allegations of these paragraphs.

No response is required to ACM's headings and titles in the FAC that consist solely of ACM's argumentative characterizations of this action.  To the extent a response is required, SS&C denies each and every remaining allegation contained therein.[1]

---

[1] SS&C incorporates Plaintiff's headings and titles in its Answer solely for clarity.

SS&C responds to the specifically numbered allegations of the First Amended Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1.      By Order dated March 16, 2018 (Dkt. 75), the Court granted in part and denied in part Defendant's Motion to Dismiss the Plaintiff's First Amended complaint (FAC).  SS&C does not, therefore, respond to the claims and allegations dismissed by the Court.  SS&C admits that in the FAC, ACM sought to pursue claims for Breach of Contract, Violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Intentional Misrepresentation, Negligent, Misrepresentation, and Rescission.  Answering further, SS&C states that, based on the Court's order (Dkt. 75), the following claims have been *dismissed*:  ACM's claim for Intentional Misrepresentation; ACM's claims under CUTPA based on any alleged intentional misrepresentation at any time, or any negligent misrepresentation occurring at or after the time when parties executed the Master Agreement and Work Request One on December 19, 2014;  ACM's claims for breach of the Master Agreement or Work Request One; and any claims for negligent misrepresentation or rescission based upon statements, representations, or omissions by SS&C to ACM occurring upon or after the parties' execution of the Master Agreement and Work Request on December 19, 2014.

2.      SS&C is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2 of the FAC and, therefore, denies the same.

3.      SS&C is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 of the FAC and, therefore, denies the same.

4.      SS&C is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 of the FAC and, therefore, denies the same.

5.      SS&C is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5 of the FAC and, therefore, denies the same.

6.      SS&C is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 of the FAC and, therefore, denies the same.

7.      SS&C is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 of the FAC and, therefore, denies the same.

8.      SS&C is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8 of the FAC and, therefore, denies the same.

9.      SS&C is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 of the FAC and, therefore, denies the same.

10.      SS&C admits the allegations of paragraph 10 of the FAC.

11.      SS&C admits that the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interests and costs.  SS&C is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 of the FAC.

12.      SS&C admits the allegations of paragraph 12 of the FAC.

13.      SS&C admits the allegations of paragraph 13 of the FAC.

## GENERAL ALLEGATIONS

14.      SS&C admits the allegations in the first sentence of paragraph 14 of the FAC.  The remaining allegations of paragraph 14 of the FAC appear to quote documents, which speak for themselves.

15.     SS&C is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15 of the FAC and, therefore, denies the same.

16.     SS&C is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of paragraph 16 of the FAC.  SS&C admits the allegations in the second sentence of paragraph 16 of the FAC.  SS&C further admits that SS&C representatives made a presentation to representations in in June 2014.  The remainder of the allegations in paragraph 16 of the FAC appear to relate to documents, the terms of which speak for themselves.

17.     SS&C admits that portion of paragraph 17 of the FAC, which states "Mountain and Gruber had several follow-up calls and meetings with Fecteau and Moore over summer 2014".  SS&C denies the remaining allegations of paragraph 17 of the FAC.

18.     SS&C is without sufficient knowledge or information to forma belief as to that portion of paragraph 18 of the FAC that states "This expertise, particularly with mortgage-backed securities, was one of the major selling points for ACM-to not only license software from SS&C, but also to receive the benefit of SS&C's expert services, including and especially implementation, which was critical given the sophisticated, highly customizable nature of CAMRA."  SS&C denies the remaining allegations of paragraph 18 of the FAC.

19.     SS&C denies that portion of paragraph 19 of the FAC that states "In addition to SS&C's representations that it was fully capable of implementing CAMRA for ACM[,]"  SS&C admits the remaining allegations of Paragraph 19 of the FAC.

20.     SS&C denies the allegations of paragraph 20 of the FAC.

4

21.     SS&C admits that it provided ACM with certain written "proofs of concept" in the summer of 2014 and September 2014.  SS&C further admits that on or about August 27, 2014, Messrs. Moore and Fecteau demonstrated CAMRA for ACM.  SS&C denies the remaining allegations of paragraph 21 of the FAC.

