

20 Church Street
Hartford, CT 06103-1221

p: 860-725-6200   f: 860-278-3802
hinckleyallen.com

June 13, 2018

**VIA CM/ECF ELECTRONIC FILING**

Honorable Jeffrey Alker Meyer
Richard C. Lee United States Courthouse
141 Church Street
New Haven, Connecticut 06510

> Re:   <u>Civil Docket No. 17cv790</u>
>        <u>*Armour Capital Management, LP v. SS&C Technologies, Inc.*</u>

Dear Judge Meyer:

      This letter brief sets forth SS&C's position with respect to the current discovery dispute between Plaintiff Armour Capital Management, LP ("ACM") and Defendant SS&C Technologies, Inc. ("SS&C").

**I.    <u>Background on the Discovery Dispute</u>**

      This discovery dispute centers on ACM's attempt to obtain additional deposition testimony from SS&C's 30(b)(6) witness, who has already testified on two occasions for a combined *eleven hours*. There is no good cause to impose upon SS&C and this witness the burden and expense of additional deposition time, and such burden is wholly disproportionate to the issues in dispute in this case.

      Since October 2017, the parties have been engaged in depositions as part of ongoing discovery. Both parties have noticed and taken the maximum ten permitted depositions since that time.

      SS&C's 30(b)(6) witness was first deposed by ACM on May 10, 2018. SS&C offered Tim Reilly, SS&C's Senior Vice President for Institutional Services, as its 30(b)(6) witness. ACM deposed Mr. Reilly for the full seven hours. On May 15, 2018, the parties held a meet-and-confer in which ACM informed SS&C that it was dissatisfied with Mr. Reilly's 30(b)(6) testimony (citing the fact that he testified "I don't know" a number of times), and requested either (1) four additional hours of testimony from another fully prepared 30(b)(6) witness; or (2) seven hours of additional 30(b)(6) testimony from Mr. Reilly. The parties eventually agreed that SS&C would give ACM an additional four hours of testimony from Mr. Reilly as SS&C's 30(b)(6) witness. The continued deposition was scheduled for June 7, 2018.

Honorable Jeffrey A. Meyer
June 13, 2018
Page 2

On June 1, 2018, ACM served on SS&C a second 30(b)(6) deposition re-notice that included amended topics of testimony for the additional agreed-upon four hours. (Attached hereto as Exhibit 1). The five granular topics identified in the Notice included topic 7 "[t]he full and complete factual basis for Your. . . 2/6/2018 responses to ACM's Interrogatory Nos. 10-17. . . ."

At the end of the day on June 6, 2018, SS&C served upon ACM a supplemental interrogatory response to the aforementioned Interrogatory 10 to ACM's Second Set of Interrogatories. That Interrogatory asked SS&C to "[i]dentify all reasons You believe that CAMRA was not implemented for ACM. Include in Your answer an identification of the Communications and Documents that support each reason You identify, the Communications and Documents in which You told ACM about each such reason, ACM's response, and the actions You took to remedy such reasons." SS&C's supplemental response did not present any new information or produce or refer to any new documents. Rather, it expanded upon the narrative that was presented in the initial response to Interrogatory 10, and provided reference to specific Bates numbered documents that had previously been produced by both parties.

As a result of service of SS&C's Supplemental Interrogatory response, ACM requested postponement of SS&C's continued 30(b)(6) deposition, which had been scheduled for the following day. ACM requested an additional day to prepare. SS&C's continued 30(b)(6) deposition was then held on Friday, June 8, at which Mr. Reilly testified for an additional four hours.

After a combined eleven hours of testimony time with SS&C's 30(b)(6) witness, ACM notified SS&C that it  was requesting still more  30(b)(6) testimony time. ACM appears to argue that SS&C's 30(b)(6) witness was still unprepared on certain issues, and requested the deposition of SS&C employee Manoj Chacko as a replacement 30(b)(6) witness on those issues. Further, ACM claimed that it is entitled to an additional four hours of testimony with Tim Reilly based on the Supplemental Interrogatory.

As discussed below, ACM has more than exhausted a proportional amount of deposition time and this Court should deny its requests for further time, as it is burdensome, harassing, and disproportionate to the needs of the case.

## II.   SS&C's Position

### A.   ACM is Not Entitled to Additional Time With SS&C's 30(b)(6) Witness

ACM has already deposed SS&C's 30(b)(6) witness for a collective eleven hours, exceeding the seven-hour limit of the Federal Rules. ACM argues that it is entitled to additional time to question Tim Reilly on the Supplemental Interrogatory response, which was served on ACM on June 6, 2018.

Honorable Jeffrey A. Meyer
June 13, 2018
Page 3

But SS&C's supplemental interrogatory response provides no basis to burden Mr. Reilly with a *third* deposition. The interrogatory response was supplemented while preparing SS&C's 30(b)(6) witness on his testimony on that very topic. The supplement in fact should have aided ACM in providing a roadmap for the witness' testimony. None of the information in the supplemental response was new, and no new documents were produced along with it. The response merely added additional details to the outline of problems ACM created on the project by quoting from and citing specific documents that had been previously produced in discovery, or information that had all otherwise been testified to in the twenty depositions held previously. Indeed, ACM has not pointed to any single piece of information it claims to be new.

Further, ACM already requested and SS&C agreed to additional time to prepare for SS&C's 30(b)(6) deposition based upon the Supplemental Interrogatory response, and the deposition was pushed back a day. ACM has not identified how it was unable to prepare for examination on the material disclosed in the supplemental response during that additional time that it hopes to accomplish now.

ACM has exhausted its time for 30(b)(6) testimony, and cannot show any good cause why it should be entitled to burden SS&C and its witness with a third 30(b)(6) deposition.

### B.  ACM is Not Entitled to an Additional 30(b)(6) Witness

ACM also seeks to take the deposition of SS&C employee Manoj Chacko as a supplemental 30(b)(6) witness to testify on behalf of the company on certain issues ACM claims SS&C's 30(b)(6) witness was unprepared. ACM's basis for this request appears to be that Tim Reilly was not sufficiently prepared to testify on issues related to the parties' data-sharing with third parties, namely Bank of NY Mellon and CitiBank. However, Mr. Reilly provided answers to these questions. The fact that the answers may not have been what ACM hoped to hear does not entitle ACM to choose a new corporate representative of SS&C and burden SS&C with an *additional* deposition on top of the *eleven* 30(b)(6) testimony hours it has already taken, and the additional four it seeks in this dispute, described above. Such a request is nothing more than unduly burdensome. The fact remains that SS&C designated and prepared Mr. Reilly as its corporate representative in good faith. That Mr. Reilly may not have given an ideal answer on a discrete issue does not entitle ACM to a new 30(b)(6) witness, let alone one of its choosing.

Further, if SS&C's 30(b)(6) testimony were deficient, which it is not, the remedy would be for SS&C to choose a new witness, not for ACM to designate one. *See Sony Elecs., Inc. v. Soundview Techs., Inc.,* 217 F.R.D. 104, 112 (D. Conn. 2002)("If it becomes obvious that Sony's designee is deficient, Sony is obligated to provide a substitute.")

Honorable Jeffrey A. Meyer
June 13, 2018
Page 4

SS&C will respond to this argument in further detail in its reply after learning the specifics of ACM's argument in its opening brief.

We look forward to conferring with the Court to resolve this matter.  Thank you for your time.

Very Truly Yours,

*/s/ Kevin O'Connor*
Kevin O'Connor

cc:     All counsel of record via ecf