# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Joseph Mamounas
305-789-7491
joseph.mamounas@hklaw.com

June 13, 2018

*Via CM/ECF*

Honorable Jeffrey A. Meyer
U.S. District Judge, District of Connecticut
Richard C. Lee United States Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

      Re:     *ARMOUR Capital Mgmt. LP v. SS&C Techs. Inc.*, No. 17-cv-00790-JAM.

Dear Judge Meyer:

In accordance with ECF No. 106, ACM[1] respectfully requests leave to conduct two depositions.

First, ACM seeks to continue the Rule 30(b)(6) deposition of SS&C for an estimated four hours based on its designated witness's lack of knowledge and preparation, and SS&C's ambush of ACM with a drastically expanded interrogatory response the evening before the scheduled deposition. Second, ACM seeks to depose Manoj Chacko for at least an estimated three hours. Mr. Chacko, who has not been deposed, works in SS&C's Outsourcing Technology Services ("OTS") group responsible for connecting SS&C to ACM's third-party data sources. This request also results from the inability of SS&C's Rule 30(b)(6) witness to give testimony relating to these data sources.

### *Relevant Background*

Among many others, ACM asserts that SS&C made pre-contractual misrepresentations about its ability to connect CAMRA to several third-party data sources and the nature and features of those connections. To prove that these misrepresentations were made negligently, ACM must show that SS&C knew or should have known that the misrepresentations were false. *Stuart v. Freiberg*, 116 A.3d 1195, 1204 (Conn. 2015). "[A]n innocent misrepresentation of fact may be actionable if the declarant has the means of knowing the truth, ought to know, or has the duty of knowing the truth." *Williams Ford, Inc. v. Hartford Courant Co.*, 657 A.2d 212, 220 (Conn. 1995). Thus, SS&C's pre-contractual knowledge of or access to information about connecting to third-party sources, including variables in doing so, past problems and fixes, and work to validate its representations to ACM, for example, are relevant to whether SS&C acted reasonably and are discoverable.

---

[1] All capitalized terms have the same meaning as in ECF Nos. 68 and 71.

Hon. Jeffrey A. Meyer
June 13, 2018
Page 2

Likewise, the reasons SS&C's implementation of CAMRA for ACM never completed are relevant and discoverable. These reasons relate not only to the causal effect of SS&C's pre-contractual misrepresentations to ACM, but also to whether SS&C is liable to ACM for breach of contract, as the operative contract provides a "success[]" standard for the "Completion of Implementation." Further, SS&C has asserted affirmative defenses of unclean hands and contributory negligence, among others, against ACM. In December 2017, ACM served an interrogatory on SS&C asking for an identification of all the reasons the implementation was incomplete; responding in February 2018, SS&C identified the reasons it asserts that the implementation was delayed. Notably, not one of those reasons was described to have been caused by the actions of SS&C.

ACM sought Rule 30(b)(6) testimony on these topics—i.e., connectivity to third-party data sources and reasons implementation was not completed—from SS&C. ACM first identified these topics to SS&C on April 27, 2018,[2] and SS&C did not object. As such, SS&C was obligated to designate a witness with sufficient familiarity with the topics to "be able to give complete, knowledgeable, and binding answers on its behalf." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 269 (2d Cir. 1999) ("when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject.").

### *SS&C's Rule 30(b)(6) Witness Was Unprepared and SS&C Ambushed ACM*

SS&C designated Timothy Reilly as its Rule 30(b)(6) witness; the deposition began on May 10, 2018. Mr. Reilly was not prepared to answer questions about connections to third-party data sources, and SS&C's counsel agreed to "make an accommodation" to "address that."[3] In fact, Mr. Reilly was unable to respond to much of ACM's examination, responding "I don't know" (or similar) more than 100 times, including in response to questions about the two topics at issue.

ACM continued the deposition on the condition that SS&C later would allow for time with a fully prepared witness on the unanswered topics. The next day, ACM noticed the deposition of Mr. Chacko, among others, in an abundance of caution given the fact discovery cutoff. During a later meet and confer, ACM requested four further hours of examination with a different Rule 30(b)(6) witness or, because of his evasive and non-responsive testimony (in addition to his lack of preparation), seven hours with Mr. Reilly. SS&C agreed to neither and instead proposed four hours with what its counsel represented would be a "fully prepared" Mr. Reilly. SS&C also requested that ACM issue a narrowed list of topics on which ACM sought testimony.

