# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Joseph Mamounas
305-789-7491
joseph.mamounas@hklaw.com

June 14, 2018

*Via CM/ECF*

Honorable Jeffrey A. Meyer
U.S. District Judge, District of Connecticut
Richard C. Lee United States Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

      Re:    *ARMOUR Capital Mgmt. LP v. SS&C Techs. Inc.*, No. 17-cv-00790-JAM.

Dear Judge Meyer:

ACM respectfully submits this brief rejoinder to SS&C's letter brief (ECF No. 107).[1]

Rule 30 provides that "the court *must* allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1) (emphasis added). SS&C does not claim that ACM had adequate time to "fairly examine" SS&C or that SS&C's and its witness's, Mr. Reilly's, conduct did not "impede[] or delay[] the examination." Rather, as ACM explains in its letter brief (ECF No. 108) and below, SS&C and Mr. Reilly indeed prevented ACM's "fair" examination.

Similarly, Rule 30 also provides that "the court *must* grant leave to the extent consistent with Rule 26(b)(1) and (2)" if "the deposition would result in more than 10 depositions." Fed. R. Civ. P. 30(a)(2)(A)(ii) (emphasis added). SS&C does not argue that the matters on which ACM seeks to depose Mr. Chacko are irrelevant, ACM's examination would be cumulative or duplicative, or ACM's prior questioning was outside of the noticed topics. Rather, ACM has tried *twice* to obtain the discovery through a Rule 30(b)(6) deposition of SS&C, but its designee was unprepared.

On these grounds alone, ACM should be granted leave to take the depositions it requests. And SS&C's arguments in opposition underscore the need for the depositions under the circumstances.

### *ACM Is Entitled to Continue Its Rule 30(b)(6) Deposition of SS&C*

Principally, SS&C claims its trial-by-ambush service of an amended interrogatory response the night before Mr. Reilly's continued deposition raised no new information. But there is no dispute SS&C served its response months late. The response should have been served in February 2018 if, as SS&C claims, it does not cite any previously undisclosed information or documents.

---

[1] All capitalized terms have the same meaning as in ECF No. 108.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Hon. Jeffrey A. Meyer
June 14, 2018
Page 2

And significantly, what is new is the response now identifies, for the first time, manifold additional facts and documents as reasons for the delayed implementation—in response to an inquiry ACM made in December 2017. SS&C's new response adds at least **5 new reasons** the implementation was delayed and cites to more than **90 documents** not identified in the initial response.[2]

Second, SS&C claims ACM already has deposed Mr. Reilly for 11 hours. But SS&C also admits ACM continued the deposition for 4 hours because of Mr. Reilly's unpreparedness during the first 7 hours. (ECF No. 108 at 2 and n.3.) At any rate, the prior length of inquiry does not dictate whether the "[t]he court must allow additional time." See Fed. R. Civ. P. 30(d)(1). ACM's prior inquiry of SS&C was planned and predicated in large part on SS&C's initial, February 2018 interrogatory response. SS&C's late service of its amended response made completing ACM's inquiry on the issues in that response and other outstanding matters, including third-party data sources (on which Mr. Reilly was entirely unprepared), within 4 hours on June 8 impossible.

The bottom line is ACM needs to complete its deposition of SS&C on a late-served interrogatory response about a central issue: the reasons SS&C claims the implementation was delayed. This is especially important because testimony ACM has elicited on initial elements of the response, as now amended, shows that SS&C's claims fall apart under scrutiny. For example, SS&C claimed the implementation was substantially delayed by ACM's purported initial failure to provide data, but Mr. Reilly admitted the issue was limited to 50 data points and ACM provided them to SS&C the day after it notified ACM. Similarly, Mr. Reilly admitted that SS&C's new claim in the amended interrogatory response that ACM delayed providing data to SS&C about an increase in "non-agency securities from under $100 million to approximately $1 billion" was wrong.

SS&C seeks to deny ACM a full and fair examination on SS&C's own claims in the amended interrogatory response. This defeats the purpose of Rule 30(b)(6). *Sony Elecs., Inc. v. Soundview Techs., Inc.*, 217 F.R.D. 104, 111-12 (D. Conn. 2002); *Cipriani v. Dick's Sporting Goods, Inc.*, No. 12-cv-910-JBA, 2012 WL 5869818, at *2 (D. Conn. Nov. 19, 2012) (Rule 30(b)(6) purpose is to "tie down the definitive positions" of corporation). The deposition should be allowed.

### *ACM Is Entitled to Depose Manoj Chacko*

SS&C misconstrues ACM's notice of deposition to Mr. Chacko, which ACM served before the discovery cutoff. ACM does not intend for Mr. Chacko to serve as a "supplemental 30(b)(6) witness" but as a fact witness, given his personal knowledge of SS&C's efforts to connect third-party data sources to CAMRA and Mr. Reilly's repeated inability to testify on such efforts.

