

20 Church Street
Hartford, CT 06103-1221

p: 860-725-6200   f: 860-278-3802
hinckleyallen.com

June 14, 2018

**VIA CM/ECF ELECTRONIC FILING**

Honorable Jeffrey Alker Meyer
Richard C. Lee United States Courthouse
141 Church Street
New Haven, Connecticut 06510

      Re:    <u>Civil Docket No. 17cv790</u>
                <u>*Armour Capital Management, LP v. SS&C Technologies, Inc.*</u>

Dear Judge Meyer:

      This letter brief serves as SS&C's reply to ACM's letter brief filed on June 14, 2018 (Doc. No. 108) with respect to the present discovery dispute.

      **A.  ACM Has Not Shown Any Basis for Additional 30(b)(6) Testimony.**

      ACM melodramatically argues that SS&C has engaged in "trial by ambush" in serving a supplement to its response to one interrogatory the day before SS&C's 30(b)(6) witness was scheduled to be deposed for a second time. In fact, SS&C properly supplemented a single response with information that had already been produced, and ACM *already* received postponement of the deposition and additional time to prepare after receiving the supplement.

      During the second day of the deposition, ACM's counsel wasted considerable time on a series of irrelevant or coercive questioning.  The wasteful and coercive topics lines of question included, *inter alia*, (i) repeated questions on whether the witness understands the penalties of perjury; (ii) the legal requirements of Sarbanes Oxley; (iii) Mr. Reilly's general experience about when companies convert from legacy, asset-accounting systems to new systems; and (iv) the existence, terms of, and inquiries associated with written "Requests for Proposal" of other SS&C clients.

      ACM now seeks an additional four hours of deposition time with a 30(b)(6) witness, *in addition to* the additional 30(b)(6) witness it also seeks in this discovery dispute, discussed below. ACM claims to need the additional time because it was unable to examine SS&C fully on its amended interrogatory response. (ACM's Letter Br., p.4). But as discussed in SS&C's opening letter brief, the supplemental answer did not include any new information or documents.[1] It merely collected information previously been identified in SS&C's interrogatory responses and/or discussed in extensive testimony. By agreement,

---

[1] SS&C does not attach its supplemental response to Interrogatory 10 to this letter brief due to the response's discussion of documents marked "Confidential," but SS&C will promptly provide it to the Court under seal upon request by the Court.

Honorable Jeffrey A. Meyer
June 14, 2018
Page 2

the parties deferred the second day of the Rule30(b)(6) deposition by a full day to accommodate ACM. Plaintiff's letter brief fails to identify any new information as to which ACM requires additional testimony and, indeed, there is none.

Furthermore, contrary to ACM's contention, Mr. Reilly was well-prepared for both days of the Rule 30(b)(6) deposition. For example, in preparation for his second day, he testified that he spoke 10 different SS&C employees (including Manoj Chacko[2]), attended the deposition of two other witnesses (each of whom had headed the unit that handles CAMRA implementations at SS&C), re-read relevant portions of the deposition testimony of at least three other witnesses, and prepared and reviewed the supplemental interrogatory answer that identifies by specific bates-number more than 70 documents relevant to the lines of questioning at issue in the second day of questioning. Mr. Reilly answered questions for almost 11 hours as 30(b)(6) witness in total, so the fact that he did know the answer to every question asked on 10 topics with countless (and changing) sub-parts should come as no surprise. In many instances, he referred ACM's counsel the business records (such as weekly reports provided by SS&C to ACM), that contained the relevant information.

### B. ACM is Not Entitled to Take the Deposition of Manoj Chacko.

ACM claims that it should be entitled to an additional deposition of Manoj Chacko based on SS&C's purported inability to provide sufficient 30(b)(6) testimony on SS&C's "ability to connect CAMRA to several third-party data sources and the nature and features of those connections." (ACM's Br., p. 1). Specifically, ACM seeks testimony on "SS&C's pre-contractual knowledge of or access to information about connecting to third-party sources, including variables in doing so, past problems and fixes, and work to validate its representations to ACM. . . ." (*Id.*). ACM should not be permitted to additional testimony on this topic for at least two reasons: (1) this specific topic was not noticed in ACM's 30(b)(6) deposition notice nor was it an allegation in ACM's complaint; (2) SS&C's 30(b)(6) witness did sufficiently testify on these topics.

