IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, | Case No. 17-cv-00790-JAM |
| Plaintiff, | |
| | May 7, 2018 |
| v. | |
| SS&C TECHNOLOGIES INC. | |
| Defendant. | |

**SECOND AMENDED NOTICE OF TAKING**
**<u>VIDEOTAPED DEPOSITION OF SS&C TECHNOLOGIES INC.</u>**

To:   All Counsel of Record

    PLEASE TAKE NOTICE that the undersigned will take the videotaped deposition of:

**NAME:**             SS&C Technologies Inc.

**DATE:**             May 10, 2018

**TIME:**             9:00 A.M.

**LOCATION:**    Holland & Knight LLP
                          701 Brickell Avenue, Suite 3300
                          Miami, FL
                          Tel.: (305) 374-8500

**VIDEOGRAPHER:** U.S. Legal Support
                          One Southeast Third Avenue
                          Suite 1250
                          Miami, FL 33131
                          Tel.: (305) 373-8404

    As required by Federal Rule of Civil Procedure 30(b)(6), SS&C must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf on each topic listed on Exhibit A. The person or persons designated must testify about information known or reasonably available to SS&C on each topic listed on Exhibit A.

Case No. 17-cv-00790-JAM

The deposition will be taken before a court reporter, Notary Public, in and for the state of Florida at large or some other officer duly authorized by law to take depositions. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

Dated: May 7, 2018

Respectfully Submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Christopher M. Cerrito*
Christopher M. Cerrito (ct17183)
One Stamford Plaza
263 Tresser Boulevard, Suite 1400
Stamford, CT 06901
Phone: (203) 905-4500
Fax: (203) 724-3944
E-mail: chris.cerrito@hklaw.com

and

By: */s/ Allison Kernisky*
Joseph Mamounas (phv09010)
joseph.mamounas@hklaw.com
Allison Kernisky (phv09011)
allison.kernisky@hklaw.com
701 Brickell Avenue
Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

*Counsel for ARMOUR Capital Management LP*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2018, a copy of the foregoing document was served on counsel of record via email and U.S. mail.

By: */s/ Allison Kernisky*
    Allison Kernisky (phv09011)

**EXHIBIT A**

**A.     Definitions.**  The following definitions apply to this Notice of Deposition:

1.     "Document," "Communication" and "Concerning" have the same meaning as in ACM's Second Request for Production of Documents dated December 22, 2017, and includes electronically-stored information or "ESI."

2.     "Amended Complaint" means the First Amended Complaint and Demand for Jury Trial filed by ACM in this action on July 13, 2017.

3.     "ACM" means Plaintiff, ARMOUR Capital Management LP, and its employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every person or entity acting on its behalf or at its direction.

4.     "SS&C," "You" and "Your" means Defendant, SS&C Technologies Inc., and its employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every person or entity acting on its behalf or at its direction.

5.     "Bimini" means Bimini Capital Management Inc., and its employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every person or entity acting on its behalf or at its direction.

6.     "Answer and Counterclaims" means the Answer to First Amended Complaint and Counterclaims filed by SS&C in this lawsuit on April 2, 2018.

7.     "Master Agreement" means the Master Agreement for Software, Maintenance and Support, Professional Services, and Other Services between ACM and SS&C dated December 19, 2014, including all incorporated attachments and Work Requests One, Two, and Three, as referenced in and attached to the Amended Complaint at Exhibits A-C.

8.     "CAMRA" means, collectively, the products and services offered by SS&C to ACM under the Master Services Agreement, including CAMRA, CI Manager, Impairments Manager, Report Express, TBA Dollar Roll, Extend, Swaps, or Debt & Derivatives, and all versions of such software and all related services, including maintenance, support, and hosting, as referenced at paragraph 28 of the Amended Complaint.

9.     "Including" means including but not limited to, and "discussing," "referring to," "referencing," "regarding," "reflecting," "relating to," "pertain to" or "pertaining to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting, concerning, relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

10.     "Person" or "Persons" shall mean any natural person, individual, corporation, real estate investment trust ("REIT"), partnership, joint venture, firm, voluntary or unincorporated association, other business association, entity or enterprise, proprietorship, trust, estate, governmental agency, board, authority, commission, bureau, department or such other governmental or quasi-governmental entity, group of natural persons, or other entity and includes any other natural person or person acting on behalf of a natural person in any capacity whatsoever.

Case No. 17-cv-00790-JAM

**B.       Matters on Which the Designated Person or Persons Must Testify.**

      1.       The actions You took to license CAMRA and/or sell any related services to ACM, including all related Communications and Documents You exchanged with ACM, the process by which You qualified CAMRA and/or any related services for ACM, and the factual basis for such actions, Communications, Documents, and process.

      2.       The actions You took to license CAMRA and/or sell any related services to Bimini, including all related Communications and Documents You exchanged with Bimini, the process by which You qualified CAMRA and/or any related services for ACM, and the factual basis for such actions, Communications, Documents, and process.

      3.       The Master Agreement, including all negotiations leading to the Master Agreement, the rights and responsibilities provided by the Master Agreement, and the factual basis for such Master Agreement, negotiations, rights, and responsibilities.

      4.       The implementation of CAMRA at ACM, including the responsibilities of You and ACM concerning such implementation, performance or non-performance of such responsibilities, completion or non-completion of such implementation, and factual basis for such implementation, responsibilities, performance, non-performance, completion, and non-completion.

      5.       The problems, difficulties, or delays in the implementation of CAMRA at ACM, including the factual basis for such problems, difficulties, or delays.

      6.       The problems, difficulties, or delays in the implementation of CAMRA at Bimini, including the factual basis for such problems, difficulties, or delays.

      7.       The factual basis for Your October 10, 2017 supplemental response to ACM's Interrogatory Nos. 3 and 5 and Your February 6, 2018 responses to ACM's Interrogatory Nos. 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, and 22, including Your knowledge or awareness of such bases on or before December 19, 2014.

      8.       Your allocation of resources with respect to the implementation of CAMRA at ACM or Bimini, and any TFS or Applix tickets for CAMRA in relation to ACM or Bimini, including the factual basis for such allocation and tickets.

      9.       The factual basis for the Answer and Counterclaims.

      10.     Your knowledge or awareness, including on or before December 19, 2014, of the general functionality, modification, and/or implementation of CAMRA, including any problems, issues or difficulties involving third parties such as Citi, BONY, AVM, or Blackrock.