# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, ) | CIVIL CASE NO.: |
| ) | 3:17cv00790 (JAM) |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| SS&C TECHNOLOGIES, INC., ) | |
| Defendant/Counterclaimant. ) | AUGUST 10, 2018 |

## SS&C's SECOND EMERGENCY MOTION FOR AN EXTENSION OF TIME FOR EXPERT DISCOVERY

Defendant/Counterclaimant SS&C Technologies, Inc. ("SS&C") respectfully submits this Motion for an Extension of Time for expert discovery related to the deposition of Plaintiff/Counterclaim Defendant Armour Capital Management, LP's ("ACM") opinion expert, as well as disclosure of SS&C's expert witness. On August 9, 2018, *ACM cancelled* the deposition of its opinion expert, Dr. Steven R. Kursh, that was scheduled for the following day, August 10, 2018. Despite *ACM's* cancellation of the scheduled deposition, ACM has refused to work cooperatively with SS&C to find an alternative date that works for all parties. Instead, ACM's counsel has provided two dates for the rescheduled deposition, neither of which work for SS&C, its counsel, and/or its expert. Due to *ACM's refusal* to work cooperatively to resolve the scheduling issue created by *ACM's last-minute cancellation*, SS&C seeks Court intervention to extend the deadline for SS&C to depose ACM's expert and correspondingly, by necessity, to extend the deadline for SS&C's expert disclosures.

1

SS&C seeks an extension of its deposition of ACM's expert from the current date of August 10, 2018 to **August 28, 29, or 30, 2018**. Relatedly, SS&C seeks to extend its deadline for expert disclosures from August 22, 2018 to **September 10, 2018**.

There is good cause for this extension request, and unforeseen events that necessitate SS&C's request. ACM cancelled the scheduled deposition of its expert, literally the day before the deposition, and ACM has unilaterally attempted to reschedule the deposition to a new date in which SS&C's counsel are not available due to pre-existing commitments that cannot be rescheduled at the last minute. ACM also has refused to make its expert available any other dates despite the fact that it is ACM's needs that have necessitated the scheduling change.

The relevant factual background to this Motion is attested to in the attached Declaration of Kevin J. O'Connor, and laid out briefly below.

On July 20, 2018, this Court denied SS&C's first request for extension of time related to expert discovery due to the unanticipated density of ACM's expert report [Dkt. No. 123]. The Court noted that no extension would be granted barring "particularized showing of diligence and the occurrence of events that were not reasonably foreseeable at the time the Court entered its order." *Id.* The parties were prepared, therefore, to proceed with the previously scheduled deposition of ACM's expert for Friday, August 10, 2018, and SS&C was prepared to meet the August 22, 2018 deadline for its expert disclosures.

Then on Wednesday, August 8, 2018, ACM notified SS&C that its opinion expert, Dr. Kursh, was ill and might require moving the deposition date. (*See* O'Connor Dec., ¶3, Exh. 1). ACM said it would notify SS&C the following morning if Dr. Kursh could

attend the August 10 deposition. ACM also proposed the alternative dates of August 15, 16, or 17 if Dr. Kursh remained too ill to attend the scheduled August 10 deposition *Id.* That same day (August 8), SS&C confirmed that it was agreeable to moving the deposition in light of the illness, but that due to prior commitments of counsel as well as SS&C's expert, who is a necessary party at the Kursh deposition, the deposition could not be held until August 28 at the earliest, when SS&C's expert returns from vacation. (*See* O'Connor Dec., ¶4, Exh. 2). SS&C is entitled to have its proposed expert present for that deposition to assist in the deposition in real time, and then to finalize his report with the benefit of the Dr. Kursh's deposition. ACM would not agree to any date the week of August 28, but ACM provided no justification why those dates would not work for the deposition that *ACM* had cancelled. Instead, ACM's counsel unilaterally chose Tuesday, August 14 as the new deposition date. (*See* O'Connor Dec., ¶5, Exh. 3.) SS&C's counsel notified ACM that it was not available on August 14 because of prior commitments that could not be moved last minute. In response, ACM again provided no justification for refusing a date the week of August 28, and insisted on August 14 or 15, dates that SS&C had already indicated it was not available. (*Id.*). ACM also stated that August 15 would be the last date that it would make Dr. Kursh, available for deposition – despite the fact that ACM had just the day before proposed August 17 as an alternative date for the deposition. (O'Connor Dec., ¶6, Exh. 4).

This Court should grant this extension because (1) ACM, not SS&C, has occasioned the delay, (2) of the occurrence of events after the time the Court entered its order, namely, ACM's last-minute cancellation of its expert deposition. SS&C was prepared to proceed with the deposition of ACM's expert on August 10, 2018 as

3

scheduled and meet the August 22 expert disclosure deadline.  SS&C's counsel is unavailable August 14 and 15, the only two dates ACM offered to reschedule the deposition, due to commitments in other cases.  Further, SS&C's expert will be travelling out of the country from August 15 until August 27.  SS&C will be prejudiced if its expert witness is not available to be present at the deposition of ACM's expert and participate in real time.  And SS&C would further be significantly prejudiced if its expert does not have sufficient time to incorporate Dr. Kursh's testimony into the SS&C expert report.  SS&C should not be harmed a result of ACM's last-minute date change and unwillingness to work in good faith to find a new date that is available to all parties.  Further, SS&C seeks to extend the relevant deadlines by only two weeks.  ACM has not and cannot show prejudice by such an extension, as there are no exigent circumstances at issue in this case.

Pursuant to Local Rule 7(b)2, SS&C represents that ACM objects to this motion, *despite SS&C agreeing to reschedule ACM's expert deposition at ACM's request*, less than 48 hours before it was scheduled to take place.

SS&C has good cause for expedited review of this Motion.  Under the ordinary schedule, ACM's deadline to file its Opposition to this Motion would be after one of the deadlines that SS&C seeks to extend, and just prior to the other deadline.  Therefore, expedited review is necessary to ensure that SS&C is able to obtain its requested relief.

This is SS&C's second request of the Court for additional time on expert discovery and this motion is not made for the purposes of delay and will not prejudice any party and is in response to unforeseen last-minute cancellation of the deposition by Plaintiff.

Respectfully submitted,

DEFENDANT/COUNTERCLAIMANT,

SS&C TECHNOLOGIES, INC.

By_____/s/ *Alexa T. Millinger*_____
Jeffrey J. Mirman (ct05433)
Alexa T. Millinger (ct29800)
HINCKLEY ALLEN & SNYDER, LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com
Telephone: (860) 331-2762
Facsimile: (860) 278-3802

Kevin J. O'Connor (phv09058)
James L. Tuxbury (Pro Hac Vice)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
koconnor@hinckleyallen.com
Telephone: (617) 378-4394
Facsimile: (617) 345-9020

Its Attorneys

5

**CERTIFICATION**

I hereby certify that on August 10, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be send by email to all parties by operation of the Court's electronic filing system or by mail to any counsel or self-represented party unable to accept electronic filing, as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                          /s/ *Alexa T. Millinger*
                                                                        Alexa T. Millinger

57969032 v1