IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SS&C TECHNOLOGIES, INC., )<br>    Defendant. ) | Civil Case No. 3:17cv00790 (JAM)<br><br><br><br><br>AUGUST 10, 2018 |

### DECLARATION OF KEVIN J. O'CONNOR

I, Kevin J. O'Connor, declare under penalty of perjury as follows:

1. I am over the age of 18 and believe in the obligations of an oath. I make this statement in connection with SS&C's Second Emergency Motion for Extension of Time for Expert Discovery. I have personal knowledge of the following facts:

2. Armour Capital Management, LP ("ACM") and SS&C Technologies, Inc. ("SS&C") had confirmed the deposition of ACM's opinion witness, Steven R. Kursh, for Friday, August 10, 2018 in Boston, MA.

3. On Wednesday, August 8, 2018, ACM notified SS&C that its expert was ill and may would likely require postponement of the deposition date. ACM's counsel proposed August 15, 16 and 17. (Exhibit 1, attached.)

4. I responded that SS&C was willing to accommodate ACM's need to cancel the scheduled deposition and indicated that I would need to check schedules for availability on the proposed dates. Upon doing so, I found that while counsel were available August 17, SS&C's proposed expert, who was scheduled to participate during the August 10 deposition, was unavailable August 17. SS&C's expert would be on a

long-planned vacation to South Africa from August 15 through 27, 2018, with scheduled, pre-paid events on each day. The first available date, therefore, for all SS&C participants was August 28.  I explained the lack of availability as to the proposed dates and offered August 28 to ACM.  (Exhibit 2, attached).

5. ACM's counsel would not agree to August 28, but AMC offered no justification for rejecting that date.  Instead, ACM's counsel unilaterally chose Tuesday, August 14 as the new deposition date, without checking the availability of SS&C's counsel. (Exhibit 3, attached).

6. Neither SS&C's counsel nor its expert are available on that date, but ACM refuses to move the date. SS&C again proposed the week of August 28.  ACM's counsel rejected that proposal without even verifying ACM's expert's availability. Instead, ACM's counsel again unilaterally declared that its expert would only be available on August 14 or 15, despite the fact it was Plaintiff that cancelled the scheduled August 10 deposition. (Exhibit 4, attached)

7. SS&C's counsel is unavailable August 13 through 16 due to commitments on other cases.

8. SS&C would suffer an unwarranted competitive disadvantage if its own expert would not be able to participate, and advise SS&C's counsel, in real-time during the deposition of ACM's expert, and then have sufficient time to incorporate that testimony into his own report.

9. As the Court is aware, this is a 2017 case. The short delay at issue has been caused by the illness of *plaintiff's* opinion witness. There are no exigent circumstances that plaintiff can identify to support the disruption of prior professional commitments, and longstanding vacation plans, of SS&C's counsel and/or its expert due to the needs of plaintiff's opinion witness.

                                                                 *Kevin J. O'Connor*
                                                                Kevin J. O'Connor