IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP,<br><br>Plaintiff,<br><br>v.<br><br>SS&C TECHNOLOGIES INC.,<br><br>Defendant. | Case No. 17-cv-00790-JAM<br><br><br>August 13, 2018 |

**ACM'S OPPOSITION TO SS&C'S SECOND "EMERGENCY" MOTION
FOR EXTENSION OF TIME FOR EXPERT DISCOVERY**

Plaintiff, ARMOUR Capital Management LP ("ACM"), responds in opposition to Defendant, SS&C Technologies Inc.'s ("SS&C"), Second "Emergency" Motion for Extension of Time for Expert Discovery (ECF No. 129) (the "Second Emergency Motion") and states:

1. This dispute relates to SS&C's ongoing effort to delay expert discovery—starting with deposing ACM's expert, Dr. Steven Kursh—and, in turn, the remaining pre-trial deadlines. This time, SS&C seeks to delay Dr. Kursh's deposition and SS&C's expert-disclosure deadline by nearly three weeks, (Second Emer. Mot. at 2), denying ACM any time to depose SS&C's expert and condensing the time for dispositive motions in place since May 21, 2018, (*see* ECF No. 104).

2. This is not SS&C's first request for the Court's "emergency" assistance with these deadlines. On July 27, 2018, SS&C filed its first "Emergency" Motion for Extension of Time for Expert Discovery (ECF No. 123) (the "First Emergency Motion"). Then, SS&C sought a four-week extension of the same deadlines—i.e., Dr. Kursh's deposition and SS&C's expert-disclosure deadline—because of "several scheduling conflicts in August with vacations and other matters" and the "unexpected size and scope" of Dr. Kursh's expert report. (First Emer. Mot. at 1.)

3. On July 30, 2018, the Court denied the First Emergency Motion on the basis that SS&C had failed to "cite any intervening change of circumstance that was not known or could not have been reasonably foreseen by the parties when they agreed to the scheduling order." (ECF No. 124.) The Court also explained that it was "unlikely to grant any further extension of the scheduling order absent a particularized showing of diligence and the occurrence of events that were not reasonably foreseeable at the time that the Court entered its order." (*Id.*)

4. SS&C again has failed to make such a "particularized showing" in the Second Emergency Motion and, for the same reasons as before, the pending motion should be denied.

5. On May 21, the Court adopted an agreed pre-trial schedule that required SS&C to depose ACM's expert by July 6, 2018. (ECF Nos. 102, 104.) Because of SS&C's repeated failures to proffer an adequately prepared Federal Rule of Civil Procedure 30(b)(6) witness—resulting in the Court's intervention in favor of ACM, (ECF No. 116)—the parties agreed to extend SS&C's expert-deposition deadline to July 31, 2018, (*see* First Emer. Mot. at 2). On July 26, 2018, ACM again agreed to extend that deadline to August 10, 2018, at SS&C's request. (*Id.*)

6. SS&C attempts to make much of Dr. Kursh's brief illness on August 10 in the Second Emergency Motion. (Second Emer. Mot. 1-4.) But nowhere does SS&C recognize that but for its failure timely to provide an adequately prepared Rule 30(b)(6) witness, or its failure to depose Dr. Kursh by July 31 as agreed or before August 10 as later agreed, that deposition would have occurred by now, obviating any claim for extensions. This alone reflects SS&C's lack of diligence in respect of taking the deposition, sufficient to deny the motion. (*See* ECF No. 124.)

7. SS&C likewise does not recognize that its own expert's and counsel's vacation and other unspecified scheduling conflicts are the main reason for the extensions SS&C seeks—or that the Court already has rejected these same conflicts in denying the First Emergency Motion.

