IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, ) | CIVIL CASE NO.: |
| ) | 3:17cv00790 (JAM) |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| SS&C TECHNOLOGIES, INC., ) | |
| Defendant/Counterclaimant. ) | AUGUST 14, 2018 |

**SS&C's REPLY IN SUPPORT OF ITS SECOND EMERGENCY MOTION
FOR AN EXTENSION OF TIME FOR EXPERT DISCOVERY**

Defendant/Counterclaimant SS&C Technologies, Inc. ("SS&C") respectfully submits this Reply in support of its Motion for an Extension of Time for expert discovery related to the deposition of Plaintiff/Counterclaim Defendant Armour Capital Management, LP's ("ACM") opinion expert, as well as disclosure of SS&C's expert witness.

This dispute, created by ACM's last-minute cancellation of the August 10 deposition of Plaintiff's expert, Dr. Steven R. Kursh, is over *six (6) business days*. That is it.  ACM now concedes that it can make its expert available for deposition on Friday, August 17 – a change in position from ACM's email on August 9.  [Dkt. No. 130 at 3].  ACM, however, will not voluntarily make him available on Monday, August 28 – just six business days later.  As discussed below, SS&C has established good cause to extend slightly the expert discovery dates to account for ACM's cancellation, and ACM has failed to make any showing as to how or why it would be prejudiced by the limited extension.

1

First, in its Opposition, ACM has the audacity to accuse SS&C of an "***ongoing effort to delay expert discovery***." [Dkt. No. 130 at 1].  To be clear, SS&C was ready, willing, and able to take the deposition of Plaintiff's expert, Dr. Steven R. Kursh, on August 10, 2018 as scheduled.  SS&C's expert would have attended that deposition and SS&C would have made its expert disclosures on August 22, 2018.  SS&C is simply seeking to schedule a deposition cancelled by ACM to a date that accommodates the schedules of SS&C's counsel and expert and avoids prejudice to either party.

Second, and relatedly, SS&C will suffer prejudice if it is forced to proceed with the deposition without the contemporaneous assistance of its own expert.  ACM's expert wrote a 60-page report discussing technical issues relating to software implementation.  SS&C's expert's attendance at the deposition will enable SS&C to refine its follow up questions, which will serve the interests of fairness and judicial economy.  It will also expedite the preparation of SS&C's expert rebuttal report, which serves the same interests.  But for <u>ACM's</u> last-minute cancellation of the deposition, SS&C would have had the benefit of those ordinary course practices.  Dr. Kursh's unexpected illness should not be exploited by ACM to place SS&C at a competitive disadvantage.

Third, ACM's Opposition fails to establish that ACM would suffer any prejudice from any delay.  ACM does not claim that its expert or counsel is unavailable on August 28, or any other date during that week.  In fact, ACM has not identified any prejudice it would suffer from the limited delay caused by its own expert's illness.  Given that ACM

seeks only money damages, statutory interest will fairly compensate plaintiff if its case is delayed by six business days.

Finally, ACM's Opposition fails to disclose that ACM previously requested – and received from SS&C – an extension to expert discovery.  On June 25, 2018, ACM requested an eleven-day extension to expert discovery disclosures and depositions.  SS&C agreed to that requested extension, alleviating the need for Court involvement.  ACM now refuses to extend the same courtesy even though its own expert caused the instant delay.

In the interest of fairness, professional civility, and judicial economy, SS&C's respectfully requests that the Court GRANT this Motion.

>Respectfully submitted,
>
>DEFENDANT/COUNTERCLAIMANT,
>
>SS&C TECHNOLOGIES, INC.
>
>By_____/s/ *Alexa T. Millinger*_____
>Jeffrey J. Mirman (ct05433)
>Alexa T. Millinger (ct29800)
>HINCKLEY ALLEN & SNYDER, LLP
>20 Church Street, 18th Floor
>Hartford, Connecticut 06103
>jmirman@hinckleyallen.com
>amillinger@hinckleyallen.com
>Telephone: (860) 331-2762
>Facsimile: (860) 278-3802
>
>Kevin J. O'Connor (phv09058)
>James L. Tuxbury (Pro Hac Vice)
>Hinckley, Allen & Snyder LLP
>28 State Street
>Boston, MA 02109-1775
>koconnor@hinckleyallen.com
>Telephone: (617) 378-4394
>Facsimile: (617) 345-9020
>Its Attorneys

## **CERTIFICATION**

I hereby certify that on August 14, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be send by email to all parties by operation of the Court's electronic filing system or by mail to any counsel or self-represented party unable to accept electronic filing, as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                  /s/ *Alexa T. Millinger*
                                                  Alexa T. Millinger