# Exhibit C

## AFFIDAVIT OF JAMES R. MOUNTAIN

Before me personally appeared James R. Mountain, who, being duly sworn, deposes and states as follows:

1. I am over eighteen years of age, am competent to make this affidavit, and have personal knowledge of the facts that follow.

2. I am the Chief Financial Officer ("CFO") of ARMOUR Capital Management LP ("ACM"), the plaintiff in the case *ARMOUR Capital Management LP v. SS&C Technologies Inc.*, No. 17-0790-JAM, pending in the U.S. District Court for the District of Connecticut.

3. In March 2018, Defendant SS&C Technologies Inc. ("SS&C") requested testimony from ACM about "[t]he annual compensation for each member of [ACM's] senior management, and all employees upon whose time or efforts [ACM] bases any of its claims for damages or equitable relief." *See* 3/23/18 Re-Not. of Dep. of ACM, Sched. A, Topic No. 9, attached at Ex. 1.

4. In May 2018, ACM, through its counsel in this action, reached agreement with SS&C for ACM to prepare and produce a schedule containing information about salary, bonus, and benefits for ACM's employees, in place of the testimony SS&C sought from ACM in March 2018.  *See* 5/2/18 email from J. Mamounas to K. O'Connor, attached at Ex. 2.

5. Subsequently, ACM's counsel instructed me to prepare the schedule at issue in the agreement between ACM and SS&C.  I set out to prepare the schedule, which ACM ultimately designated as Attorney's Eyes Only and produced in this case at ACM0079836-41.

6. As part of the process to prepare the schedule, I asked ACM employees to research and provide me their best estimate of the number of hours they spent dealing with SS&C's failed implementation of the CAMRA software for ACM from January 1, 2015 through April 30, 2017.

7. In response to my oral request, I received emails from ACM employees Kristin Davies, Alicia Hill, Shane Rand, Amber Smith, Jonna Terry, and Corey Graley.

8.      All of this work, including the preparation of these emails, occurred in response to the direction of ACM's counsel, and it was done more than a year after ACM filed this lawsuit.

9.      I am not aware of any reason that ACM's employees would have prepared and sent me these emails, other than my request that they do so, at the direction of ACM's counsel.

10.     I would not have made the above requests of ACM's employees or prepared the schedule unless ACM's counsel had instructed me to do so for purposes of the agreement reached between ACM and SS&C, as described in paragraph 4, above.

11.     Under penalties of perjury, I declare that the foregoing is true and correct.

Executed on September 12, 2018
in Indian River County, Florida.

_____
James R. Mountain