# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Allison Kernisky
305-349-2175
allison.kernisky@hklaw.com

September 13, 2018

*Via CM/ECF*

Honorable Jeffrey A. Meyer
U.S. District Judge, District of Connecticut
Richard C. Lee United States Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

   Re: *ARMOUR Capital Mgmt. LP v. SS&C Techs. Inc.*, No. 17-cv-00790-JAM.

Dear Judge Meyer:

ACM respectfully submits this brief rejoinder to SS&C's letter brief (ECF No. 148).[1]

## *SS&C's Chats are Relevant and There is No Undue Burden*

SS&C has admitted to concealing the chats and shirking its discovery obligations. ECF No. 148 at 4. Worse, SS&C shrugs off its violations and attempts to rewrite the rules of discovery to require the disclosure and production of only materials SS&C will be "relying on." *Id.* "Reliance" is not the standard for either disclosure or discoverability under Rule 26, and SS&C must be held to satisfy that rule fully, not allowed to dodge its prescriptions due to SS&C's own malfeasance.

Moreover, the chats are relevant for at least two reasons. Again, SS&C located the chats using the same primary search terms it has insisted on using in this case. ACM should not be required now to agree that those terms are deficient just to suit SS&C—to ACM's prejudice, just because of SS&C's discovery misconduct. And SS&C's offer to run 10 new search terms is not workable. Case in point, the email that led to ACM ultimately uncovering the chats—which SS&C earlier identified as responsive and produced—reflects "Armour" as the only practicable search term.

Second, the chats are probative of ACM's claims. The emailed chat SS&C produced features one of SS&C's then-implementation heads, David LaMonica, describing the ACM implementation as "fugly" because "we can't get basic things" (SS&C has admitted that "we" included SS&C). In that lone chat, SS&C admitted: its incompetence (indicative of the false nature of its precontractual misrepresentations), its breach of the parties agreement to implement "CI Manager" for ACM, and causation between SS&C's precontractual misrepresentations and later failed implementation. And SS&C is wrong that discovery suddenly should exclude the period after July 2015.

---

[1] All capitalized terms have the same meaning as in ECF No. 147.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Hon. Jeffrey A. Meyer
September 13, 2018
Page 2

Finally, SS&C's burden argument is baseless.[2]  SS&C has been represented throughout the life of this case by *six* total attorneys of record from two prestigious law firms, which together employ nearly *1,000* lawyers.  Counsel's unsubstantiated estimate of 100 hours to review the chats is hardly a burden, especially considering that it translates to 20 hours for each of the five lawyers that remain of record for SS&C.  Not to mention that SS&C has had more than two months since ACM caught SS&C's concealment, and a year since litigation began, to review the chats.  In any event, ACM already offered to relieve any possible burden by agreeing for its counsel (a) to accept all responsive chats under an Attorneys' Eyes Only designation and (b) to seek SS&C's, or failing that, the Court's permission before using any particular chat in this case.  SS&C refused.

### *SS&C Cannot Show a Substantial Need or Undue Hardship for ACM's Protected Emails*

SS&C does not have a substantial need nor can it show the undue hardship required to overcome the work product protection afforded to ACM's emails prepared at the direction of counsel.[3]

First, SS&C fails to show substantial need.  SS&C admits it had notice of ACM's damages claim before its *six* depositions of each of the ACM employees who during this case sent the emails at issue to ACM's CFO, James Mountain.  But there is no dispute that SS&C failed to ask *four* of the employees for an estimate of the time they spent on SS&C's failed implementation.  SS&C's lack of diligence in discovering this information from most of the employees it deposed betrays any substantial need for the emails.  And SS&C has no substantial need for the emails from the other two employees, Jonna Terry and Cory Graley,[4] because SS&C can expose any significant variances with their testimony using the spreadsheet ACM prepared for SS&C.[5]

Second, SS&C cannot show undue hardship.  The emails are not the "only evidence existing" relating to the basis for ACM's damages claim for lost employee time, as SS&C asserts.  ECF No. 148 at 2.  SS&C does not deny that any information in the emails to which it is entitled is already contained in the spreadsheet, per the parties' previous agreement to resolve a discovery dispute, (*see* Ex. 14, 5/11/18 J. Mountain Tr.), or that SS&C already has ample materials with which to test the spreadsheet, including tens of thousands of non-privileged emails, CAMRA access logs, telephone logs, and other data points, all as outlined in the report of ACM's expert, (*see* 7/11/18 S. Kursh Report at 52-59), whom SS&C also already has deposed on this issue.

There is no basis for SS&C to invade ACM's work product.

---

[2] SS&C's attempt to shift its discovery obligations to ACM is equally unavailing.  *See Allen v. Colgate–Palmolive Co.*, 1985 WL 191, at *3 (S.D.N.Y. 1985) (party not relieved of duty to produce responsive documents because other side is aware documents exist that should have been but were not produced).

[3] Mr. Mountain has affirmed that the emails were prepared at counsel's direction.  ECF No. 147, Ex. C.

[4] SS&C makes much of deposition testimony by Mark Gruber, but he did not send any of the e-mails at issue.  Also, ACM takes exception to SS&C's claim that any ACM witness testified falsely.

[5] ACM made clear that its initial damages estimates were subject to future modification.  ACM's Am. Obj. and Resp. to SS&C's Interrogatory Nos. 5-10, at 33 ("ACM reserves the right to modify this information, following expert analysis, and to assert additional damages or other relief, as discovery continues.").

Hon. Jeffrey A. Meyer
September 13, 2018
Page 3

For all the foregoing reasons, and those cited in ECF No. 147, ACM respectfully requests that the Court order SS&C to immediately produce all chats that contain the terms "ARMOUR," "ACM," or "Bimini," and deny SS&C's request for ACM's work-product protected emails.

                Respectfully submitted,

                HOLLAND & KNIGHT LLP

                <u>/s Allison Kernisky</u>
                Allison Kernisky

CC:    All counsel of record.