

20 Church Street
Hartford, CT 06103-1221

p: 860-725-6200  f: 860-278-3802
hinckleyallen.com

September 13, 2018

**VIA CM/ECF ELECTRONIC FILING**

Honorable Jeffrey Alker Meyer
Richard C. Lee United States Courthouse
141 Church Street
New Haven, Connecticut 06510

    Re:    <u>Civil Docket No. 17cv790</u>
              <u>*Armour Capital Management, LP v. SS&C Technologies, Inc.*</u>

Dear Judge Meyer:

      This letter brief serves as SS&C's reply to ACM's letter brief filed on September 12, 2018 (Doc. No. 147) with respect to the present discovery dispute.

    **A.**    **ACM Has Not Established That the Mountain Emails are Protected Work Product, And Has Not Argued Exceptions Do Not Apply.**

      ACM's Letter Brief fails to establish that the Mountains Emails are attorney work product or privileged against production.

      First, the Mountain emails are not attorney work product. In this case, ACM does not maintain employee time records, so it has no business records reflecting any time spent by any employee on the CAMRA implementation or any other assignment. ACM, however, seeks damages in the form of lost employee time. To that end, ACM's CFO Jim Mountain asked his employees to recreate an estimate of the time each spent working on the CAMRA implementation. In doing so, these employees simply recorded on paper the historical time they believed they spent on CAMRA. Just because the employees created these documents during litigation does not automatically transform them into attorney work product. *See Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.,* No. CIV.A.94-2395-GTV, 1995 WL 625962, at \*10 (D. Kan. Oct. 5, 1995)(overruling an objection that a request for "all documents used in the calculation of damages" was protected work product since the objecting party's assertions that the documents were prepared at the request of counsel did not establish the documents contained counsel's mental impressions or strategy).

      Further, these employee summaries of their historical time records in no way implicate ACM's counsel's mental impressions or strategy. It is evident from the Mountain Affidavit ( Ex. C to ACM's Brief), that counsel for ACM had no role in directing the employees or assisting in the responses. So these emails contain zero mental impressions or strategy of counsel and are entitled to no protection. *See Norflet v. John Hancock Fin. Servs., Inc.,* No. CIV. 3:04CV1099(JBA), 2007 WL 433332, at \*2 (D. Conn. Feb. 5,

▶ALBANY ▶ BOSTON ▶ HARTFORD ▶ MANCHESTER ▶ NEW YORK ▶ PROVIDENCE

HINCKLEY, ALLEN & SNYDER LLP, ATTORNEYS AT LAW

58101008 v1

Honorable Jeffrey A. Meyer
September 13, 2018
Page 2

2007)(declining to extend work product protection where there was little to no risk the mental impressions of counsel would be revealed).

ACM's letter brief also fails to address the fact that the Mountain Emails were relied upon by ACM's 30(b)(6) witness and ACM's expert, Steven Kursh.

Finally, ACM's letter brief fails to address the fact that the information in the Mountain Emails is not available from any other source. While common sense would dictate that the information might be available from the individuals that wrote the emails – that is not so. That is because SS&C asked many of these employees about their time spent on CAMRA. ACM's witnesses, however, testified that they did not know how much time was spent. The only source for the factual basis for ACM's claimed $1.5 million in lost employee time is the Mountain Emails. Accordingly, ACM cannot withhold these factual documents if it intends to pursue its money damages claim based on alleged lost employee time.

        **B.**     **ACM's Discovery Dispute Regarding "Chats" is Baseless and Untimely.**

ACM has yet again tried to manufacture a discovery dispute where none exists. ACM's request for chats should be denied because: 1) SS&C did not conceal the existence of chats, ACM has known of chats for almost a year; 2) review and production would be unduly burdensome; and 3) the present motion is untimely, coming *over two months after the close of fact discovery*, and almost *two months after SS&C told ACM it would not produce chats*.

