# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Allison Kernisky
305-349-2175
allison.kernisky@hklaw.com

October 4, 2018

*Via CM/ECF*

Honorable Jeffrey A. Meyer
U.S. District Judge, District of Connecticut
Richard C. Lee United States Courthouse
141 Church Street, Courtroom 3
New Haven, CT 06510

       Re:    *ARMOUR Capital Mgmt. LP v. SS&C Techs. Inc.*, No. 17-cv-00790-JAM.

Dear Judge Meyer:

ACM respectfully submits this brief rejoinder to SS&C's letter brief (ECF No. 157).[1]

This discovery dispute again concerns SS&C's other CAMRA customers—only this time, SS&C claims, for the first time, those other customers suddenly are relevant, to suit its shifted strategy.[2]

SS&C does not deny that it previously blocked at every turn ACM's requests for documents or information about SS&C's other customers, or that on four separate occasions, it urged the Court to narrow discovery about other customers to Bimini (which is not at issue). SS&C does not deny that when ACM tried to examine SS&C's witnesses on other customers to build a predicate for further discovery, as the Court ordered, SS&C routinely objected to the questioning—even as to customers SS&C now argues were "satisfied"—as "irrelevant." And SS&C does not deny that during fact discovery, it never told ACM it may rely on those customers in its defense and never provided ACM any information or documents about any other customers (but Bimini).

Instead, SS&C now attempts to thread the needle by creating a discovery paradigm it never argued in this case, i.e., between "satisfied SS&C CAMRA clients"—as to which ACM allegedly did not request discovery—and clients with "'uncompleted' or 'problematic' implementations." (ECF No. 157 at 2.) The problem is that this paradigm is false and runs directly contrary to much of the pre-trial history of this case, as well as SS&C's discovery obligations under the Rules.

---

[1] All capitalized terms have the same meaning as in ECF No. 156.

[2] *Compare* SS&C's 03/02/18 letter brief (ECF No. 72 at 2) ("ACM has not and cannot show any relevance between SS&C's implementations for other clients and ACM's implementation.") with yesterday's (ECF No. 157 at 3) ("There is nothing wrong with SS&C's experts discussing customers other than ACM and Bimini in their Expert Reports").

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

### *SS&C Did Not Disclose to ACM What It "May Use to Support Its Claims or Defenses"*

SS&C's main argument is that simply because ACM was told the names of some other customers, (*id.* at 1-3), ACM should have guessed that SS&C would rely on those customers in its defense.

But SS&C cannot shift its disclosure burden to ACM. Under Rule 26(a), SS&C had to disclose "each individual likely to have discoverable information," "the subjects of that information," and "all things, electronically stored information, and tangible things" SS&C "*may use to support its claims or defenses*." Fed. R. Civ. P. 26(a)(i)-(ii) (emphasis added). Here, SS&C's Initial Disclosures said nothing about other customers—"satisfied" or not—or any witnesses from those customers, including Mr. Maffattone. In other words, SS&C never told ACM it intended to rely on anything about any other customers. *Downey v. Adloox Inc.*, No. 16-CV-1689, 2018 WL 794592, at *1-2 (S.D.N.Y. Feb. 2, 2018) (Rule 26(a) satisfied "only" by disclosing witness or information may support claims or defenses; other party's mere knowledge insufficient); *Lebada v. N.Y. City Dept. of Educ.*, No. 14-Civ-758, 2016 WL 626059, at *6 (S.D.N.Y. Feb. 8, 2016). SS&C's admission that its "disclosures could have more precisely identified the mortgage REIT implementations it would use in support of its defenses," (ECF No. 157), is an understatement: SS&C made no such identification at all until the expert reports at issue.[3]

### *ACM Repeatedly Asked for Information Encompassing Other Allegedly "Satisfied" Customers*

SS&C now claims it intends to use its other "satisfied" customers "in support of its defenses." (*Id.*) SS&C fails to identify any of its five threadbare affirmative defenses to which these customers relate. But SS&C's theory seems to be that because it purportedly was able to implement CAMRA for the "satisfied" customers, ACM—not SS&C—caused its implementation to fail, (*id.* at 4).

Assuming SS&C could force ACM to guess SS&C's intent to rely on other "satisfied" customers, SS&C's claim that "ACM never asked SS&C to produce documents concerning satisfied mortgage REIT CAMRA customers and SS&C never refused to do so," (*id.* at 2-4), is just plain false. On at least *15* occasions, ACM served discovery on SS&C that called for information and documents about other "satisfied" customers if SS&C truly intended to rely on them in its defense.[4] SS&C does not dispute that it never provided ACM discovery about those customers.

---

[3] At no time during the four prior discovery hearings on other customers did SS&C mention it may rely on "satisfied" customers. *Pal v. NYU*, No. 06-Civ-5892, 2008 WL 2627614, at *5 (S.D.N.Y. June 30, 2008) (party sanctioned for not disclosing witnesses because it "never mentioned" it might call them while litigating protective order over them).

