# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, <br><br> Plaintiff, <br><br> v. <br><br> SS&C TECHNOLOGIES INC., <br><br> Defendant. | Case No. 17-cv-00790-JAM <br><br> June 26, 2017 |

**ARMOUR CAPITAL MANAGEMENT LP'S**
**FIRST SET OF INTERROGATORIES TO SS&C TECHNOLOGIES INC.**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff ARMOUR Capital Management LP ("ACM") serves its First Set of Interrogatories (the "First Interrogatories") upon Defendant SS&C Technologies Inc. ("SS&C").

**DEFINITIONS**

1. ACM incorporates by reference the definitions and rules of construction set forth in Rule 26(c) and (d) of the Local Civil Rules of the United States District Court for the District of Connecticut as if fully set forth herein, including the definitions of "Communication," "Document," "Parties," "Identify," and "Concerning," and the rules of construction for "All/Each," "And/Or," and "Number."

2. "You," "Your," and "SS&C" mean Defendant, SS&C Technologies Inc., and Your employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every Person acting on Your behalf or at Your direction.

3. "ACM" means Plaintiff, ARMOUR Capital Management LP and ACM's employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every Person acting on ACM's behalf or at its direction..

4. "Complaint" means the Complaint and Demand for Jury Trial filed by ACM in this lawsuit on May 15, 2017.

5. "Master Services Agreement" means the Master Agreement for Software, Maintenance and Support, Professional Services, and Other Services between ACM and SS&C dated

4.    If You cannot answer any interrogatory completely after exercising due diligence to inquire and secure the information necessary to do so, please answer each interrogatory to the extent possible, specify the portion of each interrogatory that You claim to be unable to answer completely, state the facts upon which You rely to support Your contention that You are unable to answer the interrogatory completely, and state what knowledge, information, or belief You have concerning the unanswered portion of each interrogatory.

5.    Unless otherwise specified, the time period applicable to these interrogatories is **September 1, 2014, through the present.**

## INSTRUCTIONS AS TO ELECTRONICALLY STORED INFORMATION

Electronically stored information ("ESI") is to be produced in 300 x 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or .TIF) files, with color Documents in Joint Photographic Experts Group (.JPEG or .JPG) files. TIFF and JPEG files shall be produced in single-page format along with Concordance image load files (.OPT). All Documents are to be provided with multi-page extracted or OCR text (.TXT) files indicating page breaks. Extracted text and/or OCR text shall not be embedded in the .DAT file but rather shall be provided as separate, Document-level text files, the names of which shall contain the beginning bates number of the Document. If a Document is provided in native format with a placeholder TIFF (e.g., a MS-Excel or .CSV file), the text file shall contain the extracted text of the native file. Provide any metadata values associated with the produced electronic information in the form of a metadata load text file (.DAT file) and using Concordance standard delimiters. Unless such materials contain privileged information, MS-Excel and .CSV spreadsheets shall be produced in native format. The metadata load file (.DAT) shall contain a link to the produced MS-Excel spreadsheets via data values called "Native Link" and a "TextPath" field containing the path (including the file name) to the extracted text or OCR file for each Document. The Native Link values shall contain the full directory path and file name of the MS-Excel spreadsheet as contained in the produced media. Produce native MS-Excel and .CSV files accompanied by a placeholder .TIFF sheet containing the name of the bates number for each produced file. To the extent such materials contain information subject to a claim of privilege, they shall be produced in the form of redacted .TIFF images. Sequential bates numbers and any confidentiality designation shall be electronically branded on each TIFF image of ESI. Each file name shall be unique and match the bates number of the page. The file name shall not contain any blank spaces and shall be zero padded.

## INTERROGATORIES

1.    Identify the Contact Information of each Person who participated in preparing the answers to the interrogatories and which interrogatory(ies) each such Person participated in preparing.

2.    Identify the Contact Information for all Persons known or believed by You to have knowledge or information pertaining to any of the claims or allegations in the Complaint. For each Person You identify, describe in detail his/her knowledge.

3.    Identify the Contact Information for all Persons, including any mortgage REITs, that ever have used or currently are using CAMRA. For each Person You identify, state (a) the length of time from the execution of Your contract with such Person until CAMRA was

        fully implemented and (b) whether CAMRA was hosted by such Person, hosted by You, operated by You as an outsourced service, or provided by some other mechanism.

4. Identify the Contact Information for all Persons other than ACM for which CAMRA was attempted to be, but ultimately was not, fully implemented. For each Person You identify, state (a) the length of time from the execution of Your contract with such Person until work to fully implement CAMRA ended, (b) whether CAMRA was (or was intended to be) hosted by such Person, hosted by You, operated by You as an outsourced service, or provided by some other mechanism, and (c) the reasons that CAMRA was not fully implemented.

5. Identify the Contact Information for all Persons other than ACM for which You have any knowledge or belief about any complaints, failures, accidents, incidents, problems, damages, or similar occurrences with CAMRA, including all Persons who have discontinued their use of CAMRA. For each Person You identify, state the date of and describe each such complaint, failure, accident, incident, problem, damage, discontinuance or similar occurrence with CAMRA.

6. Identify the Contact Information for all Persons other than ACM who use or used CAMRA on an outsourced basis in which SS&C personnel operate and maintain, or provide substantial direct support for the operation and maintenance of CAMRA. Identify when each Person began using CAMRA on an outsourced basis, whether such Person had previously attempted to implement or use CAMRA on some other basis of operation, and when such attempt began.

7. Identify the Contact Information for all Persons who ever have been or are currently are employed or otherwise retained by You to implement CAMRA. For each Person You identify that at present is not employed or otherwise retained by You, state the dates during which such Person was employed or otherwise retained by You.

8. Identify whether SS&C has ever been disciplined or charged by the U.S. Securities and Exchange Commission, FINRA, or any other SRO or regulatory agency relating to its products or services. If so, describe the nature of the proceedings and the outcome, including any penalties levied against SS&C.

9. Identify the Contact Information for each Person whom You may call as an expert witness at trial, and state in detail the substance of the opinions to be provided by each such Person.