# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, | Case No. 17-cv-00790-JAM |
| Plaintiff, | |
| v. | December 22, 2017 |
| SS&C TECHNOLOGIES INC., | |
| Defendant. | |

## ARMOUR CAPITAL MANAGEMENT LP'S
## SECOND REQUEST FOR PRODUCTION TO SS&C TECHNOLOGIES INC.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, ARMOUR Capital Management LP ("ACM"), serves its Second Request for Production (the "Second Request") to Defendant, SS&C Technologies Inc. ("SS&C").  Such production shall occur on January 22, 2018, at Holland & Knight LLP, One Stamford Plaza, 263 Tressler Boulevard, Suite 1400, Stamford, CT 06901.

## DEFINITIONS

1.      ACM incorporates by reference the definitions and rules of construction set forth in Rule 26(c) and (d) of the Local Civil Rules of the United States District Court for the District of Connecticut as if fully set forth herein, including the definitions of "Communication," "Document," and "Concerning," and the rules of construction for "All/Each," "And/Or," and "Number."

2.      "You," "Your," and "SS&C" mean Defendant, SS&C Technologies Inc., and Your employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every Person acting on Your behalf or at Your direction.

3.      "ACM" means Plaintiff, ARMOUR Capital Management LP and ACM's employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every Person acting on ACM's behalf or at its direction.

4.      "Amended Complaint" means the First Amended Complaint and Demand for Jury Trial filed by ACM in this lawsuit on July 13, 2017.

5.      "Master Agreement" means the Master Agreement for Software, Maintenance and Support, Professional Services, and Other Services between ACM and SS&C dated December 19, 2014, including all incorporated attachments and work requests, as referenced in and attached to the Complaint at Exhibits A-C.

5.      After the date of Your initial production of responsive Documents, if additional responsive Documents come into Your possession, custody, or control, such additional responsive Documents must be produced immediately.

6.      Unless otherwise indicated, the time frame applicable to these requests for production is **May 1, 2014 through May 1, 2017**.

## INSTRUCTIONS AS TO ELECTRONICALLY STORED INFORMATION

Electronically stored information ("ESI") is to be produced in 300 x 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or .TIF) files, with color Documents in Joint Photographic Experts Group (.JPEG or .JPG) files.  TIFF and JPEG files shall be produced in single-page format along with Concordance image load files (.OPT).  All Documents are to be provided with multi-page extracted or OCR text (.TXT) files indicating page breaks.  Extracted text and/or OCR text shall not be embedded in the .DAT file but rather shall be provided as separate, Document-level text files, the names of which shall contain the beginning bates number of the Document.  If a Document is provided in native format with a placeholder TIFF (e.g., a MS-Excel or .CSV file), the text file shall contain the extracted text of the native file.  Provide any metadata values associated with the produced electronic information in the form of a metadata load text file (.DAT file) and using Concordance standard delimiters.  Unless such materials contain privileged information, MS-Excel and .CSV spreadsheets shall be produced in native format.  The metadata load file (.DAT) shall contain a link to the produced MS-Excel spreadsheets via data values called "Native Link" and a "TextPath" field containing the path (including the file name) to the extracted text or OCR file for each Document.  The Native Link values shall contain the full directory path and file name of the MS-Excel spreadsheet as contained in the produced media.  Produce native MS-Excel and .CSV files accompanied by a placeholder .TIFF sheet containing the name of the bates number for each produced file.  To the extent such materials contain information subject to a claim of privilege, they shall be produced in the form of redacted .TIFF images.  Sequential bates numbers and any confidentiality designation shall be electronically branded on each TIFF image of ESI.  Each file name shall be unique and match the bates number of the page.  The file name shall not contain any blank spaces and shall be zero padded.

## REQUESTS FOR PRODUCTION

1.      All Documents, including Communications, reflecting or relating to items or tickets involving CAMRA submitted to TFS or Applix, including Your monthly lists of open items.

2.      All Documents, including Communications, reflecting or relating to discussions about switching a CAMRA customer, or a CAMRA customer being switched, from hosting or licensing to outsourcing.

3.      All Documents, including Communications, reflecting or relating to efforts to implement CAMRA for Bimini Capital Management, Inc., or NY Mortgage Trust.

4.      All Documents, including Communications, reflecting or relating to "delays on a solution for these asset types," as referenced in David Russell's September 22, 2015 email to Tim Reilly and others (SSC136496), attached at Exhibit A, including all Documents and Communications reflecting or relating to the reasons for such "delays."