# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, <br><br> Plaintiff, <br><br> v. <br><br> SS&C TECHNOLOGIES INC., <br><br> Defendant. | Case No. 17-cv-00790-JAM <br><br><br> April 11, 2018 |

**ARMOUR CAPITAL MANAGEMENT LP'S
THIRD REQUEST FOR PRODUCTION TO SS&C TECHNOLOGIES INC.**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, ARMOUR Capital Management LP ("ACM"), serves its Third Request for Production (the "Second Request") to Defendant, SS&C Technologies Inc. ("SS&C").  Such production shall occur on May 11, 2018, at Holland & Knight LLP, One Stamford Plaza, 263 Tresser Boulevard, Suite 1400, Stamford, CT 06901.

**DEFINITIONS**

1. ACM incorporates by reference the definitions and rules of construction set forth in Rule 26(c) and (d) of the Local Civil Rules of the United States District Court for the District of Connecticut as if fully set forth herein, including the definitions of "Communication," "Document," and "Concerning," and the rules of construction for "All/Each," "And/Or," and "Number."

2. "You," "Your," and "SS&C" mean Defendant, SS&C Technologies Inc., and Your employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every Person acting on Your behalf or at Your direction.

3. "ACM" means Plaintiff, ARMOUR Capital Management LP, and ACM's employees, officers, directors, shareholders, members, partners, attorneys, agents, managers, representatives, and each and every Person acting on ACM's behalf or at its direction.

4. "Amended Complaint" means the First Amended Complaint and Demand for Jury Trial filed by ACM in this lawsuit on July 13, 2017.

5. "Answer and Counterclaims" means the Answer to First Amended Complaint and Counterclaims filed by SS&C in this lawsuit on April 2, 2018.

3.	If any requested Document was once in Your possession, custody, or control but has been destroyed or lost, set forth in writing the contents of the Document, the date the Document was destroyed or lost, and the name of the Person who authorized or directed the destruction of the Document or was last in possession of the Document.

4.	If You cannot produce any of the Documents in full, produce to the extent possible and specify in writing the reasons for Your inability to produce the remainder of the Document.

5.	After the date of Your initial production of responsive Documents, if additional responsive Documents come into Your possession, custody, or control, such additional responsive Documents must be produced immediately.

6.	Unless otherwise indicated, the time frame applicable to these requests for production is **May 1, 2014 through May 1, 2017**.

## INSTRUCTIONS AS TO ELECTRONICALLY STORED INFORMATION

Electronically stored information ("ESI") is to be produced in 300 x 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or .TIF) files, with color Documents in Joint Photographic Experts Group (.JPEG or .JPG) files. TIFF and JPEG files shall be produced in single-page format along with Concordance image load files (.OPT). All Documents are to be provided with multi-page extracted or OCR text (.TXT) files indicating page breaks. Extracted text and/or OCR text shall not be embedded in the .DAT file but rather shall be provided as separate, Document-level text files, the names of which shall contain the beginning bates number of the Document. If a Document is provided in native format with a placeholder TIFF (e.g., a MS-Excel or .CSV file), the text file shall contain the extracted text of the native file. Provide any metadata values associated with the produced electronic information in the form of a metadata load text file (.DAT file) and using Concordance standard delimiters. Unless such materials contain privileged information, MS-Excel and .CSV spreadsheets shall be produced in native format. The metadata load file (.DAT) shall contain a link to the produced MS-Excel spreadsheets via data values called "Native Link" and a "TextPath" field containing the path (including the file name) to the extracted text or OCR file for each Document. The Native Link values shall contain the full directory path and file name of the MS-Excel spreadsheet as contained in the produced media. Produce native MS-Excel and .CSV files accompanied by a placeholder .TIFF sheet containing the name of the bates number for each produced file. To the extent such materials contain information subject to a claim of privilege, they shall be produced in the form of redacted .TIFF images. Sequential bates numbers and any confidentiality designation shall be electronically branded on each TIFF image of ESI. Each file name shall be unique and match the bates number of the page. The file name shall not contain any blank spaces and shall be zero padded.

## REQUESTS FOR PRODUCTION

1.	All Documents, including Communications, supporting or relating to Your "First Affirmative Defense" in the Answer and Counterclaims.

2.	All Documents, including Communications, supporting or relating to Your "Second Affirmative Defense" in the Answer and Counterclaims.

3.	All Documents, including Communications, supporting or relating to Your "Third Affirmative Defense" in the Answer and Counterclaims.

4. All Documents, including Communications, supporting or relating to Your "Fourth Affirmative Defense" in the Answer and Counterclaims.

5. All Documents, including Communications, supporting or relating to Your "Fifth Affirmative Defense" in the Answer and Counterclaims.

6. All Documents, including Communications, reflecting or relating to the "delays" and "causes" alleged by You in the Answer and Counterclaims, including but not limited to as alleged by You in paragraphs 23, 26, 42, and 44.

7. All Documents, including Communications, reflecting or relating to Your allegation in paragraph 24 of the Answer and Counterclaims that "Mark Gruber . . . performed no material project management responsibilities throughout the duration of the project."

8. All Documents, including Communications, reflecting or relating to Your allegation in paragraph 27 and 45 of the Answer and Counterclaims that You advised ACM "to establish a more disciplined and timely financial closing process" and/or ACM "refused."

9. All Documents, including Communications, reflecting or relating to Your allegations in paragraphs 22 and 38 of the Answer and Counterclaims, respectively, that "the standard for 'Completion of Implementation' was satisfied" and/or that "ACM [was] able to successfully process one complete month of transactions using CAMRA."

10. All Documents, including Communications, supporting or relating to Your allegations in paragraphs 15, 22, 31, 35, 38, and 49 that You "performed" or regarding Your "performance" of Your "obligations under the Master Agreement and related Work Requests."

11. All Documents, including Communications, reflecting or relating to any "benefits" received by ACM, as alleged by You in paragraphs 47 and 48 of the Answer and Counterclaims.

12. All Documents, including Communications, supporting, summarizing, reflecting or otherwise relating to the "thousands of hours of unbilled, additional professional in [sic] support" You allege in paragraph 35 of the Answer and Counterclaims to have "provided" and the "over four-thousand [sic] (4,000) unbilled hours" You allege in paragraph 46 to have "invested."

13. At any time, all Documents, including Communications, supporting or reflecting the basis for or calculation of the "in excess of $900,000 of unbilled professional services" alleged by You in paragraph 46 of the Answer and Counterclaims.

14. All other Documents, including Communications, supporting or relating to "Count I – Breach of Contract," "Count II – Breach of the Implied Covenant of Good Faith and Fair Dealing," and/or "Count III – Unjust Enrichment" in the Answer and Counterclaims.

15. All other Documents, including Communications, reflecting or relating to any amounts You claim in the Answer and Counterclaims that ACM owes You, including any attempts to secure payment from ACM for any such amounts.

16. All Documents, including Communications, reflecting or relating to ACM, the facts and circumstances alleged in the Amended Complaint, or the facts and circumstances alleged in the Answer and Counterclaims that have not already been produced.