Case No. 17-cv-00790-JAM

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT NEW HAVEN DIVISION

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>SS&C TECHNOLOGIES INC.,<br><br>　　　　　　　　　　　　Defendant. | 3:17-cv-00790-JAM<br><br>Hon. Jeffrey Alker Meyer |

### SS&C'S UNOPPOSED MOTION TO SEAL ACM'S EXPERT REPORT AND OTHER CONFIDENTIAL INFORMATION AND INCORPORATED <u>MEMORANDUM OF LAW</u>

Pursuant to Rule 5(e) of the Local Rules for the District of Connecticut,[1] Defendant, SS&C Technologies, Inc. ("SS&C"), moves for the entry of an order sealing **(i)** the expert report of Steven R. Kursh, Ph.D., CSDP, CLP served by Plaintiff, ARMOUR Capital Management LP ("ACM"), on SS&C on July 11, 2018 (the "Expert Report"), (ii) relevant excerpted portions of the deposition transcripts of Jeffrey Fecteau, John Timothy Reilly, Normand Boulanger, and Tony Gonzalez, cited in SS&C's letter briefs addressing the present discovery dispute (the "Deposition Excerpts"), and (iii) SS&C's Supplemental Interrogatory Responses to ACM's First Set of Interrogatories (the "Interrogatory Responses").

### <u>LEGAL ARGUMENT</u>

"Upon a showing of compelling circumstances, the court may order certain records to be sealed." *Grayson v. Gen. Elec. Co.*, 2017 WL 923907, at *1 (D. Conn. Mar. 7,

---

[1]　The Local Rules provide that a party seeking to file a document under seal may e-file: **(i)** a motion to seal; **(ii)** a redacted version of each document sought to be sealed; **(iii)** unredacted copies of each document sought to be sealed; and **(iv)** any memorandum or other documents supporting the assertion that grounds exist for sealing the documents sought to be sealed.  D. Conn. L. R. 5(e)(4)(a).  Accordingly, SS&C is filing unredacted copies of attorneys' eyes only and confidential documents as Exhibits 1–6 to this motion, and redacted copies of the same as Exhibits F, G, L, M, and N to SS&C's letter brief filed contemporaneously herewith.

2017) (citing *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).  Courts have discretion to seal documents that contain confidential information. *Geller v. Branic Int'l Realty Corp.,* 212 F.3d 734, 738 (2d Cir. 2000).  Courts have also recognized the need to protect the privacy interests of third parties. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (privacy interests of third parties given additional weight); *In re Savitt/Adler Litig.*, 1997 WL 797511, at *3 (N.D.N.Y. Dec. 23, 1997) (non-parties' privacy interests are a "strong factor weighing against disclosure of their identities").

Sealing is appropriate where materials constitute confidential "commercial information," which includes, among other documents, trade secrets, confidential research, internal business documents and information about a business's operations.  *See* Fed. R. Civ. P. 26(c)(1)(G); *Louis Vuitton Maletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 510-12 (S.D.N.Y. 2015).  Moreover, the Court's Standing Protective Order permits the producing party ("the Designating Person") to designate as "Confidential-Attorney's Eyes Only" materials that the Designating Person "reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Designating Person."  (ECF No. 4 at ¶ 4.)  The Standing Protective Order requires parties to file "Confidential-Attorneys' Eyes Only" documents under seal.  (*Id.* at ¶ 14.)  The Standing Protective Order also permits the Designating Person to designate as "Confidential" materials that the Designating Person "reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy."  (*Id*. at ¶ 3.)

Compelling circumstances exist for sealing the Expert Report, the Deposition Excerpts, and the Interrogatory Responses.  ACM has designated the Expert Report as

"Confidential-Attorneys' Eyes Only." SS&C has previously designated **(i)** the Deposition Excerpt of John Timothy Reilly as "Confidential," and **(ii)** the Deposition Excerpts of Jeffrey Fecteau, Normand Boulanger, and Tony Gonzalez, as well as the Interrogatory Responses, as "Confidential-Attorneys' Eyes Only" because these documents contain confidential and sensitive business information about SS&C and its CAMRA product—including the names of its CAMRA customers. SS&C is bound by the Court's Standing Protective Order. SS&C references the Expert Report, the Deposition Excerpts, and the Interrogatory Responses ("the Sealed Documents") in its letter briefs dated October 3 and 4, 2018. It attaches the Sealed Documents to this motion so that the Court may consider them in their entirety.

WHEREFORE, based on the foregoing, SS&C respectfully requests that the Court grant this motion and seal the aforementioned documents.

Dated: October 4, 2018

Respectfully submitted,

By: /s/ Nora Ahmed
Nora Ahmed
Nahmed@paulweiss.com
John F. Baughman
Jbaughman@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel for SS&C Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2018, a true and correct copy of this document was served by electronic mail on all counsel of record.