UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT NEW HAVEN DIVISION

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP,<br><br>                        Plaintiff,<br><br>v.<br><br>SS&C TECHNOLOGIES INC.,<br><br>                        Defendant. | 3:17-cv-00790-JAM |

**SS&C'S UNOPPOSED MOTION TO SEAL**
**MOTION *IN LIMINE* AND PRE-TRIAL MEMORANDUM MATERIALS**

Pursuant to Rule 5(e) of the Local Rules for the District of Connecticut, Defendant, SS&C Technologies, Inc. ("SS&C"), moves for the entry of an order sealing the following materials filed in relation to SS&C's motions *in limine* and the parties' Pre-Trial Memorandum:

(i) Defendant's Memorandum of Law in Support of its Omnibus Motion *in Limine*;

(ii) the expert report of Steven R. Kursh, Ph.D., CSDP, CLP served by Plaintiff, ARMOUR Capital Management LP ("ACM"), on SS&C on July 11, 2018 (the "Kursh Report") (Ex. A to the Joint Pre-Trial Memorandum; Ex. 2 to Defendant's Memorandum of Law in Support of its Motion *in Limine* to Exclude Steven Kursh ("Kursh Motion"));

(iii) the expert report of Brooks L. Hilliard, CMC, CCP, served by SS&C on ACM on September 12, 2018 (the "Hilliard Report") (Ex. B to the Joint Pre-Trial Memorandum);

(iv) the expert report of Michael Maffattone, served by SS&C on ACM on September 12, 2018 (the "Maffattone Report") (Ex. C. to the Joint Pre-Trial Memorandum);

(v) relevant excerpted portions of the deposition transcript of Steven R. Kursh (Ex. 1 to the Kursh Motion);

    (vi)    relevant excerpted portions of the deposition transcript of G. Hunter Haas, IV (Ex. 4 to Defendant's Memorandum of Law in Support of its Omnibus Motion *in Limine* (the "Omnibus Motion")); and

    (vii)    a document produced by SS&C with Bates beginning SSC747404 and included on ACM's exhibit list as ACM Exhibit 288. (Ex. 6 to the Omnibus Motion).

(collectively, the "Sealed Documents").

## LEGAL ARGUMENT

"Upon a showing of compelling circumstances, the court may order certain records to be sealed." *Grayson* v. *Gen. Elec. Co.*, 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) (citing *Joy* v. *North*, 692 F.2d 880, 893 (2d Cir. 1982)). Courts have discretion to seal documents that contain confidential information. *Geller* v. *Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Courts have also recognized the need to protect the privacy interests of third parties. *See United States* v. *Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (privacy interests of third parties given additional weight); *In re Savitt/Adler Litig.*, 1997 WL 797511, at *3 (N.D.N.Y. Dec. 23, 1997) (non-parties' privacy interests are a "strong factor weighing against disclosure of their identities").

Sealing is appropriate where materials constitute confidential "commercial information," which includes, among other documents, trade secrets, confidential research, internal business documents and information about a business's operations. *See* Fed. R. Civ. P. 26(c)(1)(G); *Louis Vuitton Maletier S.A.* v. *Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 510–12 (S.D.N.Y. 2015). Moreover, the Court's Standing Protective Order permits the producing party ("the Designating Person") to designate as "Confidential-Attorney's Eyes Only" materials that the Designating Person "reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Designating Person." (ECF No. 4 at ¶ 4.) The Standing

Protective Order requires parties to file "Confidential-Attorneys' Eyes Only" documents under seal. (*Id.* at ¶ 14.) The Standing Protective Order also permits the Designating Person to designate as "Confidential" materials that the Designating Person "reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy." (*Id*. at ¶ 3.)

Compelling circumstances exist for sealing of the Sealed Documents. ACM has designated the Kursh Expert Report and the deposition transcript of Steven R. Kursh as "Confidential-Attorneys' Eyes Only." SS&C has designated the Hilliard and Maffattone Expert Reports "Confidential-Attorneys' Eyes Only" because they contain confidential and sensitive business information about SS&C and its CAMRA product. SS&C has designated the deposition transcript of G. Hunter Haas, IV as "Confidential." SS&C has previously designated the document it produced with Bates beginning SSC747404 as "Confidential-Attorneys' Eyes Only" because it contains sensitive discussions by SS&C employees about SS&C's business, and SS&C's Memorandum of Law in Support of its Omnibus Motion *in Limine* has been redacted to remove portions of this document quoted in the Memorandum. It attaches the Sealed Documents to this motion so that the Court may consider them in their entirety.

This Court previously granted SS&C's motion to seal the same types of materials submitted in connection with certain letter briefing filed by the parties. *See* ECF Nos. 163, 193.

WHEREFORE, based on the foregoing, SS&C respectfully requests that the Court grant this motion and seal the aforementioned documents.

Dated: New York, New York
November 27, 2019

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ Robert A. Atkins
Robert A. Atkins
Jeannie S. Rhee
Jeffrey J. Recher
Joshua D. Kaye
1285 Avenue of the Americas
New York, New York 10019
ratkins@paulweiss.com
jrhee@paulweiss.com
jrecher@paulweiss.com
jkaye@paulweiss.com
Telephone: (212) 373-3000

Kevin J. O'Connor
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
koconnor@hinckleyallen.com
Telephone: (617) 378-4394

Jeffrey J. Mirman
Alexa T. Millinger
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com
Telephone: (860) 331-2762

*Attorneys for Defendant
SS&C Technologies, Inc.*

*Counsel for SS&C Technologies, Inc.*

## CERTIFICATION

I HEREBY CERTIFY THAT ON November 27, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system, as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.  Sealed documents will be transmitted by electronic mail to the parties.

/s/ Robert A. Atkins
Robert A. Atkins