UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ARMOUR CAPITAL MANAGEMENT LP,

                           Plaintiff,

             - against -                              3:17-cv-00790-JAM

SS&C TECHNOLOGIES, INC.,

                          Defendant.

---

## JOINT TRIAL MEMORANDUM

Plaintiff Armour Capital Management LP ("ACM") and Defendant SS&C Technologies, Inc. ("SS&C"), by and through their undersigned counsel, respectfully submit the following Joint Trial Memorandum.

### I.    Trial Counsel

#### a.  For Plaintiff:

**HOLLAND & KNIGHT LLP**

Christopher M. Cerrito (ct17183)
chris.cerrito@hklaw.com
One Stamford Plaza
263 Tresser Boulevard, Suite 1400
Stamford, CT  06901
Telephone:  (203) 905-4500
Facsimile:  (203) 724-3944

Joseph Mamounas (phv09010)
joseph.mamounas@hklaw.com
Allison Kernisky (phv09011)
allison.kernisky@hklaw.com
Manuel Miranda  (*Pro Hac Vice* application forthcoming)
manuel.miranda@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, FL  33131
Telephone:  (305) 374-8500
Facsimile:  (305) 789-7799

Daniel Mateo (phv10323)
daniel.mateo@hklaw.com
2929 Arch Street
Suite 800
Philadelphia, PA  19104
Telephone: (215) 252-9543
Facsimile: (215) 867-6070

**b.  For Defendant:**

Robert A. Atkins (*pro hac vice*, ECF No. 203)
Jeffrey D. Recher (*pro hac vice*, ECF No. 204)
Jeannie S. Rhee (*pro hac vice*, ECF No. 212)
Joshua D. Kaye (ct30854)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Fax:  (212) 492-0183
ratkins@paulweiss.com
Jrhee@paulweiss.com
jrecher@paulweiss.com
jkaye@paulweiss.com

## II.    Jurisdiction

This Court has jurisdiction over the parties and the subject matter because of diversity of citizenship between the parties and because the amounts in controversy exceed the Court's jurisdictional limits.  *See* 28 U.S.C. § 1332.  The jurisdiction of the Court is not disputed by the parties.

## III.    Jury/Non-Jury

This matter is to be tried to a jury.

## IV.    Length of Trial

The parties estimate 5-7 days will be needed for the presentation of evidence.

## V.        Further Proceedings

Subject to resolution of the motions *in limine* identified in Section IX, *infra*, no further proceedings are required prior to trial.

## VI.       Nature of Case

### a.  Plaintiff

This case is about holding a multibillion-dollar, publicly-traded software and services provider liable for the false, untrue, and/or misleading statements about its own portfolio accounting software solution and implementation capabilities it made to get a potential customer to enter into a multimillion-dollar contract that ultimately proved to be worthless.

ACM is a registered investment advisor focusing on mortgage-related securities. In 2014, ACM was looking for portfolio accounting software and related implementation services for accounting involving mortgage real estate investment trusts ("REITs"). From May to December 2014, ACM provided SS&C extensive information about its needs, accounting environment, and capabilities through written documents, in-person meetings, and telephone calls. In turn, SS&C made numerous pre-contractual misrepresentations to ACM, including about the suitability of CAMRA for ACM's needs; the viability of hosting as a deployment option for ACM; the "proven" nature of hosting for REITs; CAMRA's functionality, integration, and automation; and SS&C's experience, expertise, and capabilities, including to implement CAMRA for ACM within four to six months from contract execution, as SS&C had represented.

ACM entered into the December 2014 Master Agreement in reasonable reliance on SS&C's pre-contractual misrepresentations, which SS&C knew or should have known were false when they were made. Twenty-eight months later, the proof of SS&C's misrepresentations was

in the proverbial pudding:  CAMRA was not implemented and was unusable.  Because ACM's investment was entirely worthless, it terminated the Master Agreement and filed this suit.

ACM asserts claims against SS&C for negligent misrepresentation and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") and seeks nearly $1.78 million in fees and costs it paid to SS&C and about $1.47 million in lost time its employees needlessly dedicated to supporting SS&C in the failed implementation.  ACM also seeks an award of punitive damages against SS&C.  In the alternative, ACM seeks rescission of the Master Agreement.

SS&C has asserted a counterclaim for breach of contract alleging that ACM did not pay a $40,000 penalty for terminating the parties' hosting agreement without four-months' notice. ACM has raised numerous affirmative defenses that SS&C is entitled to no damages.

### b.  Defendant

This is a case about twenty-two statements that SS&C allegedly made to ACM prior to December 19, 2014, when ACM and SS&C entered into a contract pursuant to which SS&C licensed to ACM its investment accounting software, CAMRA.

ACM claims that these statements were negligent misrepresentations that induced ACM to enter into its agreement with SS&C.  None of the alleged misrepresentations, however, are actionable.  Most of the alleged misrepresentations are perfect examples of a sales pitch—that is, puffery containing SS&C's high opinion of its software, experience and expertise.  Statements claiming, for example, to be a "powerhouse" with "unique" experience and "world-class" technology are all instances of non-actionable subjective belief.  Beyond that, ACM will not be able to carry its burden to show that any of these statements were false, let alone that SS&C knew or should have known they were false at the time they were made.  Nor will ACM be able to prove that it reasonably relied on the challenged statements.  ACM is a registered investment advisor

entrusted by investors to manage billions of dollars of equity in complex securities and derivatives that now claims that it entered into the parties' contract because of generalized opinion and other "sales talk."

The evidence will show that SS&C had numerous clients, including mortgage REITs like ACM, that successfully used and employed CAMRA at the time that it allegedly made the challenged statements to ACM.  ACM, however, struggled to use and implement CAMRA as a result of its failure to devote sufficient time or resources.  ACM simply did not keep up its end of the bargain and ignored (or performed incorrectly) its own implementation responsibilities.

Finally, SS&C will show that ACM breached the parties' contract by purporting to terminate the agreement without providing the 120 days' notice that it required.  As a result, SS&C is entitled to damages in the amount of the monthly hosting fees for that 120-day period that ACM failed to pay.

## VII.   Trial by Magistrate Judge

The parties have not agreed to a trial by a Magistrate Judge.

