# EXHIBIT Q

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARMOUR CAPITAL MANAGEMENT LP,

      Plaintiff,

v.                                                    Case No. 17-cv-00790

SS&C TECHNOLOGIES INC.,

      Defendant.

_____/

## OBJECTIONS TO DEFENDANT'S PROPOSED VERDICT FORM

      Under this Court's Order granting the Joint Motion for Extension of Time to File Joint Trial Memorandum and Oppositions to Motions in Limine (ECF No. 210) and Standing Order Regarding Trial Memoranda in Civil Cases, Plaintiff, Armour Capital Management LP ("ACM"), submits its Objections to Defendant, SS&C Technologies Inc.'s ("SS&C") Proposed Verdict Form.  ACM offers its objections under Federal Rule of Civil Procedure 51,[1] and reserves the right to withdraw, amend, modify and/or add to its objections as appropriate before the jury retires.

---

[1] *Lavin-McEleney v. Marist College*, 239 F.3d 476, 482 (2d Cir. 2001) (identifying Rule 51 as basis to object to verdict form); *see also Play Time Inc. v. LDDS Metromedia Comms. Inc.*, 123 F.3d 23, 29 n.6 (1st Cir. 1997) ("The Rule 51 standard applies to the jury charge and any special verdict form.").

Dated: November 27, 2019

Respectfully Submitted,

**HOLLAND & KNIGHT LLP**

By: */s Allison Kernisky* ⎯⎯⎯⎯
Christopher M. Cerrito (ct17183)
chris.cerrito@hklaw.com
One Stamford Plaza
263 Tresser Boulevard, Suite 1400
Stamford, CT 06901
Telephone: (203) 905-4500
Facsimile: (203) 724-3944

Joseph Mamounas (phv09010)
joseph.mamounas@hklaw.com
Allison Kernisky (phv09011)
allison.kernisky@hklaw.com
Manuel Miranda (*pro hac vice*
application forthcoming)
manuel.miranda@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

Daniel Mateo (phv10323)
daniel.mateo@hklaw.com
2929 Arch Street
Suite 800
Philadelphia, PA 19104
Telephone: (215) 252-9543
Facsimile: (215) 867-6070
*Attorneys for Plaintiff,*
*ARMOUR Capital Management LP*

## I.        General Objections.

ACM objects to SS&C's Proposed Verdict Form because, on the whole, it is prejudicial, confusing, misleading, inconsistent, duplicative, and argumentative. Moreover, ACM objects to SS&C's Proposed Verdict Form in whole or in part to the extent that it is contrary to or misstates the law.  And the Proposed Verdict Form is incomplete to the extent it includes questions directed to SS&C's affirmative defenses but excludes any questions directed to ACM's affirmative defenses and also omits any questions to address ACM's demand for punitive damages. In sum, SS&C's proposed verdict form, if adopted, could lead to error and should be rejected.

A general verdict form, without special interrogatories, such as ACM has proposed, is appropriate here.  This case is not complex, yet Defendant's proposed verdict form adds a level of complexity that appears designed to unnecessarily confuse the jury and prejudice ACM.

## II.       Objections to Question 1 of the Verdict Form.

ACM objects to the specific identification of each statement that may qualify as a statement of fact.  SS&C's approach is burdensome, prejudicial, and confusing. First, listing the statements in any order, due to primacy bias, will naturally predispose the jury to focus its consideration to the statements listed first and those listed last, risking prejudice to ACM. The jury will be well aware of the statements at issue, and so there is no need to list them.

Moreover, SS&C's ordered list of statements is burdensome and confusing.  The complicated and extensive instructions (throughout the Proposed Verdict Form) demonstrate the difficulty in application, thereby burdening and potentially confusing the jury. *See Eastman Chem. Co. v. Plastipure Inc.*, 775 F.3d 230, 241 (5th Cir. 2014) (concluding that even if an objection to an "amalgamated statement" summarizing the 18 statements at issue *in the verdict form* had been

preserved, district court did not err by deciding not to use a list and noting district court's conclusion that "such a large number of statements" was "prejudicial" and "burdensome").

