# EXHIBIT R

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP,<br><br>         Plaintiff,<br><br> - against -<br><br>SS&C TECHNOLOGIES, INC.,<br><br>         Defendant. | 3:17-cv-00790-JAM |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED VERDICT FORM
AND DEFENDANT'S PROPOSED SPECIAL VERDICT FORM**

Defendant SS&C Technologies, Inc. ("SS&C") objects to Plaintiff's Proposed Verdict Form for four principal reasons.

*First*, with respect to the three claims at issue—negligent misrepresentation, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), and breach of contract—ARMOUR Capital Management's ("ACM's) Proposed Verdict Form does not elicit sufficient information from the jury about their verdict for either party to be able to make post-trial motions. The ability to do so is particularly important to SS&C in this case because SS&C has argued, and will argue at the close of evidence, that many or all of the supposed misrepresentations that ACM challenges are not actionable. The Court has already recognized that SS&C has strong arguments in this regard. *See* ECF No. 194 at 9–10 (noting at summary judgment that "SS&C raises some strong arguments to doubt the actionability of some of the statements about which ACM complains" and noting SS&C's right to challenge actionability of statements after the close of evidence ). It is of fundamental importance that SS&C is able to identify whether the jury is basing its verdict on misstatements that are not actionable as a matter of law. Moreover, ACM does not identify any Special Interrogatories that will elicit this information.

SS&C's Proposed Verdict Form seeks to remedy the foregoing issues by asking the jury to identify the alleged statements that it considers to be misrepresentations of fact, or unfair or deceptive trade practices, and then to determine whether the other elements of each claim are satisfied as to each statement.  SS&C's Proposed Verdict Form is supported by law and should be adopted by the Court.  *See Livingston* v. *Santos*, 4 F. App'x 31, 33 (2d Cir. 2001) (affirming the use of verdict form that "separated and divided the elements of the alleged incident" (internal quotation marks omitted)); *Bruneau* v. *S. Kortright Cent. Sch.*, 962 F. Supp. 301, 304 (N.D.N.Y. 1997) (noting that there was "no way to determine a jury's decision on any particular component" of a claim because "[t]he verdict form did not distinguish the five separate elements" of the claim).

*Second*, ACM's Proposed Verdict Form does not ask separate questions *directed at each element of each claim*.  This approach is particularly problematic with respect to ACM's negligent misrepresentation and CUTPA claims.  ACM's Proposed Verdict Form asks the jury whether "SS&C made negligent misrepresentations to ACM" and whether "SS&C violated the Connecticut Unfair Trade Practices Act ["CUTPA"]."  But these claims are based on *22 different statements*.  ACM's Proposed Verdict Form does not ask the jury to consider whether ACM has proven each of the elements of its negligent misrepresentation claim or CUTPA claim with respect to *each alleged statement at issue*.  By failing to do so, the jury will be tempted to adopt a holistic approach when considering whether a claim has been proven rather than considering whether a claim has been proven by considering each of the different elements of each claim.  There is also a risk that the jury will consider conduct outside the 22 statements at issue, including post-contractual statements, when determining whether SS&C is liable for negligent misrepresentation and CUTPA, which is impermissible given this Court's findings at the motion to dismiss and summary judgment stages of the case.  *See* ECF No. 194 at 10 (denying summary judgment on

CUTPA claim "to the extent [it is] predicated on the claim for negligent misrepresentation"); ECF No. 75 at 12–14 (dismissing negligent misrepresentation claim to the extent it was based on post-contractual misrepresentations). SS&C's Proposed Verdict Form addresses this issue by asking the jury to separately consider whether each element of the negligent misrepresentation and CUTPA claims has been satisfied with respect to the statements at issue.

*Third*, ACM's Proposed Verdict Form does not recognize that, based on this Court's findings at summary judgment, ACM's CUTPA claim may only be successful if ACM's negligent misrepresentation claim is successful. *See* ECF No. 194 at 10 (denying summary judgment on CUTPA claim "to the extent [it is] predicated on the claim for negligent misrepresentation"). SS&C's Proposed Final Jury Instructions, however, reflect this Court's finding by ensuring that the jury does not address SS&C's liability for CUTPA unless it has found SS&C liable for negligent misrepresentation.

*Fourth*, SS&C objects to the questions in ACM's Proposed Verdict Form regarding punitive damages because, as set forth in SS&C's First Motion *in Limine*, none of ACM's remaining claims can support an award of punitive damages. Moreover, ACM cannot seek a punitive damages award from the jury on its CUTPA claim in any event because the statute specifically provides that ACM does not have a jury trial right on punitive damages under CUTPA. *See* Conn. Gen. Stat. § 42-110g(a), (g).

