UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, <br><br> Plaintiff, <br><br> v. <br><br> SS&C TECHNOLOGIES INC., <br><br> Defendant. | Case No. 17-cv-00790-JAM <br><br><br> December 10, 2019 |

**UNOPPOSED MOTION TO SEAL EXHIBITS ATTACHED TO ACM'S RESPONSES TO DEFENDANT'S MOTIONS IN LIMINE AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 5(e) of the Local Rules for the District of Connecticut,[1] Plaintiff, ARMOUR Capital Management LP ("ACM"), moves for the entry of an order sealing the exhibits attached to ACM's Opposition to SS&C's Motion *in Limine* to Exclude Steven Kursh and ACM's Response to Defendant's Omnibus Motion *in Limine* (collectively, "ACM's Oppositions") filed contemporaneously herewith (the "Confidential Materials").

**LEGAL ARGUMENT**

"Upon a showing of compelling circumstances, the court may order certain records to be sealed." *Grayson v. Gen. Elec. Co.*, No. 3:13cv1799 (WWE), 2017 WL 923907, at *1 (D. Conn. Mar. 7, 2017) (citing *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

---

[1] The Local Rules provide that a party seeking to file a document under seal may e-file: (1) a motion to seal; (2) a redacted version of each document sought to be sealed; (iii) unredacted copies of each document sought to be sealed; and (iv) any memorandum or other documents supporting the assertion that grounds exist for sealing the documents sought to be sealed. D. Conn. L. R. 5(e)(4)(a). Accordingly, ACM is filing unredacted copies of the Confidential Materials as exhibits to this motion, and redacted copies of the same incorporated into ACM's Oppositions filed contemporaneously herewith.

Case No. 17-cv-00790-JAM

Courts have discretion to seal documents that contain confidential information. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Courts have also recognized the need to protect the privacy interests of third parties. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (privacy interests of third parties given additional weight); *In re Savitt/Adler Litig.*, No. 95-CV-1842 (RSP/DRH), 1997 WL 797511, at *3 (N.D.N.Y. Dec. 23, 1997) (non-parties' privacy interests are "strong factor weighing against disclosure of their identities").

Sealing is appropriate where materials constitute confidential "commercial information," which includes, among other documents, trade secrets, confidential research, internal business documents and information about a business's operations. *See* Fed. R. Civ. P. 26(c)(1)(G); *Louis Vuitton Maletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 510-12 (S.D.N.Y. 2015).

Moreover, the Court's Standing Protective Order permits the producing party ("the Designating Person") to designate as Confidential materials that the Designating Person "reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy" and to designate as "Confidential-Attorney's Eyes Only" materials that the Designating Person "reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Designating Person." ECF No. 4 at ¶¶ 3, 4. The Standing Protective Order requires parties to file "Confidential" and "Confidential-Attorney's Eyes Only" documents under seal. *Id.* at ¶ 14.

Compelling circumstances exist for sealing the Confidential Materials. They consist of deposition testimony and/or documents produced in this case that have been designated as "Confidential" and/or "Confidential-Attorney's Eyes Only" by the parties on the basis that they contain confidential and sensitive business information about SS&C and its CAMRA product, and about ACM and its business. ACM is bound by the Court's Standing Protective Order.

Case No. 17-cv-00790-JAM

WHEREFORE, based on the foregoing, ACM respectfully requests that the Court grant this motion and seal the Confidential Materials.

Dated: December 10, 2019

Respectfully Submitted,

**HOLLAND & KNIGHT LLP**

By: */s Allison Kernisky*
Christopher M. Cerrito (ct17183)
chris.cerrito@hklaw.com
One Stamford Plaza
263 Tressler Boulevard, Suite 1400
Stamford, CT 06901
Telephone: (203) 905-4500
Facsimile: (203) 724-3944

Joseph Mamounas (phv09010)
joseph.mamounas@hklaw.com
Allison Kernisky (phv09011)
allison.kernisky@hklaw.com
Manuel Miranda *(Admitted pro hac vice)*
manuel.miranda@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

Daniel Mateo (phv10323)
daniel.mateo@hklaw.com
2929 Arch Street
Suite 800
Philadelphia, PA  19104
Telephone: (215) 252-9543
Facsimile: (215) 867-6070

*Attorneys for Plaintiff ARMOUR Capital Management LP*

Case No. 17-cv-00790-JAM

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2019, a true and correct copy of this document was served by electronic and U.S. mail on all counsel of record.

        By:    */s Allison Kernisky*
                  Allison Kernisky (phv09011)