UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ARMOUR CAPITAL MANAGEMENT LP,

                Plaintiff,

    - against -                      3:17-cv-00790-JAM

SS&C TECHNOLOGIES, INC.,

                Defendant.

---

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO ACM'S MOTION *IN LIMINE* NO. 1: REGARDING EVIDENCE OF OTHER SS&C CUSTOMERS

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
Robert A. Atkins
Jeannie S. Rhee
Jeffrey J. Recher
Joshua D. Kaye
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
ratkins@paulweiss.com
jrecher@paulweiss.com
jkaye@paulweiss.com

Kevin J. O'Connor
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
Telephone:  (617) 378-4394
koconnor@hinckleyallen.com

Jeffrey J. Mirman
Alexa T. Millinger
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
Telephone:  (860) 331-2762
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com

*Attorneys for Defendant
SS&C Technologies, Inc.*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.       Evidence of Other SS&C Customers Is Relevant and Admissible ......................... 2

    II.      Successful CAMRA Implementations Are Not Evidence of the "Experience of Others" ................................................................................................................ 4

    III.     SS&C's Experts May Rely on DX-826, DX-827, and DX-828 ............................. 6

    IV.     ACM Has No Grounds for Additional Discovery ................................................. 7

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Air Safety, Inc.* v. *Roman Catholic Archbishop of Boston*,
 94 F.3d 1 (1st Cir. 1996) ................................................................................................7

*DiDomizio* v. *Frankel*,
 44 Conn. App. 597 (1997) .............................................................................................1

*Doe* v. *Young*,
 664 F. 3d 727 (8th Cir. 2011) ........................................................................................4

*Hall* v. *Burns*,
 569 A.2d 10 (Conn. 1990) .............................................................................................4

*Williams Ford Inc.* v. *Hartford Courant Co.*,
 657 A.2d 212 (Conn. 1995) ...........................................................................................4

*Wray* v. *Fairfield Amusement Co.*,
 10 A.2d 600 (Conn. 1940) .............................................................................................4

*YETI Coolers, LLC* v. *RTIC Coolers, LLC*,
 No. A-15-CV-597-RP, 2017 WL 429210 (W.D. Tex. Jan. 28, 2017) ............................6

**OTHER AUTHORITIES**

Fed. R. Evid. 403 ..................................................................................................................4

Fed. R. Evid. 1006 ............................................................................................................2, 6

Fed. R. Evid. 703 ..................................................................................................................6

Defendant SS&C Technologies, Inc. ("SS&C") respectfully submits the following memorandum of law in opposition to Armour Capital Management LP's ("ACM") motion *in limine* no. 1 to exclude any evidence, reference, or argument concerning or relating to any of SS&C's successful CAMRA implementations.

**PRELIMINARY STATEMENT**

ACM seeks to exclude *any* evidence, reference, or argument concerning or relating to other SS&C customers who implemented SS&C's CAMRA software. In particular, ACM requests that SS&C be barred from demonstrating to the jury that other mortgage REITs are CAMRA customers and users—even though SS&C listed those customers in the very same marketing materials that ACM alleges to be false.

Not only is this evidence directly relevant to ACM's claim that CAMRA is not suitable for mortgage REITs, but ACM already sought to preclude SS&C from relying on this evidence and the Court found in favor of SS&C. The Court observed at the October 18, 2018 hearing that SS&C's implementations of CAMRA with these seven other customers is "clearly a very important part of the dispute in this case and . . . integral actually to ACM's own claims in the case." (Mot. Hr'g and Disc. Hr'g Tr. ("Hr'g Tr.") at 91:4–9, Oct. 18, 2018, ECF No. 169.) The Court concluded that, "SS&C has every right to defend against the alleged claim of misrepresentation and to explain why it believed CAMRA could be successfully implemented with ACM on the basis of what was known to it at the time." (Hr'g Tr. at 91:14–18, ECF No. 169.) That same reasoning applies to this motion, and ACM should not be permitted to relitigate the issue of relevance.

