UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP,<br><br>       Plaintiff,<br><br>   - against -<br><br>SS&C TECHNOLOGIES, INC.,<br><br>       Defendant. | 3:17-cv-00790-JAM |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO ACM'S MOTION *IN LIMINE* NO. 4: TO EXCLUDE REFERENCE OR ARGUMENT <u>RELATED TO SECTION 6.2.2 OF THE MASTER AGREEMENT</u>**

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
Robert A. Atkins
Jeannie S. Rhee
Jeffrey J. Recher
Joshua D. Kaye
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
ratkins@paulweiss.com
jrecher@paulweiss.com
jkaye@paulweiss.com

Kevin J. O'Connor
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
Telephone: (617) 378-4394
koconnor@hinckleyallen.com

Jeffrey J. Mirman
Alexa T. Millinger
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
Telephone: (860) 331-2762
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com

*Attorneys for Defendant
SS&C Technologies, Inc.*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii
ARGUMENT ............................................................................................................................1
CONCLUSION.........................................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bennett* v. *Automobile Ins. Co. of Hartford*,
   230 Conn. 795 (1994) ..................................................................................................6

*BHC Dev., L.C.* v. *Bally Gaming, Inc.*,
   No. 12-2393-JPO, 2014 WL 1875161 (D. Kan. May 9, 2014) ....................................4

*D'Angelo Development & Const. Corp.* v. *Cordovano*,
   121 Conn. App. 165 (2010) .........................................................................................5

*Khosla Ventures, LLC* v. *Rolls-Royce Canada Ltd.*,
   No. 11-7529, 2012 WL 1344822 (D.N.J. Apr. 16, 2012) .............................................5

*Peregrine Pharm, Inc.* v. *Clinical Supplies Mgmt. Inc.*,
   No. SACV 12-1608 JGB (ANx), 2014 WL 3791567 (C.D. Cal. July
   31, 2014) ......................................................................................................................5

*Richard Parks Corrosion Tech., Inc.* v. *Plas-Pak Indus., Inc.*,
   No. 10CV437 WWE, 2012 WL 4471258 (D. Conn. Sept. 27, 2012) ..........................4

*Ryder* v. *J.P. Morgan Chase Bank*,
   No. 3:13-CV-01929(AVC), 2015 WL 13793263 (D. Conn. Aug. 19,
   2015) ............................................................................................................................4

*Sear-Brown Grp.* v. *Jay Builders, Inc.*,
   665 N.Y.S.2d 162 (4th Dep't 1997) .............................................................................4

*Standard Register Co.* v. *Bolton-Emerson Inc.*,
   38 Mass App. Ct. 545 (1995) .......................................................................................5

*Stuart* v. *Freiberg*,
   316 Conn. 809 (2015) ..................................................................................................5

*Ulbrich* v. *Groth*,
   310 Conn. 375 (2013) ..................................................................................................4

*Welco Distributors, Inc.* v. *Legere Grp., Ltd.*,
   No. CV030484760S, 2005 WL 2851484 (Conn. Super. Ct. Sept. 29,
   2005) ............................................................................................................................4

*Young* v. *Ravenswood Dev. Corp.*,
   No. CV 98051715S, 2000 WL 528176 (Conn. Super. Ct. Apr. 12,
   2000) ............................................................................................................................5

Defendant SS&C Technologies, Inc. ("SS&C") respectfully submits the following memorandum of law in opposition to Armour Capital Management LP's ("ACM") motion *in limine* no. 4 to exclude any evidence, reference, or argument concerning or arising out of Section 6.2.2 of the Master Agreement.

## ARGUMENT

ACM seeks to bar SS&C from introducing "any evidence, reference or argument concerning or arising out of Section 6.2.2 of the Master Agreement"—the provision setting forth the parties' agreed-upon bar on consequential damages. ACM's motion misses the point. The issue to be decided pre-trial is whether Section 6.2.2 bars ACM's claim for consequential damages, including "lost employee time." Thus, as set forth in SS&C's Second Motion *in Limine* (ECF No. 214-1), it is ACM that should be barred from offering any evidence of "lost employee time" or otherwise asking the jury to award consequential damages. ACM's arguments to the contrary are unavailing.

*First*, ACM's argument that its supposed "lost employee time" damages are not covered by the language of Section 6.2.2 is wrong. This Court already found to the contrary. (ECF No. 194 at 18 ("ACM's claim for lost employee time while trying to implement the CAMRA product is subject to the parties' agreed-upon exclusion for consequential damages.")). And for good reason. The contract's bar on consequential damages applies to any losses—whether as part of "a breach of contract" or alleged as "tortious conduct"—that were incurred "in connection with or arising out of the furnishing, performance of any services under the Master Agreement, any Attachment or any Work Request, or use of the Software furnished hereunder . . . ." (ECF 214-2 at 5.) There can be no doubt that ACM's alleged losses from "lost employee time" were incurred "in connection with" the services under the contract.

1

Nor does this result change merely because ACM alleges that SS&C made negligent misrepresentations prior to the contract. The contract's plain terms bar consequential damages for any cause of action—whether contract- or tort-based. The supposed "lost time" took place *after the contract was signed* and in connection with the *services* the contract contemplated. Indeed, the only Connecticut case cited by either party that actually discusses the application of a contractual damages limitation to negligent misrepresentation and CUTPA claims found that such a provision was effective to bar consequential damages. *See, e.g.*, *Welco Distributors, Inc.* v. *Legere Grp., Ltd.*, No. CV030484760S, 2005 WL 2851484, at *5 (Conn. Super. Ct. Sept. 29, 2005).

