UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARMOUR CAPITAL MANAGEMENT LP,

                Plaintiff,

- against -          3:17-cv-00790-JAM

SS&C TECHNOLOGIES, INC.,

                Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO ACM'S MOTION *IN LIMINE* NO. 6:  PERMITTING REFERENCE TO
ALL OF SS&C'S MISREPRESENTATIONS**
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
Robert A. Atkins
Jeannie S. Rhee
Jeffrey J. Recher
Joshua D. Kaye
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
ratkins@paulweiss.com
jrecher@paulweiss.com
jkaye@paulweiss.com

Kevin J. O'Connor
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
Telephone:  (617) 378-4394
koconnor@hinckleyallen.com

Jeffrey J. Mirman
Alexa T. Millinger
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
Telephone:  (860) 331-2762
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com

*Attorneys for Defendant
SS&C Technologies, Inc.*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................ 1
ARGUMENT ............................................................................................................................... 2
CONCLUSION ........................................................................................................................... 7

# **TABLE OF AUTHORITIES**
**Page(s)**

**CASES**

*Am. Stock Exch., LLC* v. *Mopex, Inc.*,
   215 F.R.D. 87 (S.D.N.Y. 2002)................................................................................5

*Capobianco* v. *City of New York*,
   422 F.3d 47 (2d Cir. 2005).......................................................................................6

*Dunn Appraisal Co.* v. *Honeywell Info. Sys. Inc.*,
   687 F.2d 877 (6th Cir. 1982)...................................................................................4

*Eadie* v. *McMahon*,
   199 F.R.D. 45 (D. Conn. 2001)...............................................................................2

*Estate of Mali* v. *Fed. Ins. Co.*,
   No. 3:06-CV-01475, 2011 WL 2516246 (D. Conn. June 17, 2011).......................3

*Fed. Ins. Co.* v. *Speedboat Racing Ltd.*,
   200 F. Supp. 3d 312 (D. Conn. 2016)......................................................................4

*Haas* v. *Delaware & Hudson Ry. Co.*,
   282 F. App'x 84 (2d Cir. 2008)...............................................................................5

*Johnson v. U.S. Postal Serv.*,
   64 F.3d 233 (6th Cir. 1995).....................................................................................7

*King-Hardy* v. *Bloomfield Bd. of Educ.*,
   No. 3:01-cv-979, 2002 WL 32506294 (D. Conn. Dec. 8, 2002) ............................3

*Sandberg* v. *Virginia Bankshares, Inc.*,
   891 F.2d 1112 (4th Cir. 1989).................................................................................7

*SS&C Techs. Inc.* v. *Providence Inv. Mgmt.*,
   582 F. Supp. 2d 255 (D. Conn. 2008).....................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(e)(1).....................................................................................................2

Fed. R. Civ. P. 37(c)(1).....................................................................................................2

Fed. R. Civ. P. 26(a) .........................................................................................................2

Fed. R. Civ. P. 26(e) .........................................................................................................2

Defendant SS&C Technologies, Inc. ("SS&C") respectfully submits the following memorandum of law in opposition to Armour Capital Management LP's ("ACM") motion *in limine* no. 6 seeking a ruling that ACM is not restricted to the list of 22 misrepresentations identified in its Amended Objections and Responses to Defendant's Interrogatory Nos. 5-10 (ECF No. 214-6).

## PRELIMINARY STATEMENT

ACM is seeking to recover millions of dollars because SS&C supposedly made false statements that caused ACM to sign the parties' contract. But ACM apparently does not even know what statements it actually relied upon in entering the parties' contract. On the very eve of trial, ACM asks permission to try its case without being limited to the alleged misrepresentations it identified during discovery. It thus seeks license to introduce ***any*** SS&C statement and accuse SS&C for the first time at trial of making an actionable misrepresentation. ACM takes the position that "[t]here is no justification" to limit ACM to a specific set of misrepresentations in proving its claims. (Pl.'s Mot. Lim. No. 6 ("Mot.") at 1.)

