# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP, )<br>        Plaintiff,    )<br>        )<br>v.        )<br>        )<br>SS&C TECHNOLOGIES, INC.,  )<br>        Defendant.    ) | Civil Case No. 3:17cv00790 (JAM)<br><br><br><br><br>AUGUST 23, 2017 |

## DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, SS&C Technologies, Inc. ("SS&C") hereby requests that Plaintiff Armour Capital Management, LP ("Plaintiff" or "ACM") respond to the following Interrogatories, under oath, within thirty (30) days of the date hereof. Each Interrogatory shall be construed to include any supplemental information, knowledge, or data responsive to these Interrogatories that is later discovered by Plaintiff.

## INSTRUCTIONS

1. If you object to any Interrogatory, or any portion thereof, specify the Interrogatory and state all reasons for objection thereto, and respond to any portion to which you do not object.

2. If you claim privilege, including attorney-client or work-product privilege, for any communication or document, or any portion thereof, about which information is requested by this discovery request, comply with Rule 26(e) of the Local Rules of Civil Procedure regarding the creation of a privilege log.

3. Unless otherwise indicated, the time period covered by these Interrogatories is from **April 1, 2014 through May 1, 2017**.

4. These interrogatories are continuous in nature and you are under a duty to supplement your responses, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, to include any additional information or documents that are later discovered.

## **DEFINITIONS**

Pursuant to Rule 26 of the Local Civil Rules of the United States District Court for the District of Connecticut, the definitions set forth in Rule 26(c) and (d) are incorporated by reference and apply to all discovery requests. In addition, the following definitions and instructions apply to these interrogatories:

1. The term "Action" means the lawsuit commenced via Writ, Summons and Complaint dated May 15, 2017 in the United States District Court for the District of Connecticut, and known as *Armour Capital Management LP v. SS&C Technologies, Inc.,* Civil Action No. 3:17-CV-00790 (JAM).

2. The term "ACM" means Plaintiff Armour Capital Management LP, and any predecessor or successor corporations, subsidiaries, parents, assigns, divisions, departments or committees thereof, and also includes any present or former employees, independent contractors, consultants, members, officers, or directors.

3. The term "Amended Complaint" refers to ACM's First Amended Complaint in the Action, and any amendments thereof allowed by the Court.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

5. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, written or unwritten, including, without limitation, by email or other electronic means.

2

6. The term "document" means, but is not limited to, the original and all non-identical copies (*i.e.*, different from originals by reason of notations made on or attached to such copies or otherwise) of all writings, correspondence, letters, email or electronic mail, forms, applications, certificates, facsimiles, telegrams, contracts, memoranda, intra-office or interoffice memoranda, contracts, agreements, papers, notes, minutes, transcripts, reports, studies, calendar and diary entries, phone records, tax returns, bank statements, invoices, maps, sketches, drawings, reproductions, photographs, advertisements, pamphlets, periodicals, presentations, slideshows, books, graphs, charts, tabulations, analyses, working papers, indices, statistical or informational accumulations, data sheets, data processing cards, video or digital recordings, audio recordings, computer printouts, computerized data, electronic mail, notes or recollections of meetings, notes or recollections of any other type of communication, drafts or preliminary revisions of all of the above, applications for employment, employment contracts, applications for insurance, insurance policies, insurance claims, court papers, criminal pleas and any other written, printed, typed, or other graphic or computerized material of any nature, no matter how produced or how reproduced, translated if necessary by the responding party through detection devices into reasonably usable form.  Document shall also include, without limitation, emails and other computer generated communications or records, even to the extent such computer communications or records have not been printed in "hard copy" form.

7. The term "identify" when used in reference to:

    a. A *communication* means to state (i) whether the communication was written, oral, telephonic, or by some other means (if by another means, specify); (ii) the date; (iii) all parties to the communication; (iv) all witnesses to the communication; (v) the location where the

      communication was made and/or received; and (vi) substance of the communication;

   b.    A *person* means to state (i) the full name of the individual or entity; (ii) current or last known address; (iii) if a natural person, the identity of his or her employer and place of employment; and (iv) if a non-individual, the type of entity;

   c.    A *document* means to state (i) the date; (ii) each and every person who wrote, authored, dictated, signed, initialed, or otherwise participated in the creation of the document; (iii) each and every person who is an addressee, if any, of said document or who received any copy thereof; (iv) the nature or type of document (i.e. letter, memo, email); (v) the general subject matter; (vi) its present or last known location or custodian; (vii) any identifying or Bates numbers; and (viii) if the document referred to has been destroyed, identify the person who destroyed it, the date of destruction, the reason for its destruction, and the person responsible for having the document destroyed.

