UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMOUR CAPITAL MANAGEMENT LP,<br><br>                         Plaintiff,<br><br>      - against -<br><br>SS&C TECHNOLOGIES, INC.,<br><br>                         Defendant. | 3:17-cv-00790-JAM |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
### *IN LIMINE* TO EXCLUDE TESTIMONY OF MANUEL ANTONIO GONZALEZ

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
Robert A. Atkins
Jeannie S. Rhee
Jeffrey J. Recher
Joshua D. Kaye
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
ratkins@paulweiss.com
jrecher@paulweiss.com
jkaye@paulweiss.com

Kevin J. O'Connor
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
Telephone: (617) 378-4394
koconnor@hinckleyallen.com

Jeffrey J. Mirman
Alexa T. Millinger
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
Telephone: (860) 331-2762
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com

*Attorneys for Defendant*
*SS&C Technologies, Inc.*

## TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................................................... 1
CONCLUSION .................................................................................................................................. 3

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Associated Constr. / AP Constr., LLC* v. *Hanover Ins. Co.*,
    No. 15-cv-1600 (MPS), 2018 WL 3998971 (D. Conn. Aug. 21, 2018) ....................................1

*Glazer* v. *Dress Barn Inc.*,
    873 A.2d 929 (Conn. 2005) .......................................................................................................1

Pursuant to the Court's direction at the January 3, 2019 pre-trial conference, Defendant SS&C Technologies, Inc. ("SS&C") respectfully submits the following memorandum of law in support of its motion *in limine* seeking to exclude the testimony of Manuel Antonio Gonzalez.

## ARGUMENT

Post-contractual evidence should not be admissible, absent some direct and proximate relationship between the evidence and the alleged misstatements. There is no probative value—as to either SS&C's state of mind or falsity at the time the challenged statements were made in 2014—where the proffered evidence is not contemporaneous (or close to contemporaneous) with the statements at issue in this case. (*See* ECF Nos. 214-1 at 5–9 & 238 at 2–5.) Documents, emails, or testimony from months or, in many cases, years after 2014—and which are necessarily informed by experience and events in the intervening time period—fail to shed light on the relevant question in this case: whether SS&C knew or should have known in 2014 that the supposed misrepresentations were false. That is why, in *Glazer* and *Hanover*, the post-contractual evidence admitted was *so close in time* to the alleged misrepresentations that it could be fairly said to reveal some probative information about falsity or state of mind. *See Glazer v. Dress Barn Inc.*, 873 A.2d 929, 955-56 (Conn. 2005) (considering conduct commencing four days and ending just over a month after contract signed); *Associated Constr. / AP Constr., LLC v. Hanover Ins. Co.*, No. 15-cv-1600 (MPS), 2018 WL 3998971, at *9 (D. Conn. Aug. 21, 2018) (considering events within a month of the alleged misrepresentation).

The anticipated testimony of Manuel Antonio ("Tony") Gonzalez is just the type of post-contractual evidence that offers no assistance to the jury while, at the same time, injecting unnecessary prejudice and confusion. Mr. Gonzalez is a former SS&C employee who was hired in **October 2015**—ten months *after* ACM and SS&C signed the Master Agreement, and more than

a year after many of the alleged misrepresentations were made. Mr. Gonzalez stopped working for SS&C in August 2016—eight months after he began his employment. Mr. Gonzalez simply had no involvement in any of the events at the heart of this case. He cannot testify about SS&C's sales process with ACM, the June 2014 meeting and presentation at SS&C's offices, the August 2014 demonstration of CAMRA in Vero Beach, or the CAMRA proofs of concept SS&C created for ACM between August and November 2014.

ACM thus intends to call Mr. Gonzalez to testify exclusively about post-contractual events: "SS&C's obligation to implement CAMRA for ACM; SS&C's difficulties and inability to implement CAMRA for ACM . . . and SS&C's failure to implement CAMRA for ACM and Bimini." (Joint Trial Memorandum, ECF 221, at 12.) But none of that testimony bears on what SS&C knew or should have known *in 2014*, or the objective falsity of the alleged misrepresentations. Whatever Mr. Gonzalez's perceptions of CAMRA, SS&C, or the CAMRA implementation at ACM during his eight-month tenure in 2015, those perceptions were necessarily affected by events and experiences that arose after the contract was signed and therefore could not have been known or available to the SS&C employees who actually communicated with Armour during the sales process.

Mr. Gonzalez's testimony also risks substantial prejudice and confusion. For example, ACM will likely seek to elicit testimony from Mr. Gonzalez that (1) he had a poor opinion of certain SS&C personnel involved in the CAMRA implementation at ACM (*see* Gonzalez April 30, 2018 Dep. at 219:2–6); (2) SS&C allegedly did not devote sufficient resources to the CAMRA implementation at Armour (*id.* at 108:13–20), and (3) the CAMRA product was supposedly "dying" because, according to Mr. Gonzalez, its share of the market was in decline in late 2015 and early 2016 (*id.* at 126:24–127:2; 127:7–128:16). Mr. Gonzalez's testimony thus

invites the jury to draw an unsupported and erroneous inference that alleged misstatements in 2014 were false or negligently made. But Mr. Gonzalez's views were not information known by—or knowable to—the individuals who made the 2014 statements that ACM challenges in this case.

## **CONCLUSION**

For the foregoing reasons, the Court should grant SS&C's motion *in limine* and exclude the testimony of Manuel Antonio Gonzalez.

| | |
|---|---|
| Dated: New York, New York<br>January 5, 2020 | Respectfully submitted,<br><br>PAUL, WEISS, RIFKIND, WHARTON &<br>  GARRISON LLP<br><br>By: *Jeannie S. Rhee*<br>     Robert A. Atkins (*admitted pro hac vice*)<br>     Jeannie S. Rhee (*admitted pro hac vice*)<br>     Jeffrey J. Recher (*admitted pro hac vice*)<br>     Joshua D. Kaye<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 373-3000<br>ratkins@paulweiss.com<br>jrhee@paulweiss.com<br>jrecher@paulweiss.com<br>jkaye@paulweiss.com<br><br>Kevin J. O'Connor (*admitted pro hac vice*)<br>Hinckley, Allen & Snyder LLP<br>28 State Street<br>Boston, MA 02109-1775<br>Telephone: (617) 378-4394<br>koconnor@hinckleyallen.com<br><br>Jeffrey J. Mirman<br>Alexa T. Millinger<br>Hinckley, Allen & Snyder LLP<br>20 Church Street, 18th Floor<br>Hartford, Connecticut 06103<br>Telephone: (860) 331-2762<br>jmirman@hinckleyallen.com<br>amillinger@hinckleyallen.com<br><br>*Attorneys for Defendant*<br>*SS&C Technologies, Inc.* |

4