22.     SS&C admits that, based on extensive communications and input from ACM, SS&C provided ACM with proposed Implementation Budgets and Timelines on or about December 10 and 11, 2014.  Answering further, SS&C states that to the extent paragraph 22 of the FAC purports to quote documents, those documents speak for themselves.  SS&C denies the remaining allegations in paragraph 22 of the FAC.

23.     SS&C denies the allegations of paragraph 23 of the FAC.

24.     SS&C denies the allegations of paragraph 24 of the FAC.

### *The Master Agreement and Related Sub-Agreements*

25.     SS&C denies the allegations of paragraph 25 of the FAC.

26.     SS&C admits the allegation in paragraph 26 of the FAC that "Effective December 30, 2014, ACM entered into a Master Agreement for Software, Maintenance and Support, Professional Services and Other Services[.]"  SS&C denies the remaining allegations of paragraph 26 of the FAC.

27.     SS&C denies the allegations of paragraph 27 of the FAC.

28.     Paragraph 28 of the FAC consists of allegations characterizing the terms and meaning of documents.  The documents expressly or impliedly referred to in paragraph 28 of the FAC speak for themselves.  To the extent a further response is required, SS&C denies the remaining allegations of paragraph 28 of the FAC.

29.     The document referred to in paragraph 29 of the FAC speaks for itself.  To the extent a further response is required, SS&C admits the remaining allegations of paragraph 29 of the FAC.

30.     The document referred to in paragraph 30 of the FAC speaks for itself.  To the extent a further response is required, SS&C admits the remaining allegations of paragraph 30 of the FAC.

31.      SS&C admits the allegations in the first sentence of paragraph 31 of the FAC.  SS&C denies the remaining allegations of paragraph 31 of the FAC.

32.     The document referred to in paragraph 32 of the FAC speaks for itself.  To the extent a further response is required, the remaining allegations in paragraph 32 of the FAC are denied.

33.     The document referred to in paragraph 33 of the FAC speaks for itself.  To the extent a further response is required, the remaining allegations in paragraph 33 of the FAC are denied.

34.     SS&C admits the allegations in paragraph 34 of the FAC.

35.     The documents referred to in paragraph 35 of the FAC speaks for themselves.  To the extent a further response is required, the remaining allegations in paragraph 35 of the FAC are denied.

36.     The document referred to in paragraph 36 of the FAC speaks for itself. SS&C denies the remaining allegations in paragraph 36 of the FAC.

37.     The document referred to in paragraph 37 of the FAC speaks for itself. SS&C denies the remaining allegations in paragraph 37 of the FAC.

38.     SS&C admits the allegations of in the first sentence of paragraph 38 of the FAC (exclusive of the footnote).  SS&C denies the remaining allegations in paragraph 38 of the FAC.

### *Despite its Representations, SS&C Fails to Implement CAMRA for ACM*

39.     SS&C denies the allegations of Paragraph 39.

40.     SS&C admits that beginning in January of 2015, SS&C conducted weekly implementation meetings with ACM.  SS&C further admits that Adriana Johnson was a Project Manager of SS&C who worked with ACM.  SS&C denies the remaining allegations in paragraph 40 of the FAC.

41.     SS&C does not respond to the allegations of paragraph 41 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the allegations of paragraph 41 of the FAC.

42.     SS&C does not respond to the allegations of paragraph 42 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the allegations of paragraph 42 of the FAC.

43.     The document referred to in paragraph 43 of the FAC speaks for itself.  SS&C does not respond to the allegations of paragraph 43 of the FAC relating to

alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the remaining allegations in paragraph 43 of the FAC.

44.     SS&C admits that in the fall of 2015, ACM began to withhold amounts due and owing to SS&C under the Master Agreement and/or Work Request One.  SS&C does not respond to the allegations of paragraph 44 of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the remaining allegations in paragraph 44 of the FAC.