---

[2] *See* Amended Notice of Taking Videotaped Deposition of SS&C Technologies Inc., attached as Ex. A.

[3] (SS&C Rule 30(b)(6) Dep. Tr. 279:10-24 ("MR. MAMOUNAS:· Before we continue, Mr. O'Connor and I had a conversation offline concerning testimony on the [third-party data source] issues, and we're going to reserve so that we can confer regarding testimony, perhaps from another witness, or from this witness, after our additional preparation, concerning the line of questioning that we had dedicated on that issue.· So I think we agreed that we will talk about making an accommodation on that next week, and we'll reserve some time in order to take care of that. MR. O'CONNOR:· We'll discuss that next week, to make an accommodation.· Yeah, I don't -- I don't agree with the characterization, but I think we will work collaboratively to try to address that.")

Hon. Jeffrey A. Meyer
June 13, 2018
Page 3

On May 30, 2018, ACM provided SS&C the narrowed re-notice of its Rule 30(b)(6) deposition, as requested.[4]  The notice reduced by half the number of topics (from ten to five) and also provided further, explicit detail regarding the remaining topics to ensure that SS&C had unmistakable notice of the topics on which ACM sought testimony and could not omit any from its preparation.

ACM began the continued deposition of Mr. Reilly on June 8, 2018, and, once again, it soon became clear that he was no more prepared than before.  By ACM's calculation, Mr. Reilly was unable to respond to more than 70 questions by ACM's counsel, all of which related to the topics ACM previously had identified to SS&C multiple times.[5]  Critically. Mr. Reilly answered "I don't know" or "I'm not aware" to almost all questions about third-party data sources.  For example:

> Q. My question for this third time [is] did SS&C prior to the Armour contract ask Citi what would be required to set up access set up an interface -- excuse me -- with Citi as Armour's custodian? A. I don't know.  Q.  Did SS&C, prior to the Armour contract, give any thought to the type of portal that was available with at [sic] Citi as Armour custodian for purposes of connecting to CAMRA?  A. I don't know.  Q. Did SS&C give [any] consideration to the type of feed that was available at Citi prior to the Armour contract for purposes of connecting to Citi as Armour's custodian?  A. I don't know.  Q.  Prior to the [Armour] contract did SS&C share[ its] CAMRA ready format with Citi?  A.  I don't know.

(SS&C 30(b)(6) 6/8/2018 Dep. Tr. at 161:6-162:4.)  By providing an unprepared witness, twice, SS&C has effectively failed to appear as required by Rule 30(b)(6).  *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) ("Producing an unprepared witness is tantamount to a failure to appear.") (citations and quotations omitted).

Further, after business hours the evening before Mr. Reilly's continued deposition, SS&C served ACM with a dramatically expanded answer to ACM's December 2017 interrogatory about the incomplete implementation.  SS&C did so without any advance notice to ACM.  SS&C's amended response was nearly six times longer than SS&C's February 2018 response (1,804 words versus just 315 words), raised a multitude of issues, and cited at least 50 additional documents to support SS&C's allegation that ACM delayed the implementation.  ACM planned SS&C's continued Rule 30(b)(6) deposition based on SS&C's initial February 2018 response, and it could not, and never would, have agreed to only four additional hours to examine Mr. Reilly had ACM it received SS&C's response in February 2018.  The Court should not countenance SS&C's effort at surprise and trial by ambush, which inevitably caused ACM's inability to complete inquiry on this topic.

---

[4] The Re-Notice of Taking Continued Videotaped Deposition of SS&C Technologies Inc. (Four Hours, by Agreement) is attached as Exhibit B.

[5] As of this submission, only a draft of the transcript of the June 8 deposition is available.  ACM will supplement the record with the transcript once the final version becomes available.

Hon. Jeffrey A. Meyer
June 13, 2018
Page 4

### *The Court Should Grant ACM Leave to Depose Manoj Chacko for at Least Three Hours*

SS&C had notice that ACM would be asking detailed questions about its third-party data sources. SS&C did not make any specific objections to this topic.