---

[2] The amended interrogatory response is attached at Exhibit A. The newly-cited documents include SSC13800, SSC136989, SSC120834, SSC25693, SSC59366, SSC51633, SSC141307, SSC50131, ACM13612, ACM14525, SSC144471, SSC150302, SSC150289, ACM70857, SSC25958, SSC33755, SSC61851, SSC27552, SSC25919, SSC27568, SSC117472, SSC120723, SSC117412, SSC146716, SSC146721, SSC25443, SSC25468, SSC54130, ACM23531, SSC26931, SSC27151, ACM20384, SSC29725, SSC150852, SSC122343, SSC49980, SSC136261, SSC45037, SSC45057, SSC140985, SSC46189, SSC46296, SSC142635, SSC47535, SSC48164, SSC48167, SSC48242, SSC53299, SSC53718, SSC144988, SSC745810, SSC136389, SSC141235, SSC113986, SSC144021, SSC116862, SSC146767, SSC150421, SSC136801, SSC136460, SSC144002, SSC33950, SSC136434, SSC11284, SSC14797, SSC14807, SSC15046, SSC15116, SSC17173, SSC17190, SSC19373, SSC136645, SSC136858, SSC136866, SSC45054, SSC45085, SSC141025, SSC45509, SSC45584, SSC45640, SSC46203, SSC103669, SSC10615, SSC10976, SSC136279, SSC136299, SSC33932, SSC13796, SSC136333, SSC141286, and SSC143734.

Hon. Jeffrey A. Meyer
June 14, 2018
Page 3

Moreover, Mr. Reilly's litany of "I don't know" (or similar) answers in both depositions on the topic of connecting third-party data sources to CAMRA is more than simply not what ACM "hoped to hear." (ECF No. 107 at 3.) It instead defeats the purpose of Rule 30(b)(6) and requires ACM to depose a fact witness with knowledge of the topic, Mr. Chacko. Mr. Reilly's evasive and at times argumentative[3] responses prove that no amount of preparation will enable him to answer ACM's questions on third-party data sources. As Mr. Reilly himself testified, "I don't work in the OTS group on a day-to-day basis, so I think, if you're really trying to get into the specifics around how that data is transformed and the exact steps in the transformation and uploading process, I'm not going to be the best person to answer that in that level of detail." Mr. Chacko worked in OTS and was directly involved in the process to connect to third-party data sources for ACM, and Mr. Reilly testified that he spoke with Mr. Chacko about "data transfer into CAMRA."

For all the foregoing reasons, and those cited in ECF No. 108, ACM respectfully requests that the Court allow it to continue the deposition of SS&C's 30(b)(6) witness for an additional four hours and to take the deposition of Mr. Chacko for at least three hours. *See Ryan v. Paychex*, No. 3:08cv1151 (WWE), 2009 WL 2883053, at *1 (D. Conn. Sept. 1, 2009) (ordering additional seven hours with witness due to disruptions during deposition and late disclosure of documents); *Sony Elecs., Inc.*, 217 F.R.D. at 112 (ordering deposition of another witness in place of 30(b)(6) witness who had "gaps in his knowledge" and gave "evasive (and at times obnoxious) answers").

Finally, the Court also should award ACM its attorney's fees and costs incurred in connection with its Rule 30(b)(6) depositions of SS&C and bringing this motion. SS&C's failure to designate an adequately prepared (and its supply of an argumentative and evasive) witness rendered a large portion of Mr. Reilly's depositions wasteful; SS&C's long-overdue, late service of its amended interrogatory response undermined ACM's plan for and completion of inquiry on a central issue in this case in the allotted four hours; and SS&C's refusal to stipulate to its continued deposition and to the deposition of Mr. Chacko have resulted in needless motion practice.

                              Respectfully submitted,

                              HOLLAND & KNIGHT LLP

                              /s Joseph Mamounas

                              Joseph Mamounas

CC:    All counsel of record.

---

[3] Q. Okay. Well, my question to you is whether SS&C has records reflecting [ACM's] access of the CAMRA system in May of 2016? A. How do you define access? Q. How do you define access to a software program, sir? A. You're asking the question, not --not me. Q. You're the witness. Do you understand what access to a software platform means? A. I think access can mean different things, that's why I'm asking you for some level of specificity so I can be responsive to your question. Q. Okay. Is it SS&C's position that it's possible to use CAMRA without logging into it? A. I'm not sure. (6/6/2018 T. Reilly Tr. at 40:5-41:10.)