First, data connectivity was not a topic of testimony noticed by ACM; therefore SS&C cannot be sanctioned for improperly preparing its witness on this topic. ACM claims that it sought testimony on "connectivity to third-party data sources" in its deposition notice dated April 27, 2018, attached to ACM's brief as Exhibit A. But nowhere in that deposition notice is there any mention of connectivity to third-party data sources, let alone *pre-contractual* knowledge, nor any broader topic that would encompass these issues. Further, there is no specific allegation regarding data connectivity issues in ACM's Amended Complaint. ACM cannot argue that SS&C's witness was required to be prepared on that topic. The parties agreed to an additional four hours of deposition testimony to cover any alleged insufficiencies in the previously-noticed topics, not to add any new topics. ACM's amended deposition notice, served less than a week before the continued deposition, improperly purported to add new topics. That notice, attached to ACM's brief as Exhibit A, asked in relevant part about pre-contractual knowledge of SS&C's "process for

---

[2] (Reilly Tr. 6/8/18 232:5).

Honorable Jeffrey A. Meyer
June 14, 2018
Page 3

testing, establishing, and verifying data feeds with custodians. . . ." (*see* topic no. 10). But SS&C objected to ACM's addition of new, irrelevant, and overbroad topics by letter dated June 5, 2018. (Attached hereto as Exhibit A). Because pre-contractual data connectivity was not properly noticed as a deposition topic of testimony and was not part of the allegations of ACM's Amended Complaint, SS&C cannot be held to have not fully prepared its witness on this issue. Further, ACM's statement that Mr. Reilly was "unable to respond to more than 70 questions by ACM's counsel" is misleading and irrelevant, as many of ACM's counsel's questions were unduly granular, related to other clients, and pertained to issues not identified in the deposition notice. *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 36 (2d Cir. 2015)(sanctions were not warranted against an allegedly unprepared 30(b)(6) witness where his statements of "I don't know" were the result of the questioning attorney's various "surprise" topics and hypothetical scenarios not identified in the deposition notice).

Second, SS&C's 30(b)(6) witness, Senior Vice President Timothy Reilly, offered sufficient testimony on third-party data connectivity, and there is no additional useful information that could be gleaned through additional testimony. In response to ACM's questioning, Reilly testified that SS&C had longstanding relationships with third-party data sources including CitiBank and BONY, as it had worked with them extensively for many other clients. (Reilly Tr. 6/8/18 398:12-401:15)[3]. Mr. Reilly also testified that, with respect to establishing connections with certain third-party data providers and testing those connections, bore contractual responsibility. (Reilly Tr. 6/8/18 286:24-287:9).[4]

### C. There is No Basis for Awarding ACM Attorneys' Fees.

There is simply no basis for awarding ACM any attorneys' fees or costs. As discussed above, SS&C's witness was adequately prepared on all topics properly noticed, and SS&C made him available for several hours beyond the seven-hour limit. *See Hannah v. Wal-Mart Stores, Inc.,* No. 3:12CV1361 JCH, 2014 WL 3735613, at *3 (D. Conn. July 28, 2014)("the Court is reluctant to find that [30(b)(6) witness] was an inadequate 30(b)(6) witness, as she did offer nearly seven (7) hours of substantive testimony"). The one topic for which ACM alleged deficiency was sprung on SS&C just days before the deposition, and SS&C properly objected. *See Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) ("[F]or the Court to impose sanctions in connection with a Rule 30(b)(6) deposition, "the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas.")

We look forward to conferring with the Court to resolve this matter. Thank you for your time.

---

[3] SS&C does not attach the cited transcript pages this letter brief due to their "Confidential" designation, but SS&C will promptly provide it to the Court under seal upon request by the Court.
[4] Reilly testified: "Armour had the responsibility for working with any of the – data providers whether that's internal or external. So the agreement required that – that Armour obtain the information from its data sources. . . ."

▶ ALBANY ▶ BOSTON ▶ CONCORD ▶ HARTFORD ▶ NEW YORK ▶ PROVIDENCE

HINCKLEY, ALLEN & SNYDER LLP, ATTORNEYS AT LAW
57848472 v1

Honorable Jeffrey A. Meyer
June 14, 2018
Page 4

                                                    Very Truly Yours,

                                                    */s/ Kevin O'Connor*
                                                    Kevin O'Connor

cc:     All counsel of record via ecf

▶ ALBANY ▶ BOSTON ▶ CONCORD ▶ HARTFORD ▶ NEW YORK ▶ PROVIDENCE

HINCKLEY, ALLEN & SNYDER LLP, ATTORNEYS AT LAW
57848472 v1