8. SS&C argues it should not be required to depose Dr. Kursh during August 15-27, 2018, because SS&C's as-yet-undisclosed expert intends to take a "long-planned vacation to South Africa . . . with scheduled, pre-paid events on each day." (ECF No. 129-1 ¶4.) But SS&C cites no authority entitling it to the physical presence of its expert at Dr. Kursh's deposition in the first place. (*Cf.* Second Emer. Mot. at 3-4.) And the fact that the South African vacation was "long-planned" negates any claim by SS&C that this conflict was not reasonably foreseeable (or self-inflicted), especially given the August 22 expert-disclosure deadline. SS&C fails to explain how its expert is both able to meet that deadline from South Africa but also unable to attend Dr. Kursh's deposition by telephonic or electronic means from there, as ACM suggested, (*see* ECF No. 129-1 at Ex. 3), or why this entire case must be delayed because SS&C refuses that option.

9. SS&C also claims its counsel is unavailable for Dr. Kursh's deposition on August 14, 2018—which would allow SS&C's expert to physically attend and limit any impact of Dr. Kursh's illness to two business days (rather than the nearly three weeks SS&C seeks). (Second Emer. Mot. at 3.) But SS&C has failed to make any "particularized showing" of that conflict. Although SS&C's counsel alludes to "commitments on other cases," (ECF No. 129-1 ¶7), neither he nor SS&C provides any detail about them (e.g., the courts in which the "other cases" are pending and the conflicting events) or why they cannot be rescheduled, the long-standing calendar in this case must be subjugated to those "commitments," or they were not reasonably foreseeable.

10. Thus, SS&C has failed to meet the standard for an extension of the scheduling order set by the Court's July 30 order, (*see* ECF No. 124), and the Second Emergency Motion should be denied. As a potential further accommodation for SS&C, Dr. Kursh's deposition may proceed on August 17, 2018, when SS&C and its counsel do not claim to be unavailable, (ECF No. 129-1), and SS&C's expert can attend by telephonic or electronic means if SS&C so chooses.

11. Finally, the Second Emergency Motion should be denied because of the prejudice SS&C's requested extensions would cause ACM. The Court already has granted two extensions of the pre-trial calendar, (ECF Nos. 73 & 104), and ACM also already has agreed to several further extensions of time for SS&C's expert deadlines, (*see supra*). This discovery finally must proceed. Further, were the Court to grant the Second Emergency Motion, SS&C will enjoy 50 days from the time it received Dr. Kursh's report (on July 11, 2018) until his deposition, while ACM will be afforded no time to depose SS&C's expert (that deadline is September 7, 2018, but SS&C seeks to extend its disclosure deadline to September 10) and only four days after SS&C's expert disclosure to complete and file its dispositive motion, if any, on September 14, 2018. These outcomes are inequitable and also counsel in favor of denying the Second Emergency Motion—failing which the dispositive-motion deadlines also will require extensions, resulting in yet further delay of these proceedings and additional prejudice to ACM's prosecution of this case.

WHEREFORE, ACM respectfully requests that the Court enter an order denying the Second Emergency Motion and granting it such further relief as is just and proper.

Dated: August 13, 2018                    Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Christopher M. Cerrito*
    Christopher M. Cerrito (ct17183)
    chris.cerrito@hklaw.com
    One Stamford Plaza
    263 Tressler Boulevard, Suite 1400
    Stamford, CT 06901
    Telephone: (203) 905-4500
    Facsimile: (203) 724-3944

and

Case No. 17-cv-00790-JAM

>By: */s/ Allison Kernisky*
>Joseph Mamounas (phv09010)
>joseph.mamounas@hklaw.com
>Allison Kernisky (phv09011)
>allison.kernisky@hklaw.com
>701 Brickell Avenue, Suite 3300
>Miami, FL 33131
>Telephone: (305) 374-8500
>Facsimile: (305) 789-7799

*Counsel for ARMOUR Capital Management LP*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018, a true and correct copy of this document was served by electronic and U.S. mail on all counsel of record.

>By: */s/ Allison Kernisky*
>Allison Kernisky (phv09011)

5