*First*, ACM falsely claims that SS&C "concealed" the existence of the chats. SS&C did not identify the Microsoft Lync database as a source for responsive documents, and for that reason SS&C did not include it on its initial disclosures. Rule 26 only requires the identification of electronic repositories that are likely to contain responsive documents. SS&C, like ACM, did not identify chats as a source for likely responsive documents.

Relatedly, far from hiding chats, SS&C produced an email to ACM reflecting chats in October 2017. ACM's claim that the chats only "came to light" at a deposition on June 28, 2018 is preposterous. ACM's decision not to use that chat email at earlier depositions is its own strategic decision. But ACM cannot deny that it has had in its possession the factual predicate for the present discovery dispute for almost a year. Notably, ACM never sought to depose any of the parties to, or recipients of, the chat in question.

*Second,* ACM inaccurately claims that SS&C has "admit[ted] the existence of *200,000 rows of responsive text.*" (ACM's Letter Br., p. 2). SS&C has never identified the more than 200,000 lines of text as "responsive." Instead, SS&C communicated to ACM that there are 200,000 lines of text that need to be reviewed for responsiveness. SS&C used search terms to identify the universe of chats, but those terms alone do not mean the chats are responsive. During discovery in this case, SS&C similarly used three broad terms to identify the universe of documents and then conducted a responsiveness review of those

Honorable Jeffrey A. Meyer
September 13, 2018
Page 3

documents. As outlined in SS&C's Letter Brief, a review of the chats would be unduly burdensome. This is especially true given the current status of the litigation – the parties are wrapping up expert discovery and preparing for summary judgment motions.

*Third*, the present motion is untimely. *See Capozzi v. Gale Group*, 2002 WL 1627626 (D. Conn. 2002) (denying motion to compel filed three days after the close of fact discovery). ACM had the email that is the basis of the present request since *October 2017*. mEven assuming it took ACM's counsel a couple months to review and identify the email, ACM has essentially known about that email and the existence of the chats since the start of 2018. Yet ACM chose to do nothing. Instead, for apparent strategic reasons, ACM decided not to timely raise this issue with SS&C or the Court. *See Capozzi*, 2002 WL 1627626 at * 2 (in denying motion noting that plaintiff "could easily have filed the motion prior to the discovery cutoff date"). Here, fact discovery ended on June 28, 2018 – almost three months ago.

Further, even after waiting to raise the chat issue for first time in the days after fact discovery closed, ACM has continued to act in a dilatory manner that bars the present motion. In response to ACM's July 3 request for chats, on July 6 counsel for SS&C stated that the request was untimely and burdensome and that SS&C is unlikely to produce chats. But SS&C's counsel offered to confirm with its client. On July 23, SS&C confirmed to ACM that it will not produce chats. In response, ACM did nothing for at least a month. *See Wells v. Sears Roebuck & Co.,* 203 F.R.D. 240, 241 (S.D.Miss.2001) ("if the conduct … necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. . .[i]f he fails to do so, he acts at his own peril.").

In fact, after SS&C told ACM that it would not produce chats, the parties were twice before this Court on expert discovery in July and August. Yet on both occasions, ACM failed to inform the Court that it would seek to reopen fact discovery. If ACM wanted to seek chats, it should have done so during fact discovery when it had the same information that it relies upon for the present request. But at the very least, if ACM wanted to reopen fact discovery, it had to so months ago. Fact discovery is long over and the parties are on the eve of summary judgment. ACM's request to reopen fact discovery and have SS&C spend significant time and resources reviewing chat is without merit and untimely.

We look forward to conferring with the Court to resolve this matter. Thank you for your time.

Very Truly Yours,

*/s/ Kevin O'Connor*
Kevin O'Connor

cc:     All counsel of record via ecf

▶ ALBANY ▶ BOSTON ▶ CONCORD ▶ HARTFORD ▶ NEW YORK ▶ PROVIDENCE

HINCKLEY, ALLEN & SNYDER LLP, ATTORNEYS AT LAW

58101008 v1