[4] *See* 06/26/2017 First RFP No. 24 (Ex. 1) (any defenses SS&C intends to raise), and RFP No. 25 (any expert witnesses SS&C intends to use); 06/26/2017 First Interrogatory No. 2 (Ex. 2) (any Person with knowledge or information pertaining to this case and description of that knowledge or information), Interrogatory No. 3 (any person, including mortgage REITs, that ever used CAMRA), Interrogatory No. 6 (any Person who ever used CAMRA on an outsourced basis), and Interrogatory No. 9 (any expert witnesses SS&C intends to use at trial and substance of their opinions); 12/22/2017 Second RFP No. 3 (Ex. 3) (efforts to implement CAMRA for NY Mortgage Trust, to which SS&C objected, among other reasons, on the basis that it allegedly was "fully implemented outside the discovery period, therefore no documents will be produced," but yet Mr. Maffattone relies on NY Mortgage Trust in his report), and RFP No. 4 (asset type affecting Western Asset Management, which SS&C now claims was "satisfied" customer); 12/22/2017 Second Interrogatory No. 10 (Ex. 4) (reasons SS&C believes CAMRA was not implemented for ACM and identification of supporting Communications and Documents); 4/11/2018 Third RFP Nos. 1, 2, 3, 4, and 5 (Ex. 5) (each of SS&C's five affirmative defenses), and RFP No. 16 (ACM or facts and circumstances in Amended Complaint or SS&C's Answer and Amended Counterclaims not already produced).

Hon. Jeffrey A. Meyer
October 4, 2018
Page 3

### *SS&C Never Previously Distinguished Allegedly "Satisfied" Other Customers*

Even excusing these repeated discovery failures, until SS&C served its expert reports, it viewed the same customers it now claims were "satisfied" as "irrelevant" and off limits to ACM. And SS&C did so on the strength of the Court's four orders restricting other customer discovery. Even when ACM tried to examine SS&C's witnesses about other customers at deposition (as allowed), SS&C objected, including for allegedly "satisfied" customers. (ECF No. 156 at 3; 6/8/18 T. Reilly Tr. at 381:4-6 (Ex. 6) ("The Court already ruled on your overreach with respect to these clients.").)

### *SS&C Fails to Meet Its Burden to Avoid Exclusion*

Under Rule 37(c)(1), a party is precluded from using any "information or witness" it "fails to provide . . . as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1). This sanction "is automatic absent a determination of either substantial justification or harmlessness." *Innis Arden Golf Club v. Pitney Bowes, Inc*., No. 06-CV-1352, 2009 WL 5873112, at *2 (D. Conn. Feb. 23, 2009).

Rule 37(c)(1) controls SS&C's failure to disclose "other customer" information and witnesses. *Innis Arden Golf Club*, 2009 WL 5873112, at *1 (striking expert report served two days before fact discovery close under Rule 37). SS&C bears the burden to show either substantial justification or harmlessness, *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 21 (1st Cir. 2001), but makes no effort to show the former, and fails on the latter.[5]

SS&C argues ACM "could have cured" "any claimed prejudice . . . by deposing SS&C's experts." (ECF No. 157 at 5.) But doing so would have been trial-by-ambush. Without notice during fact discovery that SS&C might rely on other customers, or any discovery about the customers encompassed by ACM's manifold requests, it is senseless to depose these experts before the instant discovery dispute is resolved. This is because without full and fair discovery on these issues, ACM would be forced to take the deposition with both hands tied behind its back: unable to cross-examine the experts,[6] and unable to defer the questioning at risk of waiver (not to mention the potential that if the Court excludes these issues, SS&C's expert opinions may change).

SS&C also appears to suggest that ACM should have requested documents about these other customers after receiving the expert reports. (*Id.* at 3.) But as SS&C also admits, "[d]iscovery has now closed, and there are no grounds to reopen it." (*Id.* at 5.) And the Court already has decided that this case is about "a broken relationship between [ACM] and SS&C." (ECF No. 156 Ex. 1.) Having argued repeatedly for that finding, SS&C must live with its consequences. *Downey*, 2018 WL 794592, at *1-2 (precluding witnesses disclosed at "thirteenth hour").

Thus, ACM respectfully reiterates its requests for relief in its initial letter brief (ECF No. 156).

Respectfully submitted,       HOLLAND & KNIGHT LLP, /s Allison Kernisky

---

[5] SS&C's reliance on *Softel* is misplaced. That case did not cite Rule 37(c)(1), and even if the Court considers the *Softel* factors, exclusion is still warranted. SS&C has not offered any explanation for its failure to disclose; ACM has detailed the prejudice it faces in this and yesterday's letters; and fact discovery is closed. As to the importance of "satisfied" other customers, the Court has found that this case is about ACM's and SS&C's "broken relationship."

[6] For instance, ACM has been precluded from testing in discovery even the fundamental premise of SS&C's argument: that these other customers purportedly are "satisfied" with CAMRA and SS&C's implementation of it for them.