## VIII.   Evidence

### a.   Plaintiff's Witnesses

ACM anticipates calling the following witnesses:

### 1.    Jim Mountain

**Address:**    ARMOUR Capital Management LP
c/o Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

**Anticipated Testimony:**  Mr. Mountain is the Chief Financial Officer of ACM.  He will testify in support of ACM's claims and defenses including without limitation as to the due diligence ACM conducted in selecting SS&C; the marketing efforts by SS&C to ACM regarding

CAMRA; the pre-contractual misrepresentations made by SS&C to ACM regarding CAMRA's suitability and functionality and SS&C's experience, expertise, and capabilities to implement CAMRA for ACM; the Master Services Agreement between ACM and SS&C, including Work Requests One and Two; SS&C's difficulties and inability to implement CAMRA; ACM's efforts to assist SS&C with the failed implementation of CAMRA, including time spent by ACM's employees; CAMRA's lack of accuracy, automation, and ease of use; SS&C's lack of experience, expertise, and capabilities, including its Professional Services team; the remedies sought by ACM to address SS&C's inability to implement CAMRA, including the negotiation and signing of Work Request Two; SS&C's failure to meet the completion of implementation standard in Work Request Two; payments made by ACM to SS&C; and damages incurred by ACM due to SS&C's misrepresentations and misconduct.

**Anticipated Duration:**  4-6 hours, likely to testify.

*SS&C's Objection:*  **Defendant anticipates objecting to the testimony of Mr. Mountain as irrelevant and unduly prejudicial insofar as his testimony on topics like "SS&C's difficulties and inability to implement CAMRA," "CAMRA's lack of accuracy, automation, and ease of use," "SS&C's lack of experience, expertise, and capabilities, including its Professional Services team," and others that are not specifically related to the truth or falsity of any particular challenged statement made by SS&C to ACM in 2014.  Defendant also anticipates objecting to the testimony of Mr. Mountain to the extent it is hearsay.  Defendant further anticipates objecting to the testimony of Mr. Mountain as irrelevant and unduly prejudicial insofar as his testimony on topics like "the remedies sought by ACM to address SS&C's inability to implement CAMRA" and "damages incurred by ACM due to SS&C's misrepresentations and misconduct" are not limited to the only available damages to ACM in this case—the amount of fees it paid SS&C under the Master Agreement.  The bases for these objections are set forth in more detail in SS&C's *in limine* motions.**

    2.    **Mark Gruber**

    **Address:**    ARMOUR Capital Management LP
    c/o Holland & Knight LLP
    701 Brickell Avenue, Suite 3300
    Miami, Florida 33131

**Anticipated Testimony:**  Mr. Gruber is the Chief Operating Officer and Chief Investment Officer of ACM.  He will testify in support of ACM's claims and defenses including without limitation as to the due diligence ACM conducted in selecting SS&C; the marketing efforts by SS&C to ACM regarding CAMRA; the pre-contractual misrepresentations made by SS&C to ACM regarding CAMRA's suitability and functionality and SS&C's experience, expertise, and capabilities to implement CAMRA for ACM; the Master Services Agreement between ACM and SS&C, including Work Requests One and Two; SS&C's difficulties and inability to implement CAMRA; ACM's efforts to assist SS&C with the failed implementation of CAMRA, including time spent by ACM's employees; CAMRA's lack of accuracy, automation, and ease of use; SS&C's lack of experience, expertise, and capabilities, including its Professional Services team; the remedies sought by ACM to address SS&C's inability to implement CAMRA, including the negotiation and signing of Work Request Two; SS&C's failure to meet the completion of implementation standard in Work Request Two; payments made by ACM to SS&C; damages incurred by ACM due to SS&C's misrepresentations and misconduct; and his knowledge of SS&C's failed implementation of CAMRA for Bimini Capital Management, Inc. ("Bimini").

**Anticipated Duration:**  3-4 hours, likely to testify.

***SS&C's Objection:***  **Defendant anticipates objecting to the testimony of Mr. Gruber as irrelevant and unduly prejudicial insofar as his testimony on topics like "SS&C's difficulties and inability to implement CAMRA," "CAMRA's lack of accuracy, automation, and ease of use," "SS&C's lack of experience, expertise, and capabilities, including its Professional Services team," and others that are not specifically related to the truth or falsity of any particular challenged statement made by SS&C to ACM in 2014.  Defendant also anticipates objecting to the testimony of Mr. Gruber to the extent it is hearsay.  Defendant further anticipates objecting to the testimony of Mr. Gruber as irrelevant and unduly prejudicial insofar as his testimony on topics like "the remedies sought by ACM to address SS&C's inability to implement CAMRA" and "damages incurred by ACM due to SS&C's misrepresentations and misconduct" are not limited to the only available damages to ACM in this case—the amount of fees it paid SS&C under the Master Agreement.  The bases for these objections are set forth in more detail in SS&C's *in limine* motions.**

3.      **Jonna Terry**

**Address:**      ARMOUR Capital Management LP
c/o Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

**Anticipated Testimony:**  Ms. Terry is Portfolio Accounting Director at ACM.  She will testify in support of ACM's claims and defenses including without limitation as to the difficulties ACM experienced with SS&C's failed implementation of CAMRA; problems associated with ACM's attempted use of CAMRA, including the lack of accuracy, automation, and ease of use; time spent by ACM assisting SS&C with the failed implementation of CAMRA, including CAMRA access time, ACM processing in CAMRA, attending training and meetings, and participating in telephone calls with SS&C; ACM's fulfillment of all its obligations under the Master Agreement and related Work Requests; ACM's continued use of its existing accounting system due to SS&C's inability to implement CAMRA; SS&C's failure to meet the implementation standard in Work Request Two; and SS&C's failed implementation of CAMRA, including the failure of CAMRA to "go live" or become ACM's "book of record."