ACM also objects to the list to the extent SS&C seeks to limit the universe of possible misrepresentations the jury can consider to the 22 examples of SS&C's pre-contractual misrepresentations identified by ACM in response to SS&C's request for the "basis of the claim [under CUTPA]." (Am. Objections and Resps. to Defendant's Interrogatory Nos. 5-10 at 8-9, 24-27.) SS&C has no basis to restrict or limit the potential misrepresentations to these 22 examples. That is for two reasons. First, in response to those interrogatories, ACM objected that they were burdensome and premature, in part, because discovery was not complete. Moreover, ACM prefaced the list by stating that the examples were "among others" and reserved the right to later amend and/or supplement. ACM made clear that the list was neither exhaustive or final.

Second, after discovery had progressed, ACM identified a broader range of statements in its summary-judgment briefing. (See ACM's Motion in Limine No. 6.) After that detailed account in ACM's briefing, SS&C did not object or move to exclude consideration of such statements, at that time or any time prior to the Court's summary-judgment order. Instead, SS&C numbered two of the additional statements (as Nos. 23 and 24) in its briefing and provided substantive arguments in response. (ECF No. 179 at 6-7.) It is entirely proper for the jury to consider statements beyond the 22 identified early in discovery. SS&C's attempt to artificially limit the scope of statements, removing or otherwise shielding potential misrepresentations from the jury's consideration, is impermissible. SS&C argument, if ever appropriate, should have been made prior to summary judgment. *See Capobianco v. City of N.Y.*, 422 F.3d 47, 55 (2d Cir. 2005) (by failing to timely object, arguing, and otherwise citing to documents defendants sought to exclude, they had waived objection); *Sandberg v. Va. Bankshares Inc.*, 891 F.2d 1112, 1122 (4th Cir. 1989) (rejecting

defendant's argument against inclusion of certain misrepresentations in presentation to jury because they were never "disclosed or . . . if they [had been], they were not material omissions or misrepresentations" due to defendant's "failure to object"); *see also Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 237 (6th Cir. 1995) (ruling that the "failure to object to evidentiary material submitted in support of a summary judgment motion constitutes a waiver of those objections.").

SS&C should not be permitted to exclude from consideration statements ACM identified in opposition to SS&C's summary-judgment motion, to which SS&C responded and on which the Court ruled. Notably, in its summary-judgment order, the Court stated: "In light of the extended course of the parties' dealings and the possible linkages between one or more statements, it would be premature for me to try to slice-and-dice which particular statements identified by ACM as the basis for its claims are non-actionable as a matter of law."  (ECF No. 194 at 10.)

Further, SS&C appears to have designed its Proposed Verdict Form as a list of statements to force the consideration of each statement in the abstract and in isolation. As discussed throughout ACM's objections, the surrounding circumstances and context of each statement must be considered and any attempt to insulate or otherwise divorce SS&C's statements from those relevant and necessary considerations is improper. (ECF No. 194 at 9) (concluding "that these highly fact-bound issues of the actionability of particular statements should remain for the jury to consider in light of the context and circumstances of this case");  *Associated Constr. / AP Constr., LLC v. Hanover Ins. Co.*, No. 15-CV-1600, 2018 WL 3998971, at *7 (D. Conn. Aug. 21, 2018) ("The test for whether a statement is one of opinion or fact is whether 'under the circumstances surrounding the statement, the representation was intended and understood as one of fact as distinguished from one of opinion.'") (citations omitted); *SS&C Techs. Inc. v. Providence Inv. Mgmt.*, 582 F. Supp. 2d 255, 258-59 (D. Conn. 2008) (noting in case involving same corporate

defendant that "while a jury may find that SS&C's representations to [plaintiff] PIM regarding the capabilities, ease of use, and timetable for implementation of the CAMRA software system were accurate, truthful, and made in good faith, . . . [g]iven the significant, repeated, and continuing problems encountered during the CAMRA implementation process, a jury could find that SS&C did in fact misrepresent their capabilities to PIM in some way").

### III.    Objections to Question 2 of the Verdict Form.

ACM incorporates its objection to the listing of statements as to Question 1, above.

ACM also objects to this question as confusing and misleading.  The use of the phrase "misrepresentations of fact" adds "of fact," which is unnecessary because the first question already established that any statements at issue in Question 2 are statements of fact. Such redundant language risks confusing the jury.  Also, including such language is inconsistent with SS&C's own instructions stating that only those statements answered in Question 1 are to be considered.