In place of ACM's defective Proposed Verdict Form, SS&C respectfully submits the following proposed Special Verdict Form for use at trial. In the event that subsequent rulings of the Court or the presentation of evidence at trial necessitates revisions to the verdict form, SS&C reserves its right to submit a revised proposal or lodge additional objections to ACM's Proposed Verdict Form.

SS&C also notes that, at summary judgment, the Court expressly reserved the right for SS&C "on a fuller trial evidence record to seek jury instructions that limit or preclude the jury from considering particular statements as the basis for ACM's negligent misrepresentation claim," recognizing that SS&C had "strong arguments to doubt the actionability of some of the statements about which ACM complains." ECF No. 194 at 9–10.

The Court therefore need not determine whether the verdict form should separately address each individual alleged statement forming the basis of ACM's negligent misrepresentation and CUTPA claims until after the close of evidence when the Court decides which specific statements will go to the jury.

### SS&C's PROPOSED SPECIAL VERDICT FORM

**ACM's First Claim**
**Negligent Misrepresentation**

1. Has ACM proved by a preponderance of the evidence that any of the following statements, as set out in Appendix A, are statements of fact?

   | | | |
   |---|---|---|
   | Statement 1 | Yes___ | No___ |
   | Statement 2 | Yes___ | No___ |
   | Statement 3 | Yes___ | No___ |

   …

   If you answered YES with respect to any of the statements above, you may answer Question 2 with respect to those statements only. You do NOT need to answer Question 2 with respect to statements for which you answered NO in Question 1. If you answered NO as to all statements above, you may proceed to Question 13.

2. With respect only to those statements to which you answered YES in Question 1, has ACM proved by a preponderance of the evidence that any of the following statements, as set out in Appendix A, are misrepresentations of fact?

|   |   |   |
|---|---|---|
| Statement 1 | Yes___ | No___ |
| Statement 2 | Yes___ | No___ |
| Statement 3 | Yes___ | No___ |

…

If you answered YES with respect to any of the statements above, you may answer Question 3 with respect to those statements only. You do NOT need to answer Question 3 with respect to statements for which you answered NO in Question 1 or 2. If you answered NO as to all statements you considered in connection with this Question, you may proceed to Question 13.

3. With respect only to those statements to which you answered YES in Questions 1 and 2, has ACM proved by a preponderance of the evidence that SS&C knew or should have known any of those statements were false?

|   |   |   |
|---|---|---|
| Statement 1 | Yes___ | No___ |
| Statement 2 | Yes___ | No___ |
| Statement 3 | Yes___ | No___ |

…

If you answered YES with respect to any of the statements above, you may answer Question 4 with respect to those statements only. You do NOT need to answer Question 4 with respect to statements for which you answered NO in Questions 1, 2 or 3. If you answered NO as to all statements you considered in connection with this Question, you may proceed to Question 13.

4. With respect only to those statements to which you answered YES in Questions 1, 2 and 3, has ACM proved by a preponderance of the evidence that it actually relied on any of those statements?

|   |   |   |
|---|---|---|
| Statement 1 | Yes___ | No___ |
| Statement 2 | Yes___ | No___ |
| Statement 3 | Yes___ | No___ |

…

If you answered YES with respect to any of the statements above, you may answer Question 5 with respect to those statements only. You do NOT need to answer Question 5 with respect to statements for which you answered NO in Questions 1, 2, 3 or 4.  If you answered NO as to all statements you considered in connection with this Question, you may proceed to Question 13.

5. With respect only to those statements to which you answered YES in Questions 1, 2, 3 and 4, has ACM proved by a preponderance of the evidence that its reliance on any of those statements was reasonable?

     Statement 1          Yes___               No___

     Statement 2          Yes___               No___

     Statement 3          Yes___               No___

     …

If you answered YES with respect to any of the statements above, you may answer Question 6 with respect to those statements only. You do NOT need to answer Question 6 with respect to statements for which you answered NO in Questions 1, 2, 3, 4 or 5.  If you answered NO as to all statements you considered in connection with this Question, you may proceed to Question 13.

6. With respect only to those statements to which you answered YES in Questions 1, 2, 3, 4 and 5, has ACM proved by a preponderance of the evidence that it suffered actual monetary harm as a result of any of those statements?

     Statement 1          Yes___               No___

     Statement 2          Yes___               No___

     Statement 3          Yes___               No___

     …

IF YOU HAVE ANSWERED YES TO QUESTIONS 1, 2, 3, 4, 5 AND 6 WITH RESPECT TO ANY STATEMENTS, PLEASE PROCEED TO QUESTION 7.  IF YOU HAVE ANSWERED NO TO ANY OF QUESTIONS 1, 2, 3, 4, 5 OR 6 FOR ALL STATEMENTS, PLEASE PROCEED TO QUESTION 13.