Hoping for a different result this time, ACM tries to recharacterize the evidence as evidence of "the experience of others." That argument comes from product defect and personal injury cases in which plaintiffs try to introduce evidence of "similar accidents" to "prove the existence of a

1

particular physical condition, situation, or defect." *See DiDomizio* v. *Frankel*, 44 Conn. App. 597, 603 (1997). That argument does not apply here, especially as the evidence directly refutes ACM's central charge.

ACM's final argument regarding the admissibility of certain documents relied upon by SS&C's experts under Fed. R. Evid. 1006 is similarly meritless. The documents are material relied on by SS&C's experts in providing their expert opinions.

As to ACM's request for additional discovery, ACM itself acknowledges that its request to do so at the October 18, 2018 hearing was denied and, therefore, it did not seek further discovery on SS&C's seven customers since that time. ACM has not provided any new grounds for why it should be permitted to take discovery on the eve of trial. ACM's motion should be denied.

## ARGUMENT

### I. Evidence of Other SS&C Customers Is Relevant and Admissible

ACM's theory is that SS&C made misrepresentations about its experience and capabilities, and about the suitability of CAMRA for mortgage REITs.[1] ACM must prove not only

---

[1] ACM alleges, among others, the following misrepresentations, taken from Plaintiff's Amended Objections and Responses to Defendant's Interrogatories Nos. 5–10 ("Pl's. Am. Resps."). (*See* Pl's Am. Resps. 9–10, 25–26, ECF No. 214-6, Statement 5 ("SS&C has 'extensive knowledge and experience meeting the needs of organizations that invest heavily in mortgage-backed securities and structured products"); Statement 6 ("a large portion of SS&C's clients trade in mortgage-backed securities," taken specifically from slide 4 of DX-515 which also lists relevant clients); Statement 7 ("'Proven systems capable of supporting a broad range of complex security types, accounting methodologies and treatments specific to Mortgage REITs'"); Statement 9 ("Messrs. Fecteau and Moore told ACM . . . that SS&C had a dedicated team, Professional Services, who were qualified to implement CAMRA and had done so for other REITs"); Statement 12 ("SS&C gave ACM a document . . . that contained short biographies of SS&C personnel, including . . . a Director within SS&C's Professional Services team, who SS&C claimed had 'extensive experience with client implementations,' including with 'REITs.'"); Statement 20 (alleged representation on a Dec 10, 2014 telephone call that "Ms. [Iwona Olszewska] was presented as the head of SS&C's Professional Services team . . . and the Professional Services Team had significant experience implementing CAMRA for REITs like ACM.").

2

that these alleged statements were false, but that SS&C knew or should have known they were false. That other mortgage REITs had implemented CAMRA at the time SS&C made the alleged representations goes a long way to proving that SS&C believed those representations to be true. Whether or not SS&C persuades the jury, this evidence is highly relevant, as the Court noted at the October 18, 2018 hearing. (Hr'g Tr. 91:14–92:3, ECF No. 169.)

ACM already litigated this issue and lost. ACM sought to strike unspecified sections of SS&C's expert reports insofar as they discussed SS&C clients other than ACM and Bimini Capital Management, Inc. ("Bimini"). (Pl's Letter Br., ECF No. 156; Def's Letter Br., ECF No. 157.) The Court rejected ACM's arguments—many of the same arguments it makes now. The Court recognized that, "SS&C has every right to defend against the alleged claim of misrepresentation and to explain why it believed CAMRA could be successfully implemented with ACM on the basis of what was known to it at the time." It found that it was "equally clear" from SS&C's June 2, 2014 presentation to ACM "just exactly who [the] customers were" that SS&C was relying on. (Hr'g Tr. 91:12–18.) That presentation to ACM included the names of other CAMRA clients who, like ACM, have "significant exposure" to mortgage-backed securities. (Ex. A (DX-515) at 4.) The Court also noted that it was "not convinced that it comes as any surprise at all to ACM that SS&C would defend by saying that in fact it had successful implementations specifically as to those seven . . . entities identified in its June 2, 2014 presentation." (Hr'g Tr. 91:23–92:3.)