The Connecticut cases cited by ACM, by contrast, do not deal with damages limitations provisions at all.[1] The other cases cited by ACM—applying New York and Kansas law—merely show that courts outside Connecticut consider the specific language of the relevant contractual provision when determining whether it limits damages for negligent misrepresentations inducing entry into a contract. *See Sear-Brown Grp.* v. *Jay Builders, Inc.*, 665 N.Y.S.2d 162, 163 (4th Dep't 1997) ("*Absent language in the agreements to the contrary*, the limitation of liability clauses do not apply to misrepresentations made to induce a party to enter into an agreement.") (emphasis added);

---

[1] *See Ulbrich* v. *Groth*, 310 Conn. 375, 406–07 (2013) (addressing when a plaintiff is permitted to bring a negligent misrepresentation claim when plaintiff and defendant have a contractual relationship, rather than the applicability of a damages limitation clause); *Ryder* v. *J.P. Morgan Chase Bank*, No. 3:13-CV-01929(AVC), 2015 WL 13793263, at *9 (D. Conn. Aug. 19, 2015) (addressing whether plaintiff was barred from bringing a fraud claim in conjunction with a breach of contract claim); *Richard Parks Corrosion Tech., Inc.* v. *Plas-Pak Indus., Inc.*, No. 10CV437 (WWE), 2012 WL 4471258, at *4 (D. Conn. Sept. 27, 2012) (addressing whether a merger clause (not a damages limitation clause) prevents a defendant from asserting a negligent misrepresentation claim).

*BHC Dev., L.C.* v. *Bally Gaming, Inc.*, No. 12-2393-JPO, 2014 WL 1875161, at *6 (D. Kan. May 9, 2014) (finding that a limitation of liability clause that did not address tortious conduct was inapplicable to plaintiffs' negligent misrepresentation claim) (emphasis added).[2]  Here, Section 6.2.2 expressly prohibits ACM from recovering consequential damages on claims alleging "tortious conduct." *See Khosla Ventures, LLC* v. *Rolls-Royce Canada Ltd.*, No. 11-7529, 2012 WL 1344822, at *2 (D.N.J. Apr. 16, 2012) (applying New York law and dismissing negligent representation claim inducing entry into contract because it fell within contractual limitation of liability clause).

*Second,* ACM argues that SS&C cannot rely on Section 6.2.2 to limit ACM's recovery of damages because it failed to plead "limitation of liability" as an affirmative defense.  But ACM is incorrect.  As an initial matter, it is ACM's burden to prove it is entitled to damages by a preponderance of the evidence for both its negligent misrepresentation and CUTPA claims, and thus, SS&C is not required to plead any contractual limitation as an affirmative or special defense.  *See Stuart* v. *Freiberg*, 316 Conn. 809, 821-22 (2015); *D'Angelo Development & Const. Corp.* v. *Cordovano*, 121 Conn. App. 165, 181-82 (2010); *Young* v. *Ravenswood Dev. Corp.*, No. CV 98051715S, 2000 WL 528176, at *1 (Conn. Super. Ct. Apr. 12, 2000) ("The plaintiff has the burden of

---

[2]   The other cases cited by ACM are similarly distinguishable.  *See Peregrine Pharm, Inc.* v. *Clinical Supplies Mgmt. Inc.*, No. SACV 12-1608 JGB (ANx), 2014 WL 3791567, at *15 (C.D. Cal. July 31, 2014) (categorizing negligent misrepresentation as a "fraud" claim and holding that a liability limitation clause was inapplicable to fraud claims); *Standard Register Co.* v. *Bolton-Emerson Inc.*, 38 Mass App. Ct. 545, 550 (1995) (holding that limitation of liability provisions did not apply to certain claims because the facts upon which those claims were based were distinct from the breach of contract claim).

3

proof of his claims by the preponderance of the evidence. The defendants have the burden of proof of their special defenses by a preponderance of the evidence.")

But in any event, SS&C pled as an affirmative defense that "ACM's claims are barred, in whole or in part, by . . . limitations on claims provided in the parties' Master Agreement and/or related Work Requests." (Def./Counterclaimant Answer to First Am. Compl. & First Am. Counterclaims 18, ECF No. 101.) This affirmative defense put ACM on notice that SS&C was intending to rely on any limitation of liability provisions in the Master Agreement to defend against ACM's claims, including Section 6.2.2 of the Master Agreement. *Bennett* v. *Automobile Ins. Co. of Hartford*, 230 Conn. 795, 802 (1994) ("The fundamental purpose of a special defense . . . is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway."). ACM cannot now claim that SS&C failed to plead "limitation of liability" as an affirmative defense.

## **CONCLUSION**

For the foregoing reasons, this Court should deny ACM's Motion *in Limine* No. 4.

Dated: New York, New York
December 10, 2019

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Robert A. Atkins*
Robert A. Atkins
Jeannie S. Rhee
Jeffrey J. Recher
Joshua D. Kaye
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
ratkins@paulweiss.com
jrhee@paulweiss.com
jrecher@paulweiss.com
jkaye@paulweiss.com

Kevin J. O'Connor
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
Telephone: (617) 378-4394
koconnor@hinckleyallen.com

Jeffrey J. Mirman
Alexa T. Millinger
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
Telephone: (860) 331-2762
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com

*Attorneys for Defendant
SS&C Technologies, Inc.*