ACM is wrong. ACM's discovery obligations exist precisely to avoid what ACM proposes now: trial by ambush in which ACM offers new theories or allegations never tested in discovery. SS&C asked ACM to identify with specificity the alleged misrepresentations; it did so, and SS&C conducted discovery and moved for summary judgment on that basis. ACM never amended or supplemented its responses to SS&C's interrogatories listing the alleged misrepresentations. ACM should not be permitted to argue or offer evidence at trial that SS&C made any misrepresentation other than the 22 specific alleged misrepresentations that it identified during discovery.[1]

---

[1] SS&C believes that none of the misrepresentations alleged by ACM are actionable as a matter of law. For the reasons set forth in SS&C's Sixth Motion *in Limine*, ACM should be precluded

1

## ARGUMENT

As ACM concedes (Mot. at 2–3), ACM was expressly asked to identify the misrepresentations that formed the basis of its negligent misrepresentation and CUTPA claims in SS&C's First Set of Interrogatories served over two years ago. In its Amended Objections and Responses to Defendant's Interrogatory Nos. 5-10 ("Amended Interrogatory Responses") (ECF No. 214-6), served on January 19, 2018, ACM identified 22 specific pre-contractual misrepresentations forming the basis of its negligent misrepresentation and CUTPA claims. ACM was required to timely supplement this response if it was incomplete or incorrect. *See* Fed. R. Civ. P. 26(e)(1). ACM never did so.

SS&C thus proceeded through discovery on the basis of those 22 alleged misrepresentations. It took and defended over a dozen depositions over multiple days, reviewed thousands of pages of documents, and its experts addressed the statements that ACM identified. When asked what misrepresentations were at issue in the case during depositions, ACM's *own witnesses* referred the jury to ACM's interrogatory responses. SS&C had no opportunity to test ACM's undisclosed allegations in discovery.

ACM should not be permitted now to rely on additional misrepresentations identified after the close of fact discovery—indeed, *an unspecified* universe of misrepresentations. It is axiomatic that a party cannot introduce evidence at trial that was not disclosed in discovery. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or Rule 26(e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."); *Eadie* v.

---

from introducing evidence about certain of these alleged misrepresentations at trial. (ECF No. 214-1 at 12-15.) SS&C will challenge the actionability of the other statements at the appropriate time.

*McMahon*, 199 F.R.D. 45, 46-47 (D. Conn. 2001) (precluding plaintiff from calling an additional expert witness at trial disclosed after discovery ended); *Estate of Mali* v. *Fed. Ins. Co.*, No. 3:06-CV-01475, 2011 WL 2516246, at *5 (D. Conn. June 17, 2011) (precluding plaintiff from calling an additional witness at trial disclosed after discovery ended); *King-Hardy* v. *Bloomfield Bd. of Educ.*, No. 3:01-cv-979 (PCD), 2002 WL 32506294, at *3, *5 (D. Conn. Dec. 8, 2002) (noting that "a party failing to produce documents which are the subject of a discovery order may be precluded from presenting the same at trial," and ruling that "[p]laintiff is therefore precluded from presenting evidence at trial not produced in response to the documents requests.")

Nor could ACM have any reasonable excuse for failing to comply with its discovery obligations by fully disclosing the universe of statements that it contends constitute misrepresentations. That information is uniquely within ACM's possession. Only ACM knows which statements it supposedly relied on and which formed the basis for its decision to enter into the parties' contract.

ACM's arguments that it should be permitted to, in effect, amend its discovery responses and then rely on any alleged misrepresentation it chooses to identify at trial are meritless.