8.    The term "person" means natural persons, groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (*i.e.*, as a committee, board of directors, etc.), corporations, the federal government, state governments, local governments, governmental agencies, or any other incorporated or unincorporated business or social entity.

9.    The term "SS&C" means Defendant SS&C Technologies, Inc., and any predecessor or successor corporations, subsidiaries, parents, assigns, divisions, departments or committees thereof, and also includes any present or former employees, independent contractors, consultants, members, officers, or directors.

10.    The term "state the basis" means that ACM shall:

   a.    Set forth each and every fact, act or omission to act on the part of any person (identifying the act or omission to act by stating its nature, time, and place and identifying the persons involved) upon which ACM bases the claim or assertion referenced in the Interrogatory;

5

    b. Identify each and every communication upon which ACM bases the claim or assertion referenced in the Interrogatory;

    c. Identify each and every document (and, where pertinent, the page, section, article, or subparagraph thereof) upon which ACM bases the claim or assertion referenced in the Interrogatory.

## INTERROGATORIES

1. Identify each and every person who answered or assisted in the preparation of the response to each of these Interrogatories (stating the specific Interrogatory or Interrogatories with respect to which he or she provided the answer or assistance).

**RESPONSE**:

2. Identify each and every person who has, or is likely to have, knowledge about any of the facts alleged in the Amended Complaint, including a description of the facts known, or likely to be known, by that person.

**RESPONSE**:

3. Identify each partner in ACM, and all persons or entities who are members of, partners in, or trustees of, any person or entity that is a partner in ACM.

**RESPONSE**:

4. State the domicile (including street address) of each person or entity identified in response Interrogatory No. 3, above.

**RESPONSE**:

5. State the basis for the claim in Count I of the Amended Complaint that SS&C is liable to ACM for breach of contract.

**RESPONSE**:

6. State the basis for the claim in Count II of the Amended Complaint that SS&C is liable to ACM for a violation of the Connecticut Unfair Trade Practices Act.

**RESPONSE**:

7. State the basis for the claim in Count III of the Amended Complaint that SS&C is liable to ACM for intentional misrepresentation.

**RESPONSE**:

8. State the basis for the claim in Count IV of the Amended Complaint that SS&C is liable to ACM for negligent misrepresentation.

**RESPONSE**:

9. State the basis for your contention in Count V of the Amended Complaint that the contract between SS&C and ACM should be rescinded.

**RESPONSE**:

10. State the basis for all damages and other relief that you seek in this Action.

**RESPONSE**:

**PLEASE NOTE THESE INTERROGATORIES ARE CONTINUING AND THE PLAINTIFF IS REQUIRED TO PROVIDE ANY FURTHER RESPONSIVE INFORMATION WHEN LEARNED OR RECEIVED.**

**PLEASE NOTE THESE INTERROGATORIES ARE CONTINUING AND THE PLAINTIFF IS REQUIRED TO PROVIDE ANY FURTHER RESPONSIVE INFORMATION WHEN LEARNED OR RECEIVED.**

        THE DEFENDANT,

        SS&C TECHNOLOGIES, INC.

By   /s/ *Alexa T. Millinger*
    Jeffrey J. Mirman (ct05433)
    Alexa T. Millinger (ct29800)
    HINCKLEY ALLEN & SNYDER, LLP
    20 Church Street, 18th Floor
    Hartford, Connecticut 06103
    jmirman@hinckleyallen.com
    Telephone: (860) 331-2762
    Facsimile: (860) 278-3802

    Kevin J. O'Connor (*pro hac vice*)
    HINCKLEY, ALLEN & SNYDER LLP
    28 State Street
    Boston, MA 02109-1775
    koconnor@hinckleyallen.com
    Telephone: (617) 378-4394
    Facsimile: (617) 345-9020

    Its Attorneys

## **CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of August, 2017, a copy of the foregoing was sent via email to the following counsel and pro se parties of record:

Christopher M. Cerrito
Holland & Knight, LLP
One Stamford Plaza
263 Tressler Boulevard, Suite 1400
Stamford, CT 06901
Chris.cerrito@hklaw.com

Joseph Mamounas
Allison Kernisky
Holland & Knight, LLP
701 Brickell Ave., Suite 3300
Miami, FL 33131
Joseph.mamounas@hklaw.com
Allison.kernisky@hklaw.com

          /s/ *Alexa T. Millinger*
          Alexa T. Millinger

57110581 v1