45.     SS&C states that the documents referred to in paragraph 45 of the FAC speak for themselves.  SS&C does not otherwise respond to the allegations of paragraph 45 of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims. See Dkt. 75.  To the extent any further answer is required, SS&C denies the remaining allegations in paragraph 45 of the FAC.

46.     SS&C states that the document referred to in paragraph 46 of the FAC speaks for itself.  SS&C does not otherwise respond to the allegations of paragraph 46 of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the factual allegations in first sentence of paragraph 46 of the FAC, and admits the allegations in the second sentence of paragraph 46 of the FAC.

47.     SS&C does not respond to the allegations of paragraph 47 of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the allegations in paragraph 47 of the FAC.

48.     SS&C does not respond to the allegations of paragraph 48 of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the allegations in paragraph 48.

49.     SS&C states that the document referred to in paragraph 49 of the FAC speaks for itself.  SS&C does not otherwise respond to the allegations of paragraph 49

of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the allegations in paragraph 49.

50.    SS&C states that the document referred to in paragraph 50 of the FAC speaks for itself.  SS&C does not otherwise respond to the allegations of paragraph 50 of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the allegations in paragraph 50.

51.    SS&C states that the document referred to in paragraph 51 of the FAC speaks for itself.  SS&C does not otherwise respond to the allegations of paragraph 51 of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the allegations in paragraph 51.

52.    SS&C states that the document referred to in paragraph 52 of the FAC speaks for itself.  SS&C does not otherwise respond to the allegations of paragraph 52 of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any

alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the allegations in paragraph 52.

53.     SS&C does not respond to the allegations of paragraph 53 of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the allegations in paragraph 53.

54.     SS&C admits that ACM purported to terminate the Master Agreement on May 1, 2017.  SS&C does not respond to the remaining allegations of paragraph 54 of the FAC relating to alleged breach by SS&C of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C at any time, or any alleged negligent misrepresentations after execution of the Master Agreement on December 19, 2014, because the Court has dismissed all such claims.  See Dkt. 75.  To the extent any further answer is required, SS&C denies the remaining allegations in paragraph 54.

## COUNT I – BREACH OF CONTRACT

55.     SS&C realleges and incorporates by reference its responses to paragraphs 1 through 54 of the FAC as if fully set forth herein.

56.     SS&C does not respond to the allegations of paragraph 56 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One because the Court dismissed Plaintiff's claim for breach of contract arising out of the

Master Agreement and/or Work Request One.  To the extent a response is required, SS&C denies the allegations of paragraph 56 of the FAC.

57.     SS&C does not respond to the allegations of paragraph 57 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One because the Court dismissed Plaintiff's claim for breach of contract arising out of the Master Agreement and/or Work Request One.  To the extent a response is required, SS&C denies the allegations of paragraph 57 of the FAC.

58.     SS&C does not respond to the allegations of paragraph 58 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One because the Court dismissed Plaintiff's claim for breach of contract arising out of the Master Agreement and/or Work Request One.  To the extent a response is required, SS&C denies the allegations of paragraph 58 of the FAC.

59.     SS&C does not respond to the allegations of paragraph 59 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One because the Court dismissed ACM's claim for breach of contract arising out of the Master Agreement and/or Work Request One.  To the extent a response is required, SS&C denies the allegations of paragraph 59 of the FAC.

WHEREFORE, SS&C demands judgment in its favor with prejudice on Count I of the FAC.

## COUNT II – VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT (CONN. GEN. STAT. §§ 42-110, *ET SEQ*)

60.     SS&C realleges and incorporates by reference its responses to paragraph 1 through 59 as if fully set forth herein.

61.     SS&C does not respond to the allegations of paragraph 61 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged negligent misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.  Answering further, SS&C denies that it violated Connecticut General Statutes §§ 42-110, *et seq.* in any respect.

62.     SS&C does not respond to the allegations of paragraph 62 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged negligent misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.  SS&C denies any remaining allegations of paragraph 62 of the FAC.