Remarkably, on June 8, Mr. Reilly could not answer any of the questions on this topic and routinely deferred to other witnesses who would have better knowledge. In fact, Mr. Reilly testified that SS&C's "OTS and other data administrators would have good knowledge of [these issues]." For example, Mr. Reilly did not know whether SS&C confirmed that trading and historical data from one data source would be available during implementation or whether SS&C asked the data source about the requirements to set up an interface before pitching CAMRA to ACM. Similarly, Mr. Reilly did not know when SS&C first established feeds with certain third-party data sources at issue, whether SS&C asked a data source if it could provide trading data to SS&C in a CAMRA ready format or whether SS&C had talked with that data source, at any point, about data formatting. Mr. Reilly did not know if the data source had ever provided data to SS&C that were in CAMRA ready format or whether SS&C had ever normalized files from the data source. He also was unable to answer basic questions about "Workbench" or "Velocity," despite ACM naming them in the notice and the role they played in the connections at issue in this case.

As a result of Mr. Reilly's lack of familiarity with the topic of third-party data sources, ACM is left to depose Mr. Chacko, who is a consultant in OTS and worked on connecting third-party data sources to CAMRA for ACM. As best ACM can tell, Mr. Chacko is the person best-suited to testify on this issue. ACM noticed Mr. Chacko's deposition on May 11, 2018. The Court should allow ACM to take it. ACM estimates the inquiry will require approximately three hours.

### *The Court Should Grant ACM Four Hours to Conclude the Rule 30(b)(6) Deposition*

ACM also respectfully requests that the Court enter an Order requiring SS&C to produce a Rule 30(b)(6) for an additional four hours of examination, so that it may complete its questioning on SS&C's late-amended interrogatory response. *See Hannah v. Wal-Mart Stores, Inc*., Case No. 12-cv-1361, 2014 WL 3735613, at *2-3 (D. Conn. July 28, 2014) (granting plaintiff an additional four hours to depose corporate representative that had previously failed to answer a number of relevant questions). ACM was unable to fully examine SS&C on its amended interrogatory response due to SS&C's late service of it and the dramatically expanded scope of the response. *See Am. Stock Exch., LLC v. Mopex, Inc*., 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (emphasizing that the purpose of Fed. R. Civ. P. 26 and 37 is "to avoid surprise or trial by ambush").

### *The Court Should Award ACM Attorneys' Fees and Costs*

As a result of the foregoing, ACM is entitled to reasonable expenses, including attorneys' fees, incurred in connection with SS&C's Rule 30(b)(6) deposition and the drafting of the instant motion. *See* Fed. R. Civ. P. 37; *Coty Inc. v. Excell Brands, LLC*, No. 15-cv-7029, 2016 WL 7187630, at *1-3 (S.D.N.Y. Dec. 9, 2016) (awarding plaintiffs "reasonable expenses, including attorney's fees, caused by [defendant's] failure to produce adequately prepared witnesses, including the attorney's fees incurred in connection with both Rule 30(b)(6) depositions" and in preparing the discovery motions filed with the court); *Spanski Enterprises, Inc. v. Telewizja Polska, S.A*., Case No. 07-cv-930, 2009 WL 3270794, at *1-5 (S.D.N.Y. Oct. 13, 2009) (awarding

Hon. Jeffrey A. Meyer
June 13, 2018
Page 5

"expenses in deposing the useless witnesses provided by [defendant], as well as [] expenses in preparing and filing" the motion for discovery sanctions).

ACM expended considerable time, money, and effort preparing to depose SS&C's corporate representative, who was unprepared and unable to testify about a number of issues that had previously been noticed. *See Colon v. Metro-N. Commuter R.R. Co.*, No. 13-cv-00325-JAM, 2017 WL 1375166, at *2-3 (D. Conn. Apr. 10, 2017) (ordering defendants to pay all costs and attorney's fees incurred in connection with the Rule 30(b)(6) deposition). ACM's corporate representatives and counsel flew to New York from Florida for the deposition, incurring flight and hotel expenses. One of ACM's corporate representatives, who had then flown from New York to Boston on other business, was forced to alter his travel plans and return to New York after SS&C served its belated amended interrogatory response. SS&C's failure to produce a prepared Rule 30(b)(6) witness, despite repeated warnings, entitles ACM to reasonable expenses incurred in connection with Mr. Reilly's deposition. *See Coty*, 2016 WL 7187630, at *1-3; *Spanski Enterprises,* 2009 WL 3270794, at *1-5. ACM is likewise entitled to "reasonable expenses incurred in making th[is] motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).[6]

Respectfully submitted,

HOLLAND & KNIGHT LLP


/s Joseph Mamounas

Joseph Mamounas

CC:     All counsel of record.

---

[6] Undersigned counsel attempted in good faith to file this letter brief by 5:00 p.m. but was not able to access the Court's CM/ECF website, due to system maintenance.