**Anticipated Duration:** 2-3 hours, likely to testify.

***SS&C's Objection:***  **Defendant anticipates objecting to the testimony of Ms. Terry as irrelevant and unduly prejudicial insofar as his testimony on topics like "the difficulties ACM experienced with SS&C's failed implementation of CAMRA," "problems associated with ACM's attempted use of CAMRA, including the lack of accuracy, automation, and ease of use," "time spent by ACM assisting SS&C with the failed implementation of CAMRA, including CAMRA access time, ACM processing in CAMRA, attending training and meetings, and participating in telephone calls with SS&C," "ACM's continued use of its existing accounting system due to SS&C's inability to implement CAMRA," and "SS&C's failed implementation of CAMRA, including the failure of CAMRA to 'go live' or become ACM's 'book of record'" and others that are not specifically related to the truth or falsity of any particular challenged statement made by SS&C to ACM in 2014.  Defendant also anticipates objecting to the testimony of Ms. Terry to the extent it is hearsay.  The bases for these objections are set forth in more detail in SS&C's *in limine* motions.**

4.      **Kristin Davies**

**Address:**          ARMOUR Capital Management LP
c/o Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

**Anticipated Testimony:** Ms. Davies is a staff accountant at ACM. She will testify in support of ACM's claims and defenses including without limitation as to the difficulties ACM experienced with SS&C's failed implementation of CAMRA; problems associated with ACM's attempted use of CAMRA, including the lack of accuracy, automation, and ease of use; time spent by ACM assisting SS&C with the failed implementation of CAMRA, including CAMRA access time, ACM processing in CAMRA, attending training and meetings, and participating in telephone calls with SS&C; ACM's fulfillment of all its obligations under the Master Agreement and related Work Requests; ACM's continued use of its existing accounting system due to SS&C's inability to implement CAMRA; SS&C's failure to meet the implementation standard in Work Request Two; and SS&C's failed implementation of CAMRA, including the failure of CAMRA to "go live" or become ACM's "book of record."

**Anticipated Duration:** 1-2 hours, likely to testify.

*SS&C's Objection:* **Defendant anticipates objecting to the testimony of Ms. Davies as irrelevant and unduly prejudicial insofar as his testimony on topics like "the difficulties ACM experienced with SS&C's failed implementation of CAMRA," "problems associated with ACM's attempted use of CAMRA, including the lack of accuracy, automation, and ease of use," "time spent by ACM assisting SS&C with the failed implementation of CAMRA, including CAMRA access time, ACM processing in CAMRA, attending training and meetings, and participating in telephone calls with SS&C," "ACM's continued use of its existing accounting system due to SS&C's inability to implement CAMRA," and "SS&C's failed implementation of CAMRA, including the failure of CAMRA to 'go live' or become ACM's 'book of record'" and others that are not specifically related to the truth or falsity of any particular challenged statement made by SS&C to ACM in 2014. Defendant also anticipates objecting to the testimony of Ms. Davies to the extent it is hearsay. The bases for these objections are set forth in more detail in SS&C's *in limine* motions.**

5.    **Alicia Hill**

**Address:**        ARMOUR Capital Management LP
c/o Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

**Anticipated Testimony:** Ms. Hill is the financial accounting manager at ACM.  She will testify in support of ACM's claims and defenses including without limitation as to the difficulties ACM experienced with SS&C's failed implementation of CAMRA; problems associated with ACM's attempted use of CAMRA, including the lack of accuracy, automation, and ease of use; time spent by ACM assisting SS&C with the failed implementation of CAMRA, including CAMRA access time, ACM processing in CAMRA, attending training and meetings, and participating in telephone calls with SS&C; ACM's fulfillment of all its obligations under the Master Agreement and related Work Requests; ACM's continued use of its existing accounting system due to SS&C's inability to implement CAMRA; SS&C's failure to meet the implementation standard in Work Request Two; and SS&C's failed implementation of CAMRA, including the failure of CAMRA to "go live" or become ACM's "book of record."

**Anticipated Duration:**  1-2 hours, likely to testify.

***SS&C's Objection:***  **Defendant anticipates objecting to the testimony of Ms. Hill as irrelevant and unduly prejudicial insofar as his testimony on topics like "the difficulties ACM experienced with SS&C's failed implementation of CAMRA," "problems associated with ACM's attempted use of CAMRA, including the lack of accuracy, automation, and ease of use," "time spent by ACM assisting SS&C with the failed implementation of CAMRA, including CAMRA access time, ACM processing in CAMRA, attending training and meetings, and participating in telephone calls with SS&C," "ACM's continued use of its existing accounting system due to SS&C's inability to implement CAMRA," and "SS&C's failed implementation of CAMRA, including the failure of CAMRA to 'go live' or become ACM's 'book of record'" and others that are not specifically related to the truth or falsity of any particular challenged statement made by SS&C to ACM in 2014.  Defendant also anticipates objecting to the testimony of Ms. Hill to the extent it is hearsay.  The bases for these objections are set forth in more detail in SS&C's *in limine* motions.**

### 6.    Shane Rand

**Address:**     ARMOUR Capital Management LP
c/o Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

**Anticipated Testimony:** Mr. Rand is an analyst at ACM.  He is expected to testify about the difficulties ACM experienced with SS&C's failed implementation of CAMRA; problems associated with ACM's attempted use of CAMRA, including the lack of accuracy, automation, and ease of use; time spent by ACM assisting SS&C with the failed implementation of CAMRA, including CAMRA access time, ACM processing in CAMRA, attending training and meetings, and participating in telephone calls with SS&C; ACM's fulfillment of all its obligations under the Master Agreement and related Work Requests; ACM's continued use of its existing accounting system due to SS&C's inability to implement CAMRA; SS&C's failure to meet the implementation standard in Work Request Two; and SS&C's failed implementation of CAMRA, including the failure of CAMRA to "go live" or become ACM's "book of record."

**Anticipated Duration:**  1-2 hours, likely to testify.

**SS&C's Objection:**  Defendant anticipates objecting to the testimony of Mr. Rand as irrelevant and unduly prejudicial insofar as his testimony on topics like "the difficulties ACM experienced with SS&C's failed implementation of CAMRA," "problems associated with ACM's attempted use of CAMRA, including the lack of accuracy, automation, and ease of use," "time spent by ACM assisting SS&C with the failed implementation of CAMRA, including CAMRA access time, ACM processing in CAMRA, attending training and meetings, and participating in telephone calls with SS&C," "ACM's continued use of its existing accounting system due to SS&C's inability to implement CAMRA," and "SS&C's failed implementation of CAMRA, including the failure of CAMRA to 'go live' or become ACM's 'book of record'" and others that are not specifically related to the truth or falsity of any particular challenged statement made by SS&C to ACM in 2014.  Defendant also anticipates objecting to the testimony of Mr. Rand to the extent it is hearsay.  The bases for these objections are set forth in more detail in SS&C's *in limine* motions.