ACM also objects to the use of the term "misrepresentation."  That term is not defined, and is neither helpful nor clarifying.  This question is meant to address the second element of negligent misrepresentation, asking the jury whether the statements made by SS&C were false. SS&C's transformation of that inquiry into whether SS&C made "misrepresentations of fact" risks substantially misleading the jury and is inconsistent with the relevant jury instruction.

### IV.    Objections to Question 3 of the Verdict Form.

ACM incorporates its objection to the listing of statements as to Question 1, above.

ACM objects to this question as incomplete, contrary to law, misleading, and prejudicial. SS&C removes any reference to the element of negligence from this question. Instead of discussing negligence, i.e. the failure to use reasonable care, the instruction emphasizes that ACM must establish that SS&C "knew or should have known any of those statements were false?"  The

elimination of negligence from a *negligent* misrepresentation instruction is contrary to law and risks misleading the jury and causing substantial prejudice to ACM.

**V.      Objections to Question 4 of the Verdict Form.**

ACM incorporates its objection to the listing of statements as to Question 1, above.

ACM objects to this question as contrary to law, duplicative, misleading, argumentative, and prejudicial. SS&C improperly inserts "actual" reliance into this inquiry. The only reliance inquiry applicable to negligent misrepresentation is reasonable reliance. Reasonable reliance is addressed in Question 5 of the Verdict Form, making this instruction not only contrary to law but duplicative. That point is supported by SS&C's proposed jury instruction on negligent misrepresentation, which describes the third element as reasonable reliance.

To the extent SS&C has offered this Question to address the "inducement" prong of the negligent misrepresentation, and the Court concludes such prong should appear on the verdict form, it should be phrased in that manner. SS&C's attempt to modify ACM's burden of proof with respect to inducement into actual reliance is argumentative, misleading, and prejudicial.

**VI.     Objections to Question 5 of the Verdict Form.**

ACM incorporates its objections to Question 4, above.

**VII.    Objections to Question 6 of the Verdict Form.**

ACM incorporates its objection to the listing of statements as to Question 1, above.

ACM objects to this question as argumentative, misleading, contrary to law, and prejudicial. First, SS&C's use of the term "suffered" serves only argumentative purposes. Such colorful language is not appropriate in a verdict form. Second, the term "actual" is unnecessary and risks misleading the jury, implying that ACM must prove something more than economic harm. In other words, it risks imposing a heightened, non-existent burden of proof.

Additionally, ACM objects to the instructions beneath this question as contrary to law, prejudicial, and misleading to the extent they imply that if ACM's negligent-misrepresentation claim fails, the underlying statements ACM presents at trial cannot qualify as a CUTPA violation. But as Connecticut courts have recognized, CUTPA "proscribes a broader range of conduct than did the common-law action . . . . For the plaintiff victimized by such conduct, CUTPA provides an action more flexible and a remedy more complete than did the common law. The increased flexibility of the action stems from the absence of certain obstacles to recovery under the common-law action. *The CUTPA plaintiff need not prove reliance or that the representation became part of the basis of the bargain*." *Hinchliffe v. Am. Motors Corp.,* 440 A.2d 810, 815-16 (Conn. 1981) (emphasis added); *see also Milford Paintball LLC v. Wampus Milford Assocs. LLC*, 156 Conn. App. 750, 759, 115 A.3d 1107, 1112 (Conn. App. Ct. 2015) (same). Thus, even if the statements ACM asserts do not establish a claim of negligent misrepresentation, they nevertheless can qualify as the basis for a CUTPA violation. Moreover, a statement may qualify as an unethical act and thus an unfair act or practice under CUTPA, without requisite proof for a deceptive act.

SS&C may argue that this Court's prior order on SS&C's motion to dismiss is in some way law of case, requiring ACM's CUTPA claim to rise and fall with its negligent-misrepresentation claim. If so, SS&C has misunderstood the opinion's language, namely, "ACM's CUTPA claim may proceed to the extent that it relies on negligent misrepresentations prior to the execution of the Master Agreement." (ECF No. 75 at 16.) That ruling merely establishes that the economic-loss rule barred non-contract claims, such as CUTPA, based on misrepresentations made after the Master Agreement was executed. The use of the term "misrepresentations" does not imply that ACM's misrepresentation *claim* itself is the lynchpin of ACM's CUTPA claim.  Rather, the

language indicates that such claim is limited temporally with respect to the misrepresentations that may serve as its basis in the same manner as ACM's negligent-misrepresentation claim.