## ACM's Second Claim
## Violation of Connecticut Unfair Trade Practices Act

7. Has ACM proven, by a preponderance of the evidence, that any of SS&C's statements, as to which you answered Questions 1 through 6 as YES, constituted an unfair act?

    Statement 1        Yes___        No___

    Statement 2        Yes___        No___

    Statement 3        Yes___        No___

…

Please proceed to Question 7.

8. Has ACM proven, by a preponderance of the evidence, that any of SS&C's statements, as to which you answered Questions 1 through 6 as YES, constituted a deceptive practice?

    Statement 1        Yes___        No___

    Statement 2        Yes___        No___

    Statement 3        Yes___        No___

…

If you answered YES with respect to any statements in Questions 7 or 8, please proceed to Question 9. If you answered NO with respect to all the statements in Questions 7 or 8, please proceed to Question 13.

9. Has ACM proved, by a preponderance of the evidence, that it suffered an ascertainable loss as a result of SS&C's unfair act or deceptive trade practice?

    Statement 1        Yes___        No___

    Statement 2        Yes___        No___

    Statement 3        Yes___        No___

…

If YOU ANSWERED YES:
- TO QUESTIONS 1, 2, 3, 4, 5 AND 6 WITH RESPECT TO CERTAIN STATEMENTS; OR
- TO QUESTIONS 7 AND 9, OR QUESTIONS 8 AND 9, WITH RESPECT TO CERTAIN STATEMENTS,

PLEASE PROCEED TO QUESTION 10. IF YOU DID NOT DO SO, PLEASE PROCEED TO QUESTION 13.

## ACM's First and Second Claims
## SS&C's Defenses

10. Has SS&C proved, by a preponderance of the evidence, that ACM waived its right to bring its claims?

    Yes___                                              No___

    Please proceed to Question 11.

11. Has SS&C proved, by a preponderance of the evidence, that ACM ratified the Master Agreement by entering into Work Request No. 2 or by otherwise accepting the parties' contractual arrangement?

    Yes___                                              No___

    IF YOU ANSWERED YES TO QUESTION 10 OR QUESTION 11, YOU SHOULD SKIP QUESTION 12 AND INSTEAD PROCEED TO QUESTION 13.

## ACM's First and Second Claims
## Damages

12. Under the law as set forth in the Court's instructions to you, state the amount of damages, if any, ACM should be awarded against SS&C.

    $_____

    PLEASE PROCEED TO QUESTION 13.

**SS&C's Counterclaim**
**Breach of Contract**

13. Has SS&C proven, by a preponderance of the evidence, that it performed its obligations under the Master Agreement?

    Yes___                                                     No___

    If YES, please proceed to Question 14.  If NO, you do not need to answer Questions 14, 15 or 16.

14. Has SS&C proven, by a preponderance of the evidence, that ACM failed to perform its obligations under the Master Agreement?

    Yes___                                                     No___

    If YES, please proceed to Question 15.  If NO, you do not need to answer Questions 15 or 16.

15. Has SS&C proven, by a preponderance of the evidence, that it sustained damages as a result of ACM's failure to perform its obligations under the Master Agreement?

    Yes___                                                     No___

    IF YOU ANSWERED YES TO QUESTIONS 13, 14 AND 15, PLEASE PROCEED TO QUESTION 16.  If NO, THE FOREPERSON MUST EXECUTE THIS FORM.

**SS&C'S Counterclaim**
**Damages**

16. Under the law as set forth in the Court's instructions to you, state the amount of damages, if any, SS&C should be awarded against ACM.

$_____

You have now completed your deliberations.  Please sign and date this form.

Dated at New Haven, Connecticut, this ___ day of January 2020 at _____

_____

Foreperson

## Appendix A

[Following the presentation of evidence, the parties are to confer and agree upon a recitation of the challenged, pre-contractual statements shown at trial to have been made by SS&C to ACM, subject to any determination by the Court regarding the actionability of all or some subset of those statements.]

Dated: New York, New York
November 27, 2019

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:   /s/ Robert A. Atkins
          Robert A. Atkins
          Jeannie S. Rhee
          Jeffrey J. Recher
          Joshua D. Kaye
1285 Avenue of the Americas
New York, New York 10019
ratkins@paulweiss.com
jrhee@paulweiss.com
jrecher@paulweiss.com
jkaye@paulweiss.com
Telephone: (212) 373-3000

Kevin J. O'Connor
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
koconnor@hinckleyallen.com
Telephone:  (617) 378-4394

Jeffrey J. Mirman
Alexa T. Millinger
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com
Telephone:  (860) 331-2762

*Attorneys for Defendant*
*SS&C Technologies, Inc.*