The identity and existence of other CAMRA users bears directly on SS&C's knowledge when it licensed CAMRA to ACM. As SS&C explained at the 2018 discovery hearing, the evidence in question is the very information that SS&C presented to ACM during the 2014 sales process—information that was disclosed in SS&C's Supplemental Response to ACM's

3

Interrogatory No. 3 and disclosed in connection with SS&C's expert reports.  (Hr'g Tr. 89:22–90:4.)  Because there is no prejudice to ACM from the introduction of the evidence, there is no reason to exclude the evidence under Fed. R. Evid. 403.  Accordingly, this Court should reject ACM's attempt to prevent the jury from hearing both sides of the story.  *See, e.g.*, *Doe* v. *Young*, 664 F. 3d 727, 733, 736 (8th Cir. 2011).

## II. Successful CAMRA Implementations Are Not Evidence of the "Experience of Others"

ACM next mischaracterizes such evidence as the "experience of others" in the hope that the Court will apply a heightened standard in determining its admissibility.  (ACM's Mot. Lim. No. 1 ("Mot.") at 3.)  ACM argues that evidence of SS&C's previous implementations of CAMRA is not admissible because SS&C's other customers were not "in substantially the same circumstances" as ACM.  (Mot. at 4–5.)  But CAMRA implementations for other customers are not "experience of others" evidence at all because it is not being introduced for the purpose of showing that ACM's experience was similar to those of other customers.  Instead, it goes to the truth and falsity of SS&C's challenged statements and the basis for those statements.

As illustrated by the cases cited by ACM, courts generally apply a heightened standard of admissibility to "experience of others" evidence in product defect or other personal injury cases in which plaintiffs attempt to prove they were injured by certain tortious conduct based on the injuries experienced by others.  *See, e.g.*, *Hall* v. *Burns*, 569 A.2d 10, 15 (Conn. 1990) (plaintiff sought to introduce evidence of prior accident to prove negligence in maintenance of roads); *Williams Ford Inc.* v. *Hartford Courant Co.*, 657 A.2d 212, 218 (Conn. 1995) (plaintiff car dealerships sought to introduce "experience of others" evidence to prove that "(1) similar misrepresentations had been made to other dealerships, and (2) the plaintiff dealerships' reliance on the misrepresentations was reasonable").

4

But SS&C does not seek to introduce the evidence for that purpose here. Rather, ACM has put at issue, by the nature of the alleged misrepresentations, whether (1) SS&C made statements that were misrepresentations of fact about SS&C's implementation of CAMRA for other customers, and (2) whether SS&C "knew or should have known" these statements were false. SS&C is a *defendant* that is *defending* against a claim that it knew a marketing claim it allegedly made was false. The evidence SS&C seeks to introduce is not about other victims of an alleged tort, but about the knowledge of the party accused of committing the tort. The prejudice to the defendant in a tort case based on personal injury or product defects is that the jury will unfairly conclude that if someone else suffered an injury, then the plaintiff must have been injured too. That prejudice does not exist here. The distinctions identified by ACM between ACM and SS&C's other customers do not eliminate the probative value of the evidence in showing the alleged misrepresentations were actually true and made with reasonable care as to their truth.[2]

*First*, ACM argues that SS&C's other mortgage-REIT customers had "far greater capacity to assist in the [CAMRA] implementation process." (Mot. at 5.) But ACM does not explain how this distinction makes the evidence *irrelevant* to its negligent misrepresentation claims. More specifically, ACM alleges that SS&C misrepresented that it had "extensive knowledge and experience meeting the needs of organizations that invest heavily in mortgage-backed securities and structured products" and "proven systems capable of supporting a broad range of complex security types, accounting methodologies and treatments specific to Mortgage

---

[2] ACM argues that evidence relating to one customer, Bimini, "is the only evidence pertaining to other CAMRA customers that should be admitted at trial." (Mot. at 8.) ACM takes this position simply because it believes its evidence regarding Bimini is the only evidence regarding SS&C's other customers that is helpful to its own case. As set forth in SS&C's Fifth Motion *in Limine*, this evidence should be excluded. (Def's Mem. Law. Supp. Omnibus Mot. Lim. 9–12, ECF No. 214-1.)