*First*, ACM claims that it may rely on misrepresentations beyond those it identified in its Amended Interrogatory Responses in proving its claims because the Court "already refused to 'slice and dice' the misrepresentations" at summary judgment. (Mot. at 1.) But more accurately, the Court held that "it would be premature . . . to try to slice-and-dice *which particular statements identified by ACM as the basis for its claims are non-actionable* as a matter of law." (Order Granting and Den. in Part Def.'s Mot. Summ. J. at 10, ECF No. 194 (emphasis added).) It concluded that "these highly fact-bound issues of *actionability of particular statements* should remain for the jury to consider in light of the context and circumstances of this case." (*Id.* at 9

(emphasis added).)  The Court's decision at summary judgment not to determine that certain alleged misrepresentations *already identified by ACM* were non-actionable provides no support for ACM's argument that it should be free to rely on new alleged misrepresentations that it never disclosed during discovery.  None of the case law cited by ACM so much as considers whether a party may introduce evidence at trial that was not disclosed in discovery, let alone provides support for ACM's position.[2]

*Second*, ACM argues that "there is no basis to limit the universe of misrepresentations to those listed in the [Amended] Interrogatory Responses" because ACM objected to SS&C's Interrogatories Nos. 6 and 8, reserved the right to later supplement its list of misrepresentations, and indicated that the list of misrepresentations was not exhaustive.  (Mot. at 1–2, 7–8.)  ACM essentially asserts that by including stock objections in interrogatory responses (without stating that it was apparently declining to disclose certain alleged misrepresentations on that basis) or reserving the right to supplement its response (which it never did), it is not bound by its responses and is free to surprise SS&C with new allegations at trial.  That is not how discovery works.  Nor does ACM offer any cases that support such a position.

SS&C specifically asked ACM to identify the basis for its claims that SS&C violated CUTPA and made negligent misrepresentations.  (Ex. A, Def.'s First Set of Interrogs., at 7.)  SS&C's interrogatories expressly instructed "that these interrogatories are continuing and the

---

[2]  *See SS&C Techs. Inc.* v. *Providence Inv. Mgmt.*, 582 F. Supp. 2d 255, 258-59 (D. Conn. 2008) (addressing the issue of falsity of misrepresentations, not ability to identify new misrepresentations post-discovery and pre-trial); *Fed. Ins. Co.* v. *Speedboat Racing LLC*, 200 F. Supp. 3d 312, 345 (D. Conn. 2016) (addressing the "reasonable reliance" requirement to prove a negligent misrepresentation claim, not ability to identify new misrepresentations post-discovery and pre-trial); *Dunn Appraisal Co.* v. *Honeywell Info. Sys. Inc.*, 687 F.2d 877, 882 (6th Cir. 1982) (addressing a court's summary of misrepresentations at issue rather than a party's ability to identify new misrepresentations post-discovery and pre-trial).

4

plaintiff is required to provide any further responsive information when learned or received." (*Id.* at 8.)  In response, on January 19, 2018, ACM served its Amended Interrogatory Responses.  ACM identified *22 specific misrepresentations* it claimed formed the basis of its negligent misrepresentation and CUTPA claims.  (*See* ECF No. 214-6.)

At no time did ACM amend those interrogatory responses as required by the Federal Rules.  Instead, the parties conducted months of discovery on the basis of ACM's responses, including over a dozen depositions and thousands of documents.  In fact, when ACM witnesses were asked during deposition to identify SS&C's supposed misrepresentations, they *reaffirmed* ACM's interrogatory responses.  (Ex. B (May 11, 2018 30(b)(6) Deposition of James Mountain and Mark Gruber at 35:22–36:3 ("I would refer you to our amended complaint and the interrogatories in this litigation.").)  Having failed to supplement its responses, ACM is bound by its responses at trial and is limited to the 22 statements it identified as alleged misrepresentations. *See Am. Stock Exch., LLC* v. *Mopex, Inc.*, 215 F.R.D. 87, 96 (S.D.N.Y. 2002) (precluding plaintiff from asserting a new patent claim in part on the basis that plaintiff failed to update its response to an interrogatory asking plaintiff to identify the patent claims it asserted were being infringed); *Haas* v. *Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86–87 (2d Cir. 2008) (affirming lower court's striking of affidavit on the basis that plaintiff failed to amend interrogatory answers to identify witness).