63.     SS&C does not respond to the allegations of paragraph 63 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged negligent misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.  SS&C denies any remaining allegations of paragraph 63 of the FAC.

64.     SS&C does not respond to the allegations of paragraph 64 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged negligent misrepresentations by SS&C at or after the time the parties executed the Master

Agreement, because the Court has dismissed all such claims.  SS&C denies any remaining allegations of paragraph 64 of the FAC.

65.    SS&C does not respond to the allegations of paragraph 65 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged negligent misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.  SS&C denies any remaining allegations of paragraph 65 of the FAC.

66.    SS&C does not respond to the allegations of paragraph 66 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged negligent misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.  SS&C denies any remaining allegations of paragraph 66 of the FAC.

WHEREFORE, SS&C demands judgment in its favor with prejudice on Count II of the FAC.

## COUNT III – INTENTIONAL MISREPRESENTATION

67.    SS&C does not respond to the allegations of Paragraph 67 of the FAC Amended because the Court has dismissed this Count.

68.    SS&C does not respond to the allegations of Paragraph 68 of the FAC Amended because the Court has dismissed this Count.

69.    SS&C does not respond to the allegations of Paragraph 69 of the FAC Amended because the Court has dismissed this Count.

70.     SS&C does not respond to the allegations of Paragraph 70 of the FAC Amended because the Court has dismissed this Count.

71.     SS&C does not respond to the allegations of Paragraph 71 of the FAC Amended because the Court has dismissed this Count.

WHEREFORE, SS&C demands judgment in its favor with prejudice on Count III of the FAC.

## COUNT IV – NEGLIGENT MISREPRESENTATION

72.     SS&C realleges and incorporates by reference its responses to paragraphs 1 thorough 71 as if fully set forth herein.

73.     SS&C does not respond to the allegations of paragraph 73 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.   SS&C denies any remaining allegations of fact in paragraph 73 of the FAC.

74.     SS&C does not respond to the allegations of paragraph 74 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.   SS&C denies any remaining allegations of fact in paragraph 74 of the FAC.

75.     SS&C does not respond to the allegations of paragraph 75 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any

alleged intentional misrepresentations by SS&C, or any alleged misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.   SS&C denies any remaining allegations of fact in paragraph 75 of the FAC.

76.     SS&C does not respond to the allegations of paragraph 76 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.   SS&C denies any remaining allegations of fact in paragraph 76 of the FAC.

77.     SS&C does not respond to the allegations of paragraph 77 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.   SS&C denies any remaining allegations of fact in paragraph 77 of the FAC.

WHEREFORE, SS&C demands judgment in its favor with prejudice on Count IV of the FAC.

## COUNT V - RESCISSION

78.     Defendant realleges and incorporates by reference its responses to paragraphs 1 through 77 as if fully set forth herein.

79.     SS&C does not respond to the allegations of paragraph 79 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any

alleged intentional misrepresentations by SS&C, or any alleged negligent misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.   SS&C denies any remaining allegations of fact in paragraph 79 of the FAC.

80.     SS&C does not respond to the allegations of paragraph 80 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged negligent misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.   SS&C denies any remaining allegations of fact in paragraph 80 of the FAC.

81.     SS&C does not respond to the allegations of paragraph 81 of the FAC relating to alleged breach of the of the Master Agreement or Work Request One, any alleged intentional misrepresentations by SS&C, or any alleged negligent misrepresentations by SS&C at or after the time the parties executed the Master Agreement, because the Court has dismissed all such claims.   SS&C denies any remaining allegations of fact in paragraph 81 of the FAC.

WHEREFORE, SS&C demands judgment in its favor with prejudice on Count V of the FAC.

## JURY DEMAND

SS&C admits that ACM purports to demand a jury trial.  SS&C demands a jury trial of all claims and counterclaims that are triable.

## AFFIRMATIVE DEFENSES

SS&C does not waive any affirmative defenses and reserves the right to assert any and all affirmative or other defenses that may be available after reasonable discovery or additional disclosures.