7.      **Jeff Zimmer**

**Address:**        ARMOUR Capital Management LP
                    c/o Holland & Knight LLP
                    701 Brickell Avenue, Suite 3300
                    Miami, Florida 33131

**Anticipated Testimony:**  Mr. Zimmer is the Co-Chief Executive Officer of ACM.  He is expected to testify about ACM's process of selecting SS&C; SS&C's failure to implement CAMRA for ACM; payments made by ACM to SS&C; and damages incurred by ACM due to SS&C's misrepresentations and misconduct.

**Anticipated Duration:**  1-2 hours, likely to testify.

*SS&C's Objection:*  **Defendant anticipates objecting to the testimony of Mr. Zimmer to the extent it is hearsay.**

8.      **Manuel Antonio "Tony" Gonzalez**

**Address:**        101 Meyersville Road
                    Chatham, New Jersey 07928

**Anticipated Testimony:**  Mr. Gonzalez is a former Vice President of Professional Services at SS&C.  He is expected to testify about SS&C's obligation to implement CAMRA for ACM; SS&C's difficulties and inability to implement CAMRA for ACM; SS&C's lack of resources, including with its Professional Services team and the impact on SS&C's implementation of CAMRA for ACM and for Bimini; his own efforts to introduce a resource allocation plan at SS&C, SS&C's failure to adopt his recommendations, and the impact on the implementation of CAMRA for ACM and Bimini; SS&C's Professional Services team's lack of ability and competency to implement CAMRA for ACM and Bimini; and SS&C's failure to implement CAMRA for ACM and Bimini.

**Anticipated Duration:**  3-5 hours, likely to testify.

***SS&C's Objection:*** **Defendant anticipates objecting to the testimony of Mr. Gonzalez, a former SS&C employee who was not hired by SS&C until ten months after the Master Agreement was signed, as irrelevant and unduly prejudicial insofar as his testimony is not specifically related to the truth or falsity of any particular challenged statement made by SS&C to ACM in 2014 or is hearsay.  Mr. Gonzalez's testimony on the subjects described above is irrelevant to the issues in this case and is likely to be highly prejudicial.  Defendant further anticipates objecting to the testimony of Mr. Gonzalez to the extent it is hearsay.  The bases for these objections are set forth in more detail in SS&C's *in limine* motions.**

9.      **Steven R. Kursh, Ph.D., CSDP, CLP**

**Address:**        c/o Holland & Knight LLP
                          701 Brickell Avenue, Suite 3300
                          Miami, Florida 33131

**Anticipated Testimony:**  Professor Kursh is an Executive Professor in the D'Amore-McKim School of Business at Northeastern University in Boston, Massachusetts with approximately thirty years of applied and practical experience in the computer and high technology fields, and business.  His experience includes founding and serving as president of an enterprise software company and assisting with over 200 software implementations and his expertise is in software implementation, as relevant for this matter.  He has been admitted as an expert before arbitration panels, state courts, and federal courts in matters relating to computer software and e-commerce, including, but not limited to software implementations, software engineering, software development, software applications, and valuation.  His expert report and curriculum vitae are attached as Exhibit A to this Memorandum.

Professor Kursh will testify that SS&C did not act reasonably, under a basic standard of care, with respect to the truth of pre-contractual sales representations it made to ACM, including: (a) SS&C's proposed hosted CAMRA "solution" was suitable for ACM's needs and carried the functionality, including automation necessary for hosted development, that SS&C promised; and (b) SS&C had the services capacity, including qualifications and experience, to implement the solution for ACM, and to do so within four to six months, as promised.  Professor Kursh will

testify that with respect to the CAMRA solution, SS&C's "qualification" process was inadequate for SS&C to conclude that the solution was suitable for ACM, especially given that SS&C previously had never sold a hosted CAMRA solution to a mortgage REIT and had a limited mortgage REIT client base. Professor Kursh will testify that CAMRA did not provide accuracy or ease of use consistent with industry standards in 2014 although SS&C touted CAMRA's accuracy and ease of use to ACM, and SS&C did not act reasonably in promising it could deliver connectivity between CAMRA and four third-party data sources although SS&C claimed its CAMRA solution was automated and integrated, including with respect to those sources.

Professor Kursh will testify that SS&C also did not act reasonably in representing its services capability because during the sales process, SS&C did not use reasonable care to identify "Professional Services" staff with the qualifications, experience, and availability to assign to the CAMRA implementation at ACM, as evidenced by the fact that all of Professional Services was "near capacity" at the time; two individuals primarily assigned to the project lacked the requisite competence; and SS&C suffered numerous resource shortages during the project. Professor Kursh will testify that SS&C also failed to appropriately plan the implementation, and there is evidence it lacked the capability to do so accurately—such as having never previously implemented CAMRA for a mortgage REIT in six months (let alone four) or on hosting—or to effectively communicate with ACM its purported required level of effort for the project.

Professor Kursh will testify that as a result of SS&C's failure to act reasonably, ACM suffered extensive harm and that after 28 months, SS&C failed to implement CAMRA for ACM, considering both (a) the acceptance criteria to which the parties agreed and (b) the success factors SS&C set for the project and that without implementation, the CAMRA solution—including the license, maintenance, hosting, and implementation services SS&C sold to ACM, among others—

were valueless.  Professor Kursh will testify that the extensive project length was the result of SS&C's failure to act reasonably, including SS&C's inability to deliver the functionality and automation that was promised, and SS&C's dramatic underbid of the implementation project, in both hours and cost, which was vastly inconsistent with reality and that as a result ACM suffered financial losses of approximately $3.25 million as a consequence of SS&C's conduct, including direct damages of approximately $1.78 million that ACM paid SS&C and at least $1.48 million in lost ACM employee time, not including legal fees and costs.

Professor Kursh intends to rely upon the following materials:  (i) documents cited in his expert report dated July 11, 2018; (ii) transcripts and exhibits for all depositions taken in this matter; (iii) and interrogatory responses served by ACM and SS&C.

**Anticipated Duration:**  4-6 hours, likely to testify.

***SS&C's Objection:***  **Defendant anticipates objecting to Professor Kursh's testimony for the reasons set forth in Defendant's Motion in Limine to Exclude Professor Stephen R. Kursh.**

10.    **Trevor Spicer**

**Address:**    ARMOUR Capital Management LP
c/o Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

**Anticipated Testimony:**  Mr. Spicer works in ACM's Information Technology ("IT") Department.  He will testify in support of ACM's claims and defenses including without limitation as to the time he spent working on SS&C's failed implementation of CAMRA for ACM.