**VIII.    Objections to Question 7 of the Verdict Form.**

ACM incorporates its objection to the listing of statements as to Question 1, above.

ACM also incorporates its objections to Question 6, above, as to the unjustified tying of ACM's CUTPA and negligent-misrepresentation claims such that if negligent misrepresentation is not established, the CUTPA claim cannot be considered, contrary to Connecticut law.

**IX.    Objections to Question 8 of the Verdict Form.**

ACM incorporates its objection to the listing of statements as to Question 1, above.

ACM also incorporates its objections to Question 6, above, as to the unjustified tying of ACM's CUTPA and negligent-misrepresentation claims such that if negligent misrepresentation is not established, the CUTPA claim cannot be considered, contrary to Connecticut law.

**X.    Objections to Question 9 of the Verdict Form.**

ACM incorporates its objection to the listing of statements.

Second, ACM incorporates its objection to Question 6 as to the word "suffered," above.

Third, ACM incorporates its objections to Question 6, above, as to the unjustified tying of ACM's CUTPA and negligent-misrepresentation claims such that if negligent misrepresentation is not established, the CUTPA claim cannot be considered, contrary to Connecticut law.

**XI.    Objections to Question 10 of the Verdict Form.**

ACM has no objections to this Question.

**XII.    Objections to Question 11 of the Verdict Form.**

ACM objects to this Question as misleading, prejudicial, and argumentative.  ACM also objects on the basis that SS&C failed to raise an affirmative defense of ratification or waiver. First, the  inclusion of specific facts into the verdict form is unnecessary and used as argument.

Second, the factual language included is prejudicial because it presumes that ACM was aware of the falsity of the misrepresentations upon execution.  That is not so, as it took significant time for the misrepresentations to be proved untrue. *Gengaro v. City of New Haven*, 984 A.2d 1133, 1139 (Conn. App. Ct. 2009) ("in accordance with the Restatement, . . . ratification results, as a matter of law, if the party who executed the contract under duress accepts the benefits flowing from it or remains silent or acquiesces in the contract for any considerable length of time after opportunity is afforded to annul or avoid it.") (citation and internal quotation marks omitted). As currently framed, this question implies that ACM could have ratified the Master Agreement simply by entering into Work Request No. 2, but that is not (or at least is incomplete as) the inquiry for the affirmative defense of ratification. If facts are inserted at all into this question, a point ACM disputes, the question should be neutral and follow Connecticut law, e.g., "Has SS&C proved, by a preponderance of the evidence, that ACM ratified the Master Agreement by entering into Work Request No. 2 after SS&C's statements were known to be false or by otherwise accepting the benefits, if any, of the parties' contractual arrangement after such knowledge?"

## XIII.   Objections to Question 12 of the Verdict Form.

ACM has no objections to this Question.

## XIV.   Objections to Question 13 of the Verdict Form

ACM objects to Question 13 as argumentative, misleading, and prejudicial to the extent it implies that SS&C need not prove the existence of a validly formed contract with ACM, free from improper inducement by SS&C. Under Connecticut law, SS&C's claim for breach of contract requires, as its first element, "the formation of an agreement with the defendant." Connecticut Standard Jury Instructions § 4.1-15.  By skipping that first element, SS&C has attempted to avoid its burden to establish the valid formation of a contract uninfected by SS&C's own pre-contractual

misrepresentations to ACM. In doing so, SS&C has attempted to eliminate any consideration by the jury of whether SS&C's statements, which induced ACM to enter into the Master Agreement, prevent relief under SS&C's claim.  Such argument is misleading and prejudicial to ACM.

Lastly, ACM objects to this question to the extent SS&C has excluded any reference to ACM's affirmative defenses.

**XV.     Objections to Question 14 of the Verdict Form.**

ACM incorporates its objections to Question 13, above.

**XVI.    Objections to Question 15 of the Verdict Form**

ACM incorporates its objections to Question 13, above.

**XVII.   Objections to Question 16 of the Verdict Form**

ACM has no objections to this Question.

**XVIII. Objections to Appendix A of the Verdict Form.**

ACM incorporates its objection to the listing of statements as to Question 1, above, with respect to the Appendix.