REITs." (Pl's. Am. Resps. 9, 25, ECF No. 214-6). The intricacies of ACM's own staffing situation does not eliminate the probative value of the evidence that SS&C rendered services to multiple mortgage REITs. Again, ACM is free to try to make that point at trial, but it is not grounds for forbidding SS&C from making its own points at trial.

*Second*, ACM claims that its CAMRA implementation proceeded on hosting basis, whereas "none of the seven REITs identified by SS&C at the October 18 Hearing were implemented on a hosting basis." (Mot. at 7.) But none of the alleged negligent misrepresentations concerning SS&C's prior experience implementing CAMRA for REITs so much as mentions a hosting (or other) deployment option.[3]

### III.  SS&C's Experts May Rely on DX-826, DX-827, and DX-828

ACM's argument for excluding DX-826, DX-827, and DX-828 under Fed. R. Evid. 1006 also fails. ACM does not dispute that SS&C provided these documents to its expert witnesses. (Mot. at 10.) Nor is there any dispute that SS&C appropriately disclosed the documents in connection with its expert reports. And SS&C is not seeking to use the documents to "prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. Rather, SS&C's experts are relying on the documents to aid their expert testimony.

The correct framework for these materials is therefore Rule 703, which permits experts to rely on facts or data that "experts in the particular field would reasonably rely on." Fed R. Evid. 703. Experts are permitted to do so even when the facts or data are themselves inadmissible. *Id.*; *see also YETI Coolers, LLC* v. *RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 WL 429210, at *4 (W.D. Tex. Jan. 28, 2017) (citing *Lee Valley Tools, Ltd.* v. *Indus. Blade Co.*,

---

3   Pl.'s Am. Resps., ECF No. 214-6, *supra* note 1.

288 F.R.D. 254, 267 (W.D.N.Y. 2013)) (denying motion to exclude expert testimony despite expert's reliance on certain inadmissible evidence because appropriateness of expert's reliance on such evidence could be challenged on cross-examination).  ACM's own expert draws upon similar facts about these specific clients, including their names, to claim that SS&C's "other mortgage REIT clients . . . would not have been comparable examples when SS&C was assessing whether CAMRA could be implemented for, or used by, ACM."  (Expert Report of Steven R. Kursh 20–21, n. 73, ECF No. 221-1.)  ACM cannot therefore dispute that experts in the field would rely on this type of information.

The case law cited by ACM is inapposite because it does not address reliance by experts on summaries.  The lone case cited by ACM that actually addressed their use by an expert witness *supports* the use SS&C seeks to make of these exhibits.  *See Air Safety, Inc.* v. *Roman Catholic Archbishop of Boston*, 94 F.3d 1, 8 (1st Cir. 1996) (finding no significant prejudice to plaintiff because "[t]he district court allowed [plaintiff] to use the exhibits as chalks, and they were relied on heavily during the testimony of its damages expert").

### IV.   ACM Has No Grounds for Additional Discovery

ACM's request to conduct additional discovery should likewise be denied.  Over a year has passed since this Court denied ACM's motion for reconsideration to take additional discovery about SS&C's other customers.  (Hr'g Tr. 94:15–18, 95:11–16, 96:7.)  It should not get a third bite at the apple now.  Fact discovery closed in May 2018.  Moreover, in the 14-month period since the Court denied ACM's request for additional discovery on this topic, ACM declined to further challenge that ruling or press any request for further discovery.  ACM should not be permitted to re-open discovery now on the eve of trial.

## **CONCLUSION**

The Court should deny ACM's motion *in limine* no. 1.

Dated: New York, New York
December 10, 2019

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Robert A. Atkins*
Robert A. Atkins
Jeannie S. Rhee
Jeffrey J. Recher
Joshua D. Kaye
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
ratkins@paulweiss.com
jrhee@paulweiss.com
jrecher@paulweiss.com
jkaye@paulweiss.com

Kevin J. O'Connor
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
Telephone: (617) 378-4394
koconnor@hinckleyallen.com

Jeffrey J. Mirman
Alexa T. Millinger
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
Telephone: (860) 331-2762
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com

*Attorneys for Defendant
SS&C Technologies, Inc.*

8