*Third*, ACM argues that "after discovery had progressed and ACM identified the broader range of statements in its summary judgment briefing, SS&C did not object or move to exclude consideration of such statements at that time" prior to the Court's summary judgment order.  ACM is incorrect as a matter of law and fact.  Not only is there no obligation for a party to object in summary judgment briefing or waive evidentiary objections at trial (and ACM cites no

5

authority that even suggests such an obligation), but SS&C repeatedly objected to ACM's identification of new alleged misrepresentations that were not disclosed during discovery.

ACM identified two additional misrepresentations for the first time in its January 14, 2019 opposition to SS&C's motion for summary judgment. These alleged misrepresentations were supposed statements made by SS&C regarding its "CI Manager" software and its ability to import data from AVM—a third-party service provider to ACM. ACM identified these additional misrepresentations almost a year after it served its Amended Interrogatory Responses and over six months after the close of discovery. In both its summary judgment reply brief and at argument, SS&C repeatedly objected to ACM's belated identification of these two alleged misrepresentations. For example:

- SS&C noted in its reply brief that ACM identified the two new alleged misrepresentations "for the first time in its opposition." (Def. Reply Memo. Law in Further Supp. Mot. Summ. J. 7, ECF No. 179.)

- In its presentation at the summary judgment hearing, SS&C's slides specifically indicated the misrepresentations that were "[n]ot alleged in interrogatory responses [and] [f]irst raised in brief." (Ex. C (Feb. 21, 2019 SS&C's Motion for Summary Judgment PowerPoint Presentation) at Slide 62.)

- At the summary judgment hearing, counsel for SS&C argued that ACM should not be permitted to rely on the new misrepresentations that it failed to disclose in discovery. Counsel argued that ACM had "identified 22 supposed misrepresentations [in their interrogatory responses]. In the briefing, they added two more . . . I'll address all 24 of them even though they shouldn't do it." (Mot. Hr'g Tr. at 15:3-6, Feb. 21, 2019, ECF No. 192.)

The basic premise of ACM's argument is therefore incorrect: SS&C did object to its attempt to shoehorn new misrepresentations into the case well after the close of discovery.

In any event, a party does not waive evidentiary objections at trial by not raising them at the summary judgment stage. None of the cases cited by ACM suggest that a waiver may arise in those circumstances. *See Capobianco* v. *City of New York*, 422 F.3d 47, 55 (2d Cir. 2005) (finding defendant waived objection to admissibility because it attached documents to summary

judgment briefing and relied on them in seeking summary judgment); *Sandberg* v. *Virginia Bankshares, Inc.*, 891 F.2d 1112, 1122 (4th Cir. 1989) (finding a party waived argument that certain misstatements should not go to the jury by failing to object to the formulation of a jury instruction); *Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 237 (6th Cir. 1995) (involving failure to object to the submission of evidentiary material).

## **CONCLUSION**

The Court should deny ACM's motion *in limine* no. 6.

| | |
|---|---|
| Dated: New York, New York<br>December 10, 2019 | Respectfully submitted,<br><br>PAUL, WEISS, RIFKIND, WHARTON &<br>  GARRISON LLP<br><br>By: */s/ Robert A. Atkins*<br>      Robert A. Atkins<br>      Jeannie S. Rhee<br>      Jeffrey J. Recher<br>      Joshua D. Kaye<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3000<br>ratkins@paulweiss.com<br>jrhee@paulweiss.com<br>jrecher@paulweiss.com<br>jkaye@paulweiss.com<br><br>Kevin J. O'Connor<br>Hinckley, Allen & Snyder LLP<br>28 State Street<br>Boston, MA 02109-1775<br>Telephone:  (617) 378-4394<br>koconnor@hinckleyallen.com<br><br>Jeffrey J. Mirman<br>Alexa T. Millinger<br>Hinckley, Allen & Snyder LLP<br>20 Church Street, 18th Floor<br>Hartford, Connecticut 06103<br>Telephone:  (860) 331-2762<br>jmirman@hinckleyallen.com<br>amillinger@hinckleyallen.com<br><br>*Attorneys for Defendant*<br>*SS&C Technologies, Inc.* |

8