## FIRST AFFIRMATIVE DEFENSE

This action is barred in whole or in part because ACM has not suffered any injury or damage as a result of any act or omission of SS&C, or, in the alternative, because ACM was contributorily negligent in any injury or damage that ACM claims to have sustained.

## SECOND AFFIRMATIVE DEFENSE

ACM's claims are barred because the FAC and each purported cause of action alleged therein fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

ACM's claims are barred, in whole or in part, by its failure to provide timely notice of its claims.

## FOURTH AFFIRMATIVE DEFENSE

ACM's claims are barred, in whole or in part, by the applicable statutes of limitations or limitations on claims provided in the parties' Master Agreement and/or related Work Requests.

## FIFTH AFFIRMATIVE DEFENSE

ACM's claims are barred, in whole or in part, by the doctrine of unclean hands.

SS&C reserves the right to assert and rely upon any additional defenses that discovery may hereafter reveal to be appropriate either as of right or by appropriate motion.

18

## COUNTERCLAIMS

Defendant/Counterclaimant SS&C Technologies, Inc. ("SS&C") hereby counterclaims against Counterclaim Defendant Armour Capital Management, LP ("ACM") avers as follows:

## PARTIES

1.      SS&C is a corporation organized and existing under the laws of Delaware, with its principal office in Windsor, Connecticut.

2.      Upon information and belief, ACM is a limited partnership organized under the laws of Delaware with 11 partners: (1) Remmiz LLC (General Partner); (2) Stacumny LLC (General Partner); (3) Jeffrey J. Zimmer (Limited Partner); (4) Scott J. Ulm (Limited Partner); (5) Buford H. Ortale (Limited Partner); (6) Susan E. Zimmer (Limited Partner); (7) Alexander R.A. Ulm (Limited Partner); (8) (Carolyn M. Zimmer Irrevocable Trust ("CMZ Trust") (Limited Partner); (9) Isabella L. Zimmer Irrevocable Trust ("ILZ Trust") (Limited Partner); (10) Emanon Investments 1 LLC (Limited Partner); and (11) DM Bell Blank Check Family LP (Limited Partner).

3.      Upon information and belief, Jeffrey J. Zimmer Scott J. Ulm, Susan E. Zimmer, and Alexander R.A. Ulm are citizens of Florida, and Burford H. Ortale is a citizen of Tennessee.

4.      Upon information and belief, Remmiz LLC is a Florida limited liability company, with Jeffrey Zimmer, a citizen of Florida.

5.      Upon information and belief, Stacumny LLC is a Florida limited liability company, with its sole member, Scott Ulm, a citizen of Florida.

6.     Upon information and belief, CMZ Trust is a Florida Trust; its co-trustees are Jeffrey J. Zimmer and Susan E. Zimmer, with both purportedly being citizens of Florida.

7.     Upon information and belief, ILZ Trust is a Florida trust; with its co-trustees being Jeffrey J. Zimmer and Susan E. Zimmer, both purportedly being citizens of Florida.

8.     Upon information and belief, Emanon Investments 1 LLC is a Nevada limited liability company; its members are Marc Bell, a citizen of Florida, and Emanon LLLP, a limited liability partnership organized under the laws of Nevada. Emanon LLLP's only partners are (1) limited partner the Bell 2014 Family Trust, a Nevada trust whose trustee is Ruti K. Bell, a citizen of Florida, and (2) general partner Emanon LLC, a Nevada limited liability company whose members are (i) Marc Bell, a citizen of Florida, and (ii) the Marc H. Bell 2014 Family Irrevocable Trust, a Florida trust whose trustee is Ruti K. Bell, a citizen of Florida. Upon information and belief, Emanon Investments 1 LLC therefore is a citizen of Florida for purposes of determining federal diversity jurisdiction.