**Anticipated Duration:**  Less than 1 hour, likely to testify.

***SS&C's Objection:***  **Defendant anticipates objecting to the testimony of Mr. Spicer as irrelevant and unduly prejudicial insofar as his testimony on "the time he spent working on SS&C's failed implementation of CAMRA for ACM" is not relevant to any issue in the case and to the extent it is hearsay.  The bases for these objections are set forth in more detail in SS&C's *in limine* motions.**

11.     **Cory Graley**

| Address: | ARMOUR Capital Management LP |
|---|---|
| | c/o Holland & Knight LLP |
| | 701 Brickell Avenue, Suite 3300 |
| | Miami, Florida 33131 |

**Anticipated Testimony:** Mr. Graley works in ACM's IT Department. He will testify in support of ACM's claims and defenses including without limitation as to the time he spent working on SS&C's failed implementation of CAMRA for ACM.

**Anticipated Duration:** Less than 1 hour, likely to testify.[1]

*SS&C's Objection:* **Defendant anticipates objecting to the testimony of Mr. Spicer as irrelevant and unduly prejudicial insofar as his testimony on "the time he spent working on SS&C's failed implementation of CAMRA for ACM" is not relevant to any issue in the case and to the extent it is hearsay. The bases for these objections are set forth in more detail in SS&C's** *in limine* **motions.**

**b.   Defendant's Witnesses**

Defendant anticipates calling the following witnesses.

1.     **Sasha DeMarino**

| Address: | c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP |
|---|---|
| | 1285 Avenue of the Americas |
| | New York, NY 10019 |

**Anticipated Testimony:** Ms. DeMarino will testify about SS&C's CAMRA product; the deployment options for CAMRA; SS&C training for CAMRA users both generally and at Armour; and the implementation process for CAMRA both generally and at Armour.

**Anticipated Duration:** Defendant anticipates that Ms. DeMarino's direct examination will take approximately 2 hours.

---

[1] ACM reserves the right to revise, amend, or supplement its witness list and/or to call at trial any person as a rebuttal witness, if necessary, including by designation.

*ACM's Objections*:[2]  **ACM objects to Ms. DeMarino's testimony as irrelevant and unduly prejudicial because her testimony is entirely unrelated to SS&C's post-contractual conduct concerning whether SS&C knew or should have known its pre-contractual statements were false or that ACM sustained damages as a result of SS&C's misconduct.  ACM also objects to Ms. DeMarino's testimony as irrelevant and unduly prejudicial to the extent it relates to ACM's alleged post-contractual negligence or to show that ACM—and not SS&C—caused ACM's damages.  ACM also objects to any testimony concerning other SS&C customers apart from those ultimately allowed by the Court.  In addition, ACM objects to Ms. DeMarino's testimony to the extent it is hearsay.  ACM also objects to Ms. DeMarino's testimony to the extent it is cumulative and/or duplicative of any other SS&C witnesses, including Ms. Mahamoon.  The bases for some or all of these objections are set forth in more detail in ACM's in limine motions.**

## 2.    Mark Gruber

**Address**:        c/o Holland & Knight LLP
                701 Brickell Avenue, Suite 3300
                Miami, Florida 33131

**Anticipated Testimony**:  Mr. Gruber will testify about the process by which and the reasons why Armour chose CAMRA; the deployment options for CAMRA; SS&C's statements to ACM prior to entering into the Master Agreement; Armour's due diligence in selecting a software vendor; the implementation of CAMRA at Armour; and any alleged damage to Armour.

**Anticipated Duration**:  Defendant anticipates that Mr. Gruber's cross examination will take 4 hours.

*ACM's Objections*:  **ACM does not object to SS&C cross-examining Mr. Gruber within the scope of his direct testimony.  However, ACM objects to SS&C's stated interest in "calling" Mr. Gruber as improper and not in furtherance of judicial economy to the extent SS&C intends to recall Mr. Gruber for "4 hours" of "cross examination" in its case in chief.  This "cross examination" may be further limited by resolution of ACM's *in limine* motions.**

---

[2] ACM's objections are without limitation to its right to object to specific testimony as introduced.

### 3.   Brooks Hilliard

**Address**:       c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Anticipated Testimony**:  Mr. Hilliard is an expert witness who will testify about Professor Kursh's proffered standard of care, and the customs and practices of the commercial software industry relevant to the parties' pre- and post-contractual conduct.

Mr. Hilliard is an expert in the customs and practices of the computer software industry, including computer system selection and system implementation.  Mr. Hilliard's testimony is based on nearly 40 years of experience helping companies, governmental agencies, and non-profit organizations with the selection, implementation, and ongoing support of business information technology applications, as well as his review of the pleadings, depositions, and other documents produced in this litigation.  His professional biography and the full list of materials on which he intends to rely are set out in his report, attached as Exhibit B.

**Anticipated Duration**:  Defendant anticipates that Mr. Hilliard's testimony will take 2 hours.

*ACM's Objections***:  ACM objects to Mr. Hilliard's testimony as irrelevant and unduly prejudicial to the extent he opines on matters unrelated to SS&C's post-contractual conduct concerning whether SS&C knew or should have known its pre-contractual statements were false or that ACM sustained damages as a result of SS&C's misconduct and/or ACM's alleged post-contractual negligence or that ACM—and not SS&C—caused ACM's damages.  ACM also objects to Mr. Hilliard's testimony as improper to the extent it would invade the province of the jury.  ACM also objects to any testimony concerning other SS&C customers apart from those ultimately allowed by the Court.  ACM also objects to Mr. Hilliard's testimony to the extent it is cumulative and/or duplicative of any other SS&C witnesses, including Mr. Maffattone.  The bases for some or all of these objections are set forth in more detail in ACM's *in limine* motions.**

### 4.   Michael Maffattone

**Address**:     c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Anticipated Testimony**:  Mr. Maffattone is an expert witness who will testify about industry custom and practice with respect to portfolio accounting software implementations; the usage of CAMRA in the financial industry; SS&C's pre-contractual conduct relative to industry custom and practice; the impact of ACM's conduct, including in connection with its pre-contractual conduct and with respect to the implementation of CAMRA.

Mr. Maffattone is an expert in the implementation of portfolio accounting software. Mr. Maffattone's testimony is based on his experience with over 100 software implementation projects and his role as lead IT manager for the implementation of six portfolio accounting software implementations, including CAMRA.  Mr. Maffattone's testimony is also based on his review of relevant pleadings, depositions, and other documents produced in this litigation.  His professional biography and the full list of materials on which he intends to rely are set out in his report, attached as Exhibit C.