9.     Upon information and belief, DM Bell Blank Check Family LP is a limited partnership organized under the laws of Wyoming; its partners are general partners (1) DS Blank Check LLC, a limited liability company organized under the laws of Delaware whose sole member is Daniel C. Staton, a citizen of Florida, (2) MS Blank Check LLC, a limited liability company organized under the laws of Delaware whose sole member is Maria V. Staton, a citizen of Florida; and limited partners (3) Daniel C. Staton, (4) Maria V. Staton, (5) Arianna E.B. Staton, (6) George E.B. Staton III, (7) John C.B. Staton, and

(8) Daniela V.B. Staton. Upon information and belief, DM Bell Blank Check Family LP therefore is a citizen of Florida for purposes of determining federal diversity jurisdiction.

## JURISDICTION

10.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because, upon information and belief, the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

11.      This Court has personal jurisdiction over ACM because it has consented to personal jurisdiction for this action in this District by ACM filing its Complaint dated May 15, 2017, and First Amended Complaint dated July 13, 2017.

12.      Venue is proper in this district for this counterclaim under 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

13.      On December 19, 2014, the parties executed a written agreement entitled "Master Agreement," which expressly includes all attachments and work requests thereto.

14.      Under the Master Agreement and related Work Requests, SS&C agreed to provide a limited license of its CAMRA asset-accounting software to ACM and to provide certain software maintenance and support, hosting services, and assistance to ACM in connection with ACM's implementation of CAMRA.

15.      SS&C performed all of its material obligations under the Master Agreement and all related Work Requests.

16.     Among other material breaches, ACM breached its payment obligations to SS&C under the Master Agreement relating to software maintenance and support, hosting services, and Work Request Two (which the parties entered into effective March 31, 2016).

17.     With respect to software maintenance and support, ACM agreed in Attachment A.1 to the Master Agreement to pay SS&C an annual maintenance and support fee of $100,000.  The Master Agreement further provides that the Maintenance Program and related $100,000 annual fee shall renew automatically on January 1 of each calendar year "unless terminated in writing by either party by prior written notice of at least thirty ("30") days prior to expiration of the initial term or any renewal term." Master Agreement, Paragraph 3.5.

18.     ACM failed to terminate the Maintenance Program for 2017 in accordance with the terms of the Master Agreement.

19.     With respect to hosting, the parties agreed in Attachment B-1 of the Master Agreement to enter into a five-year agreement for "Hosting Services" for a monthly fee of $10,000, terminable by ACM at any time upon 120 days written notice to SS&C.

20.     ACM failed to provide SS&C with the required 120-day written notice of ACM's termination of the Hosting Services.  Despite due demand, ACM has failed and refused to pay SS&C amounts owed under the Master Agreement for Hosting Services.

21.     Work Request Two, effective March 31, 2016, added certain additional implementation assistance SS&C would provide to ACM in connection with ACM's

implementation of CAMRA.  Among other provisions, Work Request Two capped the fees for implementation services provided thereafter at $307,300.

22.     SS&C performed all of its obligations under Work Request Two, and the standard for "Completion of Implementation" set forth therein was satisfied in 2016. Notwithstanding the foregoing, and despite due demand from SS&C, ACM has failed and refused to pay SS&C $107,300 that remains due and owing under Work Request Two.

23.     In connection with the implementation, ACM caused many delays, For example, those delays were attributable to causes including but not limited to the following: (1) ACM's incomplete and incorrect data; (2) ACM's manual processing and inability to automate workflows; (3) changes to data sources and processes; (4) accounting methodology differences; (5) difficulties encountered with ACM's third-party providers, including custodian banks; and (6) other delays caused by ACM including unavailability of staff, lack of project management, ACM's incomplete reconciliation preparation, and ACM's lack of adequately trained staff.

24.     ACM agreed to provide "project management" resources, as detailed in the Master Services Agreement; however, Mark Gruber, the ACM individual assigned that responsibility, had no previous system implementation experience and performed no material project management responsibilities throughout the duration of the project.

25.     As set forth in the Master Services Agreement, ACM was responsible "for completion, review and signoff of the monthly reconciliations."