**Anticipated Duration**:  Defendant anticipates that Mr. Maffattone's testimony will take 2 hours.

***ACM Objection's***:  **ACM objects to Mr. Maffattone's testimony for all the reasons set forth in its Motion in Limine to Exclude Michael Maffattone.  ACM also objects to Mr. Maffattone's testimony as irrelevant and unduly prejudicial to the extent he opines on matters unrelated to SS&C's post-contractual conduct concerning whether SS&C knew or should have known its pre-contractual statements were false or that ACM sustained damages as a result of SS&C's misconduct and/or ACM's alleged post-contractual negligence or that ACM—and not SS&C—caused ACM's damages.  ACM also objects to Mr. Maffattone's testimony as improper to the extent it would invade the province of the jury. ACM also objects to any testimony concerning other SS&C customers apart from those ultimately allowed by the Court.  ACM also objects to Mr. Maffattone's testimony to the extent it is cumulative and/or duplicative of any other SS&C witnesses, including Mr. Hilliard.  The bases for some or all of these objections are set forth in more detail in ACM's *in limine* motions.**

### 5.      Fathima Mahamoon

**Address**:      c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Anticipated Testimony**:   Ms. Mahamoon will testify about SS&C's CAMRA product; the services provided by SS&C Direct; and the implementation process for CAMRA at Armour.

**Anticipated Duration**:   Defendant anticipates that Ms. Mahamoon's direct examination will take 1 hour.

**ACM's Objections**:   ACM objects to Ms. Mahamoon's testimony as irrelevant and unduly prejudicial because her testimony is entirely unrelated to SS&C's post-contractual conduct concerning whether SS&C knew or should have known its pre-contractual statements were false or that ACM sustained damages as a result of SS&C's misconduct.   ACM also objects to Ms. Mahamoon's testimony as irrelevant and unduly prejudicial to the extent it relates to ACM's alleged post-contractual negligence or to show that ACM—and not SS&C—caused ACM's damages.   In addition, ACM objects to Ms. Mahamoon's testimony to the extent it is hearsay. ACM also objects to any testimony concerning other SS&C customers apart from those ultimately allowed by the Court.   ACM also objects to Ms. Mahamoon's testimony to the extent it is cumulative and/or duplicative of any other SS&C witnesses, including Ms. DeMarino.  The bases for these objections are set forth in more detail in ACM's *in limine* motions.

6.     **Dennis Moore**

**Address**:     c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Anticipated Testimony**:  Mr. Moore will testify about SS&C's CAMRA product; SS&C's statements to ACM prior to entering into the Master Agreement; ACM's due diligence prior to entering into the Master Agreement; the deployment options for CAMRA; and the sales and implementation process for CAMRA both generally and at Armour.

**Anticipated Duration**:  Defendant anticipates that Mr. Moore's direct examination will take 2 hours.

***ACM's Objections***:  **ACM objects to Mr. Moore's testimony as irrelevant and unduly prejudicial insofar as his testimony is unrelated to SS&C's post-contractual conduct concerning whether SS&C knew or should have known its pre-contractual statements were false or that ACM sustained damages as a result of SS&C's misconduct.  ACM also objects to Mr. Moore's testimony as irrelevant and unduly prejudicial to the extent it relates to ACM's alleged post-contractual negligence or to show that ACM—and not SS&C—caused ACM's damages.  In addition, ACM objects to Mr. Moore's testimony to the extent it is hearsay.  ACM also objects to any testimony concerning other SS&C customers apart from those ultimately allowed by the Court.  ACM also objects to Mr. Moore's testimony to the extent it is cumulative and/or duplicative of any other SS&C witnesses, including Mr. Reilly. The bases for some or all of these objections are set forth in more detail in ACM's *in limine* motions.**

7.     **James Mountain**

**Address:**     c/o Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

**Anticipated Testimony**:  Mr. Mountain will testify about the process by which and the reasons why ACM chose CAMRA; the deployment options for CAMRA; SS&C's statements to ACM prior to entering into the Master Agreement; ACM's due diligence in selecting a software vendor; the implementation of CAMRA at ACM; and any alleged damage to ACM.

**Anticipated Duration**: Defendant anticipates that Mr. Mountain's cross examination will take 4 hours.

**ACM's Objections**: ACM does not object to SS&C cross-examining Mr. Mountain within the scope of his direct testimony. However, ACM objects to SS&C's stated interest in "calling" Mr. Mountain as improper and not in furtherance of judicial economy to the extent SS&C intends to recall Mr. Mountain for "4 hours" of "cross examination" in its case in chief. This "cross examination" may be further limited by resolution of ACM's *in limine* motions.

8.     Daniel Pallone

**Address**:        c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Anticipated Testimony**: Mr. Pallone will testify about SS&C's Mortgage REIT servicing group; the deployment options for CAMRA; and the implementation process for CAMRA both generally and at Armour.

**Anticipated Duration**: Defendant anticipates that Mr. Pallone's direct examination will take 3 hours.

**ACM's Objections**: ACM objects to Mr. Pallone's testimony as irrelevant and unduly prejudicial insofar as his testimony is entirely unrelated to SS&C's post-contractual conduct concerning whether SS&C knew or should have known its pre-contractual statements were false or that ACM sustained damages as a result of SS&C's misconduct. ACM also objects to Mr. Pallone's testimony as irrelevant and unduly prejudicial to the extent it relates to ACM's alleged post-contractual negligence or to show that ACM—and not SS&C—caused ACM's damages. ACM also objects to any testimony concerning other SS&C customers apart from those ultimately allowed by the Court. In addition, ACM objects to Mr. Pallone's testimony to the extent it is hearsay or insofar as Mr. Pallone lacks personal knowledge because he was not employed by SS&C until more than a year after the parties' Master Agreement was signed and until more than a year of SS&C's attempted implementation of CAMRA for ACM had transpired. ACM also objects to Mr. Pallone's testimony to the extent it is cumulative and/or duplicative of any other SS&C witnesses, including Ms. DeMarino, Ms. Mahamoon, Mr. Reilly, and Mr. Moore. The bases for some or all of these objections are set forth in more detail in ACM's *in limine* motions.