26.     ACM's untimely monthly and/or inaccurate reconciliations was a further cause of delays.

27.     SS&C advised ACM on numerous occasions of the need to establish a more disciplined and timely financial closing process. ACM refused.

28.     Despite SS&C's continued support of ACM through ACM's implementation without charging additional fees for assistance in implementation or service, ACM unilaterally terminated the Master Agreement on May 1, 2017.

## COUNT I -BREACH OF CONTRACT

29.      The allegations in paragraphs 1 through 28 are incorporated by reference as though fully set forth herein.

30.     The Master Agreement constitutes a valid and binding contract between ACM and SS&C pursuant to which SS&C assisted ACM in implementing CAMRA.

31.     SS&C performed all of its material obligations under the Master Agreement and related Work Requests.

32.     On May 1, 2017, ACM unilaterally terminated the Master Agreement and related Work Requests without prior written notice, and without paying for all goods and services ACM received thereunder, and all amounts due and owing thereunder.

33.     SS&C has suffered injury due to ACM's breach of its contractual commitments.

WHEREFORE, SS&C demands judgment against ACM for money damages in an amount to be determined at trial, together with pre- and post-judgment interest.

## COUNT II –UNJUST ENRICHMENT

34.     SS&C pleads this claim as an alternative theory, should ACM succeed on Count V "Rescission" of its First Amended Complaint

35.     The allegations in paragraphs 1 through 12 are incorporated by reference as though fully set forth herein.

36.     SS&C agreed to help ACM implement CAMRA.

37.     In connection with the implementation, ACM caused many delays to incur. For example, and without limitation, those delays were attributable to: (1) ACM provision to SS&C of incomplete and incorrect data; (2) ACM's manual processing and inability to automate workflows; (3) changes to data sources and processes; (4) accounting methodology differences; (5) difficulties encountered with ACM's third-party providers, including custodian banks; and (6) other delays caused by ACM including unavailability of staff, lack of project management, ACM's incomplete reconciliation preparation, and lack of adequately trained staff.

38.     ACM was responsible for completion, review and signoff of the monthly reconciliations.

39.     ACM's untimely monthly and/or inaccurate reconciliations was a further cause of delays.

40.     SS&C advised ACM on numerous occasions of the need to establish a more disciplined and timely financial closing process. ACM refused.

41.     SS&C invested over four-thousand (4,000) unbilled hours toward assisting ACM with implementing CAMRA, which directly benefitted ACM. This represents in excess of $800,000 of unbilled professional services from 2015 until 2017.

42.     Despite this, ACM failed to devote adequate resources towards implementation, yet benefitted by receiving the full value and benefits of SS&C's expertise.

43.     ACM has been unjustly enriched given its refusal to pay for the benefits that it received.

44.     To SS&C's detriment, it has not been fully compensated despite having fully performed under the Master Agreement and all Work Requests.

WHEREFORE, SS&C demands judgment against ACM for money damages in an amount to be determined at trial, together with pre- and post-judgment interest.


## JURY TRIAL DEMANDED

SS&C requests a trial by jury for all issues so triable.

By_____/s/  *Jeffrey J. Mirman*_____
      Jeffrey J. Mirman (ct05433)
      Alexa T. Millinger (ct29800)
      HINCKLEY ALLEN & SNYDER, LLP
      20 Church Street, 18th Floor
      Hartford, Connecticut 06103
      jmirman@hinckleyallen.com
      amillinger@hinckleyallen.com
      Telephone: (860) 331-2762
      Facsimile: (860) 278-3802

      Kevin J. O'Connor (phv09058)
      Jason C. Williams (phv09212)
      Hinckley, Allen & Snyder LLP
      28 State Street
      Boston, MA 02109-1775
      koconnor@hinckleyallen.com
      jwilliams@hinckleyallen.com
      Telephone: (617) 378-4394
      Facsimile: (617) 345-9020

      Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be send by email to all parties by operation of the Court's electronic filing system or by mail to any counsel or self-represented party unable to accept electronic filing, as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System

       /s/   *Jeffrey J. Mirman*
                Jeffrey J. Mirman

27