9.     **J. Timothy Reilly**

**Address**:     c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Anticipated Testimony**:  Mr. Reilly will testify about SS&C's CAMRA product; SS&C's statements to ACM prior to entering into the Master Agreement; and the sales and implementation process for CAMRA both generally and at Armour.

**Anticipated Duration**:  Defendant anticipates that Mr. Reilly's direct examination will take 3 hours.

*ACM's Objections:*  **ACM objects to Mr. Reilly's testimony as irrelevant and unduly prejudicial insofar as his testimony is entirely unrelated to SS&C's post-contractual conduct concerning whether SS&C knew or should have known its pre-contractual statements were false or that ACM sustained damages as a result of SS&C's misconduct. ACM also objects to Mr. Reilly's testimony as irrelevant and unduly prejudicial to the extent it relates to ACM's alleged post-contractual negligence or to show that ACM—and not SS&C—caused ACM's damages.  ACM also objects to any testimony concerning other SS&C customers apart from those ultimately allowed by the Court.  In addition, ACM objects to Mr. Reilly's testimony to the extent it is hearsay or insofar as Mr. Reilly lacks personal knowledge.  ACM also objects to Mr. Reilly's testimony to the extent it is cumulative and/or duplicative of any other SS&C witnesses, including Mr. Moore, Ms. DeMarino, Ms. Mahamoon, and Mr. Pallone.  The bases for some or all of these objections are set forth in more detail in ACM's** *in limine* **motions.**

10.    **Jonna Terry**

**Address:**       c/o Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

**Anticipated Testimony**:  Ms. Terry will testify about the process by which and the reasons why Armour chose CAMRA; the deployment options for CAMRA; SS&C's statements to ACM prior to entering into the Master Agreement; Armour's due diligence in selecting a software vendor; the implementation of CAMRA at Armour; and any alleged damage to Armour.

**Anticipated Duration**:  Defendant anticipates that Ms. Terry's cross examination will take 2 hours.

***ACM's Objections:***  **ACM does not object to SS&C cross-examining Ms. Terry within the scope of her direct testimony.  However, ACM objects to SS&C's stated interest in "calling" Ms. Terry as improper and not in furtherance of judicial economy to the extent SS&C intends to recall Ms. Terry for "2 hours" of "cross examination" in its case in chief.  This "cross examination" may be further limited by resolution of ACM's *in limine* motions.**

Defendant anticipates calling the following witnesses only if the need arises.

## 1.    Jeffrey Fecteau

**Address**:       c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Anticipated Testimony**:  Mr. Fecteau will testify about SS&C's CAMRA product;

SS&C's statements to ACM prior to entering into the Master Agreement; ACM's due diligence

prior to entering into the Master Agreement; the deployment options for CAMRA; and the sales

and implementation process for CAMRA both generally and at Armour.

**Anticipated Duration**:    Defendant anticipates that Mr. Fecteau's direct

examination will take 2 hours.

***ACM's Objections***:  **ACM objects to Mr. Fecteau's testimony as irrelevant and unduly prejudicial insofar as his testimony is unrelated to SS&C's post-contractual conduct concerning whether SS&C knew or should have known its pre-contractual statements were false or that ACM sustained damages as a result of SS&C's misconduct.  ACM also objects to Mr. Fecteau's testimony as irrelevant and unduly prejudicial to the extent it relates to ACM's alleged post-contractual negligence or to show that ACM—and not SS&C—caused ACM's damages.  In addition, ACM objects to Mr. Fecteau's testimony to the extent it is hearsay.  ACM also objects to any testimony concerning other SS&C customers apart from those ultimately allowed by the Court.  ACM also objects to Mr. Fecteau's testimony to the extent it is cumulative and/or duplicative of any other SS&C witnesses, including Mr. Moore and Mr. Reilly.  The bases for some or all of these objections are set forth in more detail in ACM's *in limine* motions.**

2.      **Iwona Olszewska**

**Address**:      c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Anticipated Testimony**:   Ms. Olszewska may testify about SS&C's CAMRA product; the deployment options for CAMRA; and the implementation process for CAMRA both generally and at Armour.

**Anticipated Duration**:   Defendant anticipates that Ms. Olszewska's direct examination will take 2 hours.

***ACM's Objections***:  **ACM objects to Ms. Olszewska's testimony as irrelevant and unduly prejudicial insofar as her testimony is unrelated to SS&C's post-contractual conduct concerning whether SS&C knew or should have known its pre-contractual statements were false or that ACM sustained damages as a result of SS&C's misconduct. ACM also objects to Ms. Olszewska's testimony as irrelevant and unduly prejudicial to the extent it relates to ACM's alleged post-contractual negligence or to show that ACM—and not SS&C—caused ACM's damages.  ACM also objects to any testimony concerning other SS&C customers apart from those ultimately allowed by the Court.  In addition, ACM objects to Ms. Olszewska's testimony to the extent it is hearsay or insofar as Ms. Olszewska lacks personal knowledge because she was dismissed from her position by SS&C during its attempted implementation of CAMRA for ACM.  ACM also objects to Ms. Olszewska's testimony to the extent it is cumulative and/or duplicative of any other SS&C witnesses, including Mr. Moore, Mr. Fecteau, Mr. Reilly, Mr. Pallone, Ms. DeMarino, and Ms. Mahamoon.  The bases for some or all of these objections are set forth in more detail in ACM's *in limine* motions.**

3.      **Jack Quinn**

**Address**:      c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Anticipated Testimony**:  Mr. Quinn may testify about SS&C's CAMRA product; the deployment options for CAMRA; and the sales process for CAMRA.

**Anticipated Duration**: Defendant anticipates that Mr. Quinn's direct examination will take 2 hours.[3]

***ACM's Objections*:  ACM objects to Mr. Quinn's testimony to the extent it is hearsay.  ACM also objects to Mr. Quinn's testimony to the extent he lacks personal knowledge as to SS&C's sales process to ACM.  ACM also objects to any testimony concerning other SS&C customers apart from those ultimately allowed by the Court.  ACM also objects to Mr. Quinn's testimony to the extent it is cumulative and/or duplicative of any other SS&C witnesses, including Mr. Moore, Mr. Fecteau, Mr. Reilly, and Ms. Olszewska. The bases for some or all of these objections are set forth in more detail in ACM's *in limine* motions.**

    c.  **Exhibits**

Plaintiff's exhibit list, including a brief description of their contents, along with Defendant's objections thereto, is attached as Exhibit D.

Defendant's exhibit list, including a brief description of their contents, along with Plaintiff's objections thereto, is attached as Exhibit E.

The Parties will continue to confer concerning their respective objections to one another's exhibit lists, with a view to narrowing their disputes concerning document admissibility, including in light of the Parties' *in limine* motions.

    d.  **Deposition Testimony**

The list of deposition testimony designated for trial by Plaintiff, along with Defendant's objections and counter-designations is attached as Exhibit F.

---

[3]   SS&C reserves the right to supplement or amend its witness list, including the right to add witnesses and/or to withdraw its listing of any fact or expert witness.  In addition, SS&C reserves the right to call any witness that ACM has identified in this Joint Trial Memorandum or calls during the trial and the right to use and/or rely upon any deposition testimony designated by ACM in whole or in part.  SS&C also reserves the right to call additional witnesses in rebuttal.  SS&C's objections to ACM's witnesses are without limitation to its right to object to specific testimony as introduced.

The list of deposition testimony designated for trial by Defendant, along with Plaintiff's objections and counter-designations is attached as Exhibit G.

The Parties will continue to confer concerning their respective objections to one another's deposition designations and counter-designations, with a view to narrowing their disputes concerning the admissibility of deposition testimony, including in light of the Parties' *in limine* motions.

## IX.     Anticipated Evidentiary Problems/Motions In Limine

Plaintiff's motions *in limine* were not available as of the time this Joint Trial Memorandum was filed.

Defendant's motions *in limine* have or will be filed concurrently with this Joint Trial Memorandum and are also attached as Exhibit I.

## X.     Stipulations of Fact and Conclusions of Law

The Parties have agreed to the following stipulations of fact:

1. On December 19, 2014, the Parties entered into a Master Agreement for Software, Maintenance and Support, Professional Services, and Other Services, which incorporates each attachment and Work Request thereto.  (DX 557; ACM-75.)

2. On April 20, 2016, the Parties executed Work Request Two (DX 717; ACM-165) and Work Request Three (DX 718; ACM-166).

## XI.     Jury Trials

### a.     Brief Description of Case and Parties

***Plaintiff's Proposed Brief Description of Case and Parties:***

This is a lawsuit filed by Armour Capital Management LP ("ACM"), a registered investment advisor that focuses on mortgage-related securities, against SS&C Technologies Inc. ("SS&C" or "SS&C Technologies"), a company that provides software and services to the financial services industry.  ACM contends that, during a seven-month sales process in 2014,

SS&C made a number of statements that were untrue, false, and/or misleading, in order to get ACM to sign a contract with SS&C to license SS&C's investment accounting software, CAMRA, and for related services.  SS&C denies those allegations and has raised defenses to ACM's claims.

SS&C has brought a counterclaim against ACM alleging that it breached the contract by purporting to terminate that agreement without appropriate notice.  ACM denies those allegations and has raised defenses to SS&C's counterclaim.

### *Defendant's Proposed Brief Description of Case and Parties:*

This is a lawsuit filed by Armour Capital Management LP ("ACM"), a registered investment advisor that focuses on mortgage-related securities, against SS&C Technologies Inc. ("SS&C" or "SS&C Technologies"), a company that provides software and services to the financial services industry.  ACM contends that, during a seven-month sales process in 2014, SS&C made a number of statements that were untrue, false, and/or misleading, in order to get ACM to sign a contract with SS&C to license SS&C's investment accounting software, CAMRA, and for related services.  SS&C denies ACM's allegations.  SS&C contends that the statements it made to ACM were true, were not improper, and were opinions, puffery, or conventional "sales talk" that did not constitute statements of fact, that ACM did not rely on any of the challenged statements by SS&C in deciding to enter into the parties' agreements, and none of the challenged statements induced ACM to enter into the parties' agreement.

SS&C has brought a counterclaim against ACM alleging that it breached the contract by purporting to terminate that agreement without appropriate notice.  ACM denies those allegations and has raised defenses to SS&C's counterclaim.

### b.  Proposed *Voir Dire* Questions

Plaintiff's proposed *voir dire* questions are attached hereto as Exhibit J.

Defendant's proposed *voir dire* questions are attached hereto as Exhibit K.

### c.  Proposed Jury Instructions

Plaintiff's proposed jury instructions are attached hereto as Exhibit L and Defendant's proposed jury instructions are attached hereto as Exhibit M.  Defendant's objections to Plaintiffs proposed jury instructions are attached hereto as Exhibit N and Plaintiff's objections to Defendant's proposed jury instructions are attached hereto as Exhibit O.

### d.  Proposed Verdict Form

Plaintiff's proposed verdict form is attached hereto as Exhibit P and Plaintiff's objections to Defendant's proposed verdict form are attached hereto as Exhibits Q.  Defendant's objections to Plaintiff's verdict form and Defendant's alternate proposed verdict form are attached hereto as Exhibit R.

Dated:   November 27, 2019

**HOLLAND & KNIGHT LLP**


By: */s Joseph Mamounas*
Christopher M. Cerrito (ct17183)
chris.cerrito@hklaw.com
One Stamford Plaza
263 Tresser Boulevard, Suite 1400
Stamford, CT 06901
Telephone: (203) 905-4500
Facsimile: (203) 724-3944


Joseph Mamounas (phv09010)
joseph.mamounas@hklaw.com
Allison Kernisky (phv09011)
allison.kernisky@hklaw.com
Manuel Miranda *(pro hac vice*
*Application forthcoming)*
manuel.miranda@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799


Daniel Mateo (phv10323)
daniel.mateo@hklaw.com
2929 Arch Street
Suite 800
Philadelphia, PA  19104
Telephone: (215) 252-9543
Facsimile: (215) 867-6070


*Attorneys for Plaintiff ARMOUR*
*Capital Management LP*

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP


By:   */s/ Robert A. Atkins*
         Robert A. Atkins
         Jeannie S. Rhee
         Jeffrey J. Recher
         Joshua D. Kaye
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
ratkins@paulweiss.com
Jrhee@paulweiss.com
jrecher@paulweiss.com
jkaye@paulweiss.com


Kevin J. O'Connor
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
koconnor@hinckleyallen.com
Telephone:  (617) 378-4394
Facsimile:   (617) 345-9020


Jeffrey J. Mirman
Alexa T. Millinger
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com
Telephone:  (860) 331-2762


*Attorneys for Defendant*
*